IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONTY C. PEPPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-084-JJF |
| | ) |
| Warden THOMAS CARROLL, C/O | ) |
| BAMBI THOMAS, C/O JAMES | ) |
| GARDELS, C/O THOMAS SEACORD | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S PETITION FOR WRIT OF MANDAMUS, DOCKETED AS A MOTION FOR PERMANENT INJUNCTION**

**STATEMENT OF FACTS**

1.      Monty Pepper (hereinafter "Plaintiff"), is an inmate incarcerated with the State of Delaware Department of Correction (hereinafter "DOC") at the Delaware Correctional Center (hereinafter "DCC"), in Smyrna, Delaware.

2.      On or about February 15, 2005 Plaintiff's complaint was filed with the Federal District Court for the District of Delaware against Thomas Carroll, Bambi Thomas, James Gardels, Thomas Seacord, and Officers John and Jane Doe, who have since been dismissed from this case. (D.I. # 2). Defendants executed waivers and return of service between October 13, 2005 and October 21, 2005. Defendant James Gardels has not yet been served. Defendants responded to Plaintiff's Complaint with a Motion to Dismiss on January 26, 2005. (D.I. 34). On or about December 15, 2005, Plaintiff filed a document titled Writ of Mandamus, which the Court has docketed as a Motion for Permanent Injunction. (D.I. 25).

3.      Plaintiff filed this motion, which alleges facts that are similar to those in his Complaint, regarding his access to the law libraries at DCC. The Court has construed this as a Motion for

Permanent Injunction (D.I. 35).

## MEMORANDUM OF LAW

Defendants submit that Plaintiff fails to allege how any of the defendants denied him access to the law library, and he fails to meet the criteria for issuing a permanent injunction. In addition, Plaintiff fails to show any actual injury suffered due to what he alleges is lack of access to the law library. Finally, Plaintiff has not exhausted his administrative remedies regarding access to the law library under the Prison Litigation Reform Act. Accordingly, Plaintiff's motion should be denied.

**I.   PLAINTIFF DOES NOT ARTICULATE ANY FACTS NECESSARY TO ALLOW THE IMPOSITION OF A PERMAMNT INJUNCTION.**

Plaintiff brings this Petition for a Writ of Mandamus or a permanent injunction as part of the above captioned case. (D.I. 25). To prevail on a motion for a permanent injunction, the moving party, in this instance Plaintiff, must satisfy the following criteria: 1) actual success on the merits; 2) whether the moving party will be irreparably harmed by the denial of relief; 3) whether granting the requested relief will cause even greater harm to the non-moving party; and 4) whether granting the relief is in the public interest. *Shields v. Zuccarini*, 254 F.3d 476, 482 (3rd Cir. 2001). These criteria differ from the standard for a preliminary injunction only in respect to the requirement that the movant must show actual success on the merits, instead of a reasonable probability of success on the merits. *Brian B. ex rel Lois B. v. Pennsylvania Dep't of Edu.,* 230 F.3d 582, 583 (3rd Cir. 2000)(citing the standard for preliminary injunctions). Plaintiff provides no evidence to suggest he has actually prevailed on the merits of his case by a preponderance of the evidence. Nor has he even demonstrated that there is a reasonable probability that he will succeed on the merits. Further, Plaintiff does not provide evidence that he will be irreparably harmed without the requested relief. In addition, Plaintiff does not show

that granting an injunction will not create greater harm to Defendants, nor does he provide evidence that shows how granting the requested relief will be in the public interest.

An injunction is a request for prospective relief, or relief going forward. Plaintiff alleges that he has been injured by lack of access to the law library in his criminal case.[1] Plaintiff's criminal case has been completed. (*See* Superior Court Docket, attached as Exhibit "A"). Plaintiff accepted a guilty plea on August 16, 2004. (Exhibit A, D.I. 15). He filed to withdraw his guilty plea on November 24, 2004. He was sentenced on April 15, 2005. (*See* Sentencing Order, attached as Exhibit "B"). Plaintiff cannot demonstrate that he had any actual success in withdrawing his plea, or even that he had a reasonable probability of success on the merits. Because the case is completed, there is no prospective relief that can be granted under either a preliminary or permanent injunction. He is time barred from appealing the conviction. Because he failed to meet his burden on the first criteria for injunctive relief, there is no need to explore the other three factors required for injunctive relief with regard to Plaintiff's criminal conviction.

Plaintiff also makes claims regarding a civil action in the Superior Court of Kent County, a "Petition for Return of Property."[2] (*See* Docket attached as Exhibit "C"). Plaintiff provides no information about the case other than it involves property and it may require an appeal. With the paucity of information provided by Plaintiff he does not meet his burden of showing that with the demanded time in the law library that he will actually succeed or be likely to succeed in the case involving the return of property. Again, there is no need to explore the other three factors required for injunctive relief with regard to this case, because Plaintiff has not provided evidence to satisfy the first factor.

---

[1] Superior Court (New Castle County) Case I.D. # 0401017318.
[2] Superior Court (New Castle County) C.A. No. 05M-11-009.

Plaintiff next claims that he needs increased time in the law library to research claims involving "Ineffective Counsel Super Court," along with numerous other allegations which he lists. (Complaint, p. 6-10). However, Plaintiff is time barred from appealing his conviction. Pursuant to Delaware Supreme Court Rule 6(a)(ii), Plaintiff had thirty days after his sentenced was imposed to file a notice of direct appeal of his conviction. Under Superior Court Rule 61(i), Plaintiff has one year from the date of sentencing to assert any post conviction claims. Plaintiff also asserts that he needs time to research "Constitutional Questions of Law." (Complaint p. 8-9). However, he provides no more information than a list of topics he wishes to research, and does not tie them to nay particular case or motion. Without more, there is no evidence of Plaintiff's actual success or, in fact, reasonable probability of success on the merits of a case or motion that has not even been filed. Therefore, regarding his list of claims, Plaintiff has not met the first criteria for injunctive relief.

Finally, Plaintiff discusses his case filed in this Court. Again, Plaintiff makes a list of the allegations already filed in his Complaint and Amended Complaint. Plaintiff has the burden to provide evidence that he has or will succeed on the merits of this case. He has failed to meet the burden of providing evidence of irreparable harm if he is denied the extra time in the law library. Simply listing the claims he already put in his Complaint is not evidence of how he will be irreparably harmed if there is no injunctive relief. Plaintiff has not met his burden of providing any evidence that the non-moving party will not suffer greater harm if injunctive relief is imposed. Finally, Plaintiff has the burden of proving how his taking extended amounts of time in the law library is in the public interest. It may be in *his* interest, but giving him extra time takes time away from many others who also need access to this resource. The law library at DCC must accommodate the needs for legal services of a large number of inmates. The

resources are not inexhaustible. Granting one person large amounts of extra time means that some one else may get no time. Plaintiff, in this motion, does not provide evidence or a cogent argument for being allowed the extra time at the expense of others. Therefore, granting his request is not in the public interest.

II.    **PLAINTIFF FAILS TO DEMONSTRATE ANY ACTUAL INJURY DUE TO LIBRARY ACCESS.**

Plaintiff's allegations that he was denied access to the law library is without merit. Plaintiff does not allege any actual injury resulting from the purported denials.

Prison inmates have a constitutional right to access the courts under the First Amendment. *Bounds v. Smith,* 430 U.S. 817, 824-25 (1977). To state a cognizable claim for violation of the right to access to the courts, a prisoner must allege and offer proof that he suffered an "actual injury" as a result of the denial. *Oliver v. Fauver,* 118 F.3d 175, 177-78 (3d Cir. 1997). The United States Supreme Court has defined actual injury in the access to courts context as the loss or rejection of a nonfrivolous legal claim regarding sentencing or the conditions of confinement. *See Lewis v. Casey,* 518 U.S. 343, 351 (1996).

Here, Plaintiff submits only his dissatisfaction with the legal access policies and practices at DCC. Plaintiff does not does not show how his access to the law library kept him from timely filing a claim or defense, prevented him from meeting a statute of limitation, or caused him to miss a court-imposed deadline as a result of these policies. An examination of Plaintiff's actual law library use in the autumn of 2004, demonstrates that neither the policies of the institution, nor the actions of Defendants caused him an injury with regard to his court cases. (*See* Affidavit of Brian Engram, attached as Exhibit "D").

Plaintiff blames the law library at DCC for failing in his bid to withdraw his guilty plea. A look at the timeline for the autumn of 2004 shows that Plaintiff's allegation has no merit. Plaintiff accepted a guilty plea in his criminal case on August 16, 2004. Slightly over one month later, on September 18, 2004, he was moved to the SHU at his request. Inmates in SHU cannot go to the law library. They must request materials which are then sent to them. A log is kept of the materials each inmate requests. Plaintiff filed a motion to withdraw his plea on November 24, 2004. On November 29, 2004, *five days after* filing the motion, the first entry is recorded on the library log. (*See* Law Library Log, attached as Exhibit "E"). When Plaintiff did not request any materials from the law library before filing his motion, he cannot subsequently alleged that he suffered actual injury due to lack of access to the law library.

While in SHU, Plaintiff had access to the law library seventy-seven times, between November 29, 2004 and August 1, 2005. During that time period, the average turn around time for requests was five days. Plaintiff did receive copies of case law, which is routinely copied for inmates in SHU. After leaving the SHU, Plaintiff was allowed access to the main law library at DCC. He had forty appointments scheduled at the law library in approximately six months. (*See* Affidavit of Ed Johnson, attached as Exhibit "F" and library appointment list, attached as Exhibit "G"). He failed keep four of the appointments. Plaintiff had unscheduled sessions of approximately one hour and forty-five minutes in the morning at the law library, and two hours and twenty minutes in the afternoon when he had scheduled sessions. (Exhibit F, ¶6). As the Law library schedule shows, Plaintiff had six to eight hours per week in the law library. (Exhibit G). As the Supreme Court held in *Lewis*, more than vague allegations about the need for "information needed for my case" is required to state a claim for denial of access to the courts. Plaintiff provides no evidence that he suffered any actual injury due to issues of access to the law

library at DCC. Plaintiff does not provide evidence that access to the law library was the reason why some of his motions and cases failed. Therefore, Plaintiff's legal access claim must fail.[3]

### III. PLAINTIFF IS PRECLUDED FROM BRINGING SUIT BY OPERATION OF 42 U.S.C. § 1997(e), THE PRISON LITIGATION REFORM ACT.

The Plaintiff in this action brings a *pro se* complaint, filed while he was incarcerated, regarding the conditions of his confinement. The Plaintiff alleges claims under 42 U.S.C. § 1983. The Prison Litigation Reform Act ("PLRA") of 1995 became effective on April 26, 1996, and amended a variety of statutory provisions governing litigation by prisoners, specifically including those brought under 42 U.S.C. §1983. Accordingly, the PLRA is applicable to this matter.

### A) Plaintiff failed to exhaust administrative remedies as required by the PLRA.

The PLRA contains an "exhaustion of remedies" requirement. 42 U.S.C. §1997e(a) provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Plaintiff's complaint is clearly subject to §1997e(a)'s exhaustion of remedies requirement. In its two most recent opportunities to address challenges to the PLRA's exhaustion requirement, the Supreme Court emphatically rejected efforts to chip away at the scope of the exhaustion requirement. *See* Porter v. Nussle, 534 U.S. 516, 532 (2002) (§1997e(a) is applicable to all inmate claims except those challenging the fact or duration of confinement), and Booth v. Churner, 532 U.S. 731, 741 (2001) (inmates must exhaust available remedies with prison

---

[3] The very fact that these matters are being litigated serves to demonstrate the absence of actual injury in relation to Plaintiff's legal access claim. Plaintiff was clearly capable of accessing the District Court for the purposes of this litigation.

officials regardless of the availability of monetary relief in such administrative proceedings). The Third Circuit has held that exhaustion of administrative remedies is an affirmative defense, not a pre-condition to suit. Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002). The United States Supreme Court requires a plaintiff to exhaust administrative remedies even where the grievance process would not provide him with the remedy that he is seeking in his federal court action. Booth v. Churner, 206 F.3d at 294-295; *See also* Nyhuis v. Reno, 204 F.3d 65, 71 (3d Cir.2000) (holding that there is no "futility" exception to the prisoner exhaustion requirement). Most recently, the Third Circuit has again revisited and strengthened the PLRA's administrative exhaustion requirement by reading into the Act a "procedural default" component. Accordingly, an inmate is required to follow the grievance process through every appellate step in order to properly exhaust administrative remedies. *See* Spruill v. Gillis, 372 F.3d 218, 230 (3d Cir. 2004)(The PLRA's "goals are obviously served by a procedural default rule because such a rule prevents an end-run around the exhaustion requirement").

In the instant action, Plaintiff entirely failed to avail himself of available appellate procedure regarding his grievances and thus has procedurally defaulted. According to the rule in *Spruill*, a Plaintiff procedurally defaults when he fails to carry the grievance process to it's administrative conclusion. *Id.* The Plaintiff indeed filed a grievance regarding the law library. However, plaintiff has failed to follow through on the appeals process to its conclusion. (See Grievance Report, attached as Exhibit "H").

DCC has a grievance process and procedure and it is codified at DOC Procedure Number 4.4, entitled "Inmate Grievance Procedure." (*See* Grievance Procedure, attached as Exhibit "I"). Pursuant to this procedure, an inmate who wishes to grieve a particular issue must express the grievance in writing. The grievance process is separated into three steps. The first step involves

review of the grievance by the Institutional Grievance Chair ("IGC"). If unresolved at this initial stage, the grievant is then entitled to a hearing before the Resident Grievance Committee ("RGC"). The RGC then arrives at a conclusion which is forwarded to the Warden or the Warden's designee for their review and concurrence. If the RGC fails to obtain the concurrence of the Warden, an inmate is entitled to review of the matter by the Bureau Grievance Officer ("BGO"). When all of these steps are completed, an inmate has exhausted all available administrative remedies.

The mere filing of a grievance is insufficient to satisfy the PLRA's exhaustion requirement. The content of the grievance must be reviewed to determine whether the specific subject matter raised by the instant suit has actually been grieved. Id. 372 F.3d at 234, 235. Plaintiff did not avail himself of all available administrative appellate remedies. This failure is precisely what the holding in *Spruill* aims to address. A plaintiff who fails to exhaust all available grievance procedures, including available appeals, cannot be said to have exhausted administrative remedies. Because Plaintiff failed to complete the appeals process, he failed to exhaust administrative remedies.

WHEREFORE, because Plaintiff has not met any criteria for his denial of access to the law library claim and fails to demonstrate how Defendants played any role in his access to the law library, Defendants request that this Honorable Court deny Plaintiff's motion for injunctive relief

                                            STATE OF DELAWARE
                                            DEPARTMENT OF JUSTICE


                                            /s/ Lisa Barchi
                                            Lisa Barchi  # 3927
                                            Deputy Attorney General

Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400
lisa.barchi@state.de.us

DATE:  February 13, 2006

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MONTY C. PEPPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-084-JJF |
| | ) | |
| Warden THOMAS CARROLL, C/O | ) | |
| BAMBI THOMAS, C/O JAMES | ) | |
| GARDELS, C/O THOMAS SEACORD | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

AND NOW, this _____ day of _____, 2006, the Writ of Mandamus, docketed as a Motion for Permanent Injunction, and Defendants' Objection to Plaintiff's Motion, in the above-captioned matter having been duly considered,

    IT IS ORDERED that the Plaintiff's Motion is DENIED.


_____
The Honorable Joseph J. Farnan, Judge
United States District Court

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2006 I electronically filed *Defendants' Objection To Plaintiff's Petition For Writ Of Mandamus, Docketed As A Motion For Permanent Injunction* with the Clerk of Court using CM/ECF.  I hereby certify that on February 13, 2006, I have mailed by United States Postal Service, the document to the following non-registered participant:

Monty Pepper
SBI # 156920
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

/s/ Lisa Barchi
Lisa Barchi  # 3927
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400
lisa.barchi@state.de.us