IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONTY C. PEPPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-084-JJF |
| | ) |
| Warden THOMAS CARROLL, C/O | ) |
| BAMBI THOMAS, C/O JAMES | ) |
| GARDELS, C/O THOMAS SEACORD | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER WITHOUT NOTICE AND FOR PRELIMINARY INJUNCTION and NOTICE OF EMERGENCY MOTION INJUNCTION and/or SUMMARY JUDGMENT OR RELIEF**

**STATEMENT OF FACTS**

1. Monty Pepper ("Plaintiff"), is an inmate incarcerated with the State of Delaware Department of Correction ("DOC") at the Delaware Correctional Center ("DCC"), in Smyrna, Delaware.

2. On or about February 15, 2005 Plaintiff's complaint was filed with the Federal District Court for the District of Delaware against Thomas Carroll, Bambi Thomas, James Gardels, Thomas Seacord, and Officers John and Jane Doe, who have since been dismissed from this case. (D.I. # 2). On June 29, 2005, Plaintiff filed Notice of Emergency Motion Injunction and/or Summary Judgment or Relief. (D.I. 8). Approximately one week later, on July 6, 2005, Plaintiff filed a Motion for Temporary Restraining Order without Notice and for Preliminary Injunction. (D.I. 12). Defendants executed waivers and return of service between October 13, 2005 and October 21, 2005. Defendant James Gardels has not yet been served. Defendants responded to Plaintiff's Complaint with a Motion to Dismiss on January 26, 2005. (D.I. 34).

3.      In the motions he filed on June 29, 2005 and July 6, 2005, Plaintiff alleges facts that are similar to those in his Complaint, regarding abusive language, lack of recreational activities, and tampering with food, among other claims. (D.I. 8 and 12).

4.      On or about August 2, 2005, Plaintiff moved out of the Security Housing Unit ("SHU") at the Delaware Correctional Center ("DCC"), and into a minimum security housing at the institution. (*See* Housing Record, attached as Exhibit "A").

## MEMORANDUM OF LAW

Because Plaintiff's allegations and requests in both of his motions (D.I. 8 and 12) are similar, Defendants are combining their response to each of the two motions in one Answer. On August 2, 2005 Plaintiff was moved out of the SHU to the less restrictive environment of the minimum security unit, making his allegations in the motions filed June 29, 2005 and July 6, 2005 moot.

**I.    PLAINTIFF'S MOTION FOR A TRO AND PRELIMINARY INJUNCTION DOES NOT MEET THE CRITERIA FOR THOSE REMEDIES.**

Plaintiff has the burden to show that he meets to criteria for granting the extraordinary relief of a temporary restraining order ("TRO") or preliminary injunction. He has failed to meet that burden when he did not demonstrate how he meets the criteria required to grant a TRO or preliminary injunction. Parties seeking a TRO or preliminary injunction must show four factors: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting the preliminary relief will not result in even greater harm to the non-moving party; and (4) that the public interest favors such relief." *KOS Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 709 (3rd Cir. 2004). The moving party must provide evidence sufficient to meet all four factors. *American Tel. & tel. Co. v. Winback & Conserve Program*,

Inc. 62 F.3d 1421, 1427 (3rd Cir. 1997). In addition, the threat of harm must be immediate. Fed. R. Civ. P. 65(b).

When evaluating Plaintiff's request for extraordinary relief, no evidence is provided to support the likelihood of his success on the merits of this case. Plaintiff simply makes a list of allegations that frequently lack one or more fact concerning dates, places, or people involved. Further, he provides no evidence to support his allegations. The allegations Plaintiff makes do not rise to the level of constitutional violations. In this case, Plaintiff was taken into protective custody in the SHU at his request, complained bitterly about the restrictions and staff in his Complaint, and in these Motions, and then left protective custody in August, 2005. Plaintiff's allegations in these motions range from verbal abuse, to allegations of tampering with his food[1], to not receiving toilet paper. However, as stated in Defendants' Motion to Dismiss, the verbal abuse and threats alleged by Plaintiff do not create an Eighth Amendment violation. "[A]cts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth Amendment." *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001). Plaintiff provides no evidence in these motions that the housing rules in the SHU are not logically related to a legitimate penological interest, and thus a violation of his constitutional rights. *Turner v. Safley*, 482 U.S. 78, 79 (1987). Defendants have provided evidence in the Motion to Dismiss, in their Answer to Plaintiff's Petition for Writ of Mandamus, and this Answer, that demonstrates that Plaintiff's claims have no merit. Therefore, based on the contents of his Complaint and these motions, Plaintiff does not demonstrate that he is likely to succeed on the merits of his case.

When examining the second factor required for injunctive relief, irreparable harm if the

---

[1] Plaintiff state is his Emergency Motion (D.I.8) that "don't know if they spit in my food or not". This is evidence of Plaintiff's speculation about what he seems to believe others *might* do.

relief is not granted, Plaintiff also fails to meet his burden. In this motion, Plaintiff focuses most of his ire on Officer Thomas. However, Officer Thomas works exclusively in the SHU. (*See* Affidavit of Bambi Thomas, attached as Exhibit "B"). When Plaintiff was moved out of the SHU, he no longer had any contact with Officer Thomas. In his motions, the conditions he alleges existed, from verbal abuse to food tampering, among other things, no longer exist. Plaintiff is no longer in that environment, and thus fails to show any threat of immediate or irreparable harm.

Plaintiff has not met his burden to show how granting the requested relief will not create a greater harm to Defendants, nor has he demonstrated how granting him the requested relief is in the public interest. As to the last factor, the restrictive rules of the SHU, which appear to be the genesis of most of Plaintiff's allegations, are in place for the safety and security of vulnerable inmates, staff, and the public. The rules are related to a legitimate penological interest, and thus Plaintiff's requested relief does not favor the public interest. Plaintiff has failed to provide anything more than allegations in support of his request for injunctive relief. Without more, this extraordinary remedy cannot be granted.

## II. PLAINTIFF'S MOTION FOR A TRO AND PRELIMINARY INJUNCTION IS MOOT.

Plaintiff filed these motions on June 29, 2005 and July 6, 2005. (D.I. 8 and 12). He left the SHU on August 2, Plaintiff's motions center on his dissatisfaction with the rules, procedures, and staff in the SHU. He is no longer housed there and in his current housing unit does not have the same rules or staff. Thus, his motion for injunctive relief is moot. Injunctive relief is available only when there is an active dispute between the parties. *McKinney v. C/O Guthrie*, No. 1:CV-01-2088, 2005 WL 2304327 at *1 (M.D. Pa Sept. 21, 2005)(citing *Donovan ex rel Donovan v. Punxsutawney Area School Bd.*, 336 F.3d 211, 216 (3rd Cir. 2003). (*See* copy of

*McKinney v. C/O Guthrie*, attached as Exhibit "C"). In *McKinney,* an inmate requested injunctive relief directed at a correctional facility, but was transferred, making his motion moot. Like the circumstances in *McKinney*, Plaintiff wants an order directed at DCC, but he no longer is in the SHU, the focus of most of his allegations. Plaintiff has not demonstrated that he is suffering any continuing harm due to his stay in SHU. Therefore, his request for injunctive relief is moot.

### III. PLAINTIFF'S CLAIMS DO NOT RISE TO THE LEVEL OF IMMINENT DANGER.

In his Emergency Motion for Injunction, Plaintiff makes allegations of "malicious an sadistic" [sic] treatment. (D.I. 8, p. 3). However, his allegations that he had crusts of bread in his cell for two days, "squashed" hot dog rolls, he had a cell shakedown, and that Officer Thomas called him a child molester. (D.I. 8, *passim*). Plaintiff fails to allege any threat of serious physical harm. In fact, Plaintiff alleges only that he wants an injunction to prevent "the 'imminat [sic] attack' I feel is comming[sic]." (D.I. 8, p. 5). This statement, along with his other allegations, do not meet Plaintiff's burden to show that he is in imminent danger of serious physical harm. To prevail on a claim of imminent danger, the plaintiff must establish that the danger was "imminent at the time the complaint is filed." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3rd Cir. 2001). The Court in *Abdul-Akbar* held that imminent dangers "are those dangers which are about to occur at any moment or are impending…not those harms that had already occurred." *Id.* at 315. The focus is "on the risk that the conduct complained of threatens continuing or future injury not on whether the inmate deserves a remedy for past misconduct." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). The danger that is imminent must be a risk of serious physical injury or harm. *Id.*

In his motion, Plaintiff does not allege any action by the officers that amounts to a threat

of serious physical injury. In addition, his motion refers to events that he alleges already occurred. The cell shakedown is a common part of prison life and Plaintiff does not show how the shakedown was a threat of serious physical harm or injury. (*See* Incident Report and Disciplinary report, attached as Exhibit "D"). Plaintiff makes an allegation about two bread crusts that he had in his cell for two days, and "squashed" hot dog rolls. In neither instances does he explain how these items present a threat of serious physical injury or harm to him. Further, Defendant Thomas denies that she ever called Plaintiff a child molester. (Exhibit B). None of the allegations Plaintiff makes meet the standard that the alleged conduct by the officers creates a risk of continuing injury or impending harm. In addition to his allegations not meeting the standard for a claim of imminent danger, when Plaintiff left the SHU, he was no longer exposed to the same correctional officers and could get his own food in the chow hall. Thus, his claim of imminent danger is moot, and not eligible for a grant of injunctive relief.

**IV.    PLAINTIFF HAS NOT SUFFERED RETALIATION.**

Plaintiff's allegations of retaliation are without merit. A prisoner alleging violation of his Constitutional rights due to retaliation against him must show: (1) "the conduct which led to the alleged retaliation was constitutionally protected"; (2) "he suffered some 'adverse action' at the hands of the prison officials"; and (3) a causal link between the exercise of the constitutional right and the adverse action. *Rauser v. Horn,* 241 F.3d 330, 333 (3d Cir. 2001)(citations omitted).

Plaintiff starts his Emergency Motion by claiming that Defendants are retaliating against him for filing this lawsuit. However, when the motion was filed, June 29, 2005, Defendants had not been served with the suit, and would have no knowledge of a lawsuit. Therefore, Plaintiff's allegations regarding retaliation for filing a lawsuit are without merit.

The grievance reports that Plaintiff attaches to his Emergency Motion, in which it appears he is attempting to show a violation of a constitutional right, do not rise to the level of a constitutional violation. As stated in Defendants' Motion to Dismiss, what Plaintiff considers verbal abuse is not a constitutional violation.

The fact that he does not get a razor when he wants one, is not a violation of any of Plaintiff's constitutional rights. Prison regulations which limit inmates' access and activity are constitutional if the regulation is reasonably related to a legitimate penological interest. *Turner v. Safley*, 482 U.S. 78, 79 (1987). "[T]he burden is not on the state to prove the validity of the challenged prison regulation but instead is on the inmate to disprove it." Overton v. Bazzetta, 539 U.S. 126, 132 (2003). The limitations on distribution of razors is not retaliation for filing a lawsuit that had yet to be served on Defendants, but rather a rule reasonably related to the legitimate penological interest of prison safety and security. Plaintiff has not his burden to prove otherwise.

**V.    PLAINTIFF'S REQUEST FOR SUMMARY JUDGMENT IS PREMATURE.**

Plaintiff requests summary judgment in his motion filed on June 29, 2005. However, he must wait until Defendants have been served with the Complaint before requesting this relief. The Court must find that there is no genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). No decision can be rendered about the existence of a genuine issue of fact until the opposing party has been served with the Complaint. Summary judgment is permitted under Federal Rules of Civil Procedure 56(e) when more than mere pleadings are offered for evaluation by the Court. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). At the stage Plaintiff was asking for summary judgment there was nothing other than Plaintiff's pleadings available.

WHEREFORE, Defendants request that this Honorable Court enter an order denying Plaintiff's Motion for Temporary Restraining Order Without Notice and for Preliminary Injunction, and his Notice of Emergency Motion Injunction and/or Summary Judgment or Relief.

    STATE OF DELAWARE
    DEPARTMENT OF JUSTICE

    /s/ Lisa Barchi
    Deputy Attorney General
    Department of Justice
    820 N. French Street, 6th floor
    Wilmington, DE 19801
    (302) 577-8400
    lisa.barchi@state.de.us

Date: February 17, 2006

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONTY C. PEPPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-084-JJF |
| | ) |
| Warden THOMAS CARROLL, C/O | ) |
| BAMBI THOMAS, C/O JAMES | ) |
| GARDELS, C/O THOMAS SEACORD | ) |
| | ) |
| Defendants. | ) |

**ORDER**

AND NOW, this _____ day of _____, 2006, Plaintiff's Motion for Temporary Restraining Order without Notice and for Preliminary Injection, and Notice of Emergency Motion Injunction and/or Summary Judgment or Relief, and Defendants' Objections to Plaintiff's Motions, in the above-captioned matter having been duly considered,

IT IS ORDERED that the Plaintiff's Motions are DENIED.

_____
The Honorable Joseph J. Farnan, Judge
United States District Court

**CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2006, I electronically filed *Defendants' Objection To Plaintiff's Motion for Temporary Restraining Order without Notice and for Preliminary Injunction, and Notice of Emergency Motion Injunction and/or Summary Judgment or Relief* with the Clerk of Court using CM/ECF. I hereby certify that on February 17, 2006, I have mailed by United States Postal Service, the document to the following non-registered participant:

Monty Pepper
SBI # 156920
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

/s/ Lisa Barchi
Lisa Barchi  # 3927
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400
lisa.barchi@state.de.us