Westlaw.

Slip Copy

Page 1

Slip Copy, 2005 WL 2304327 (M.D.Pa.)
**(Cite as: Slip Copy)**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,M.D. Pennsylvania.
Derrick MCKINNEY, Plaintiff
v.
C/O GUTHRIE, et al., Defendants
**No. 1:CV-01-2088.**

Sept. 21, 2005.

Derrick McKinney, Graterford, PA, pro se.
Francis R. Filipi, Harrisburg, PA, for Defendants.

*ORDER*

RAMBO, J.

*1 Derrick McKinney, an inmate presently confined at the State Correctional Institution at Graterford ("Graterford"), Pennsylvania, initiated this *pro se* action with a civil rights complaint (Doc. 1) filed pursuant to 42 U.S.C. § 1983. Named as Defendants are the following officials at the State Correctional Institution-Camp Hill, Pennsylvania ("SCI-Camp Hill"): Unit Manager William Ward, and Corrections Officers Guthrie, Wise, Stender, Zihmer, and Bloor. Plaintiff claims that while previously incarcerated at SCI-Camp Hill, Ward instructed the remaining Defendants to assault Plaintiff on December 21, 1999, and again on December 23, 1999. Plaintiff claims that the alleged assaults violated his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution. Presently before the court is Plaintiff's motion for injunctive relief, in which Plaintiff seeks an order directed to SCI-Camp Hill: (1) enjoining Defendants from retaliatory acts against Plaintiff; (2) directing transfer of Plaintiff from SCI-Camp Hill; [FN1] (3) restoring Plaintiff's commissary privileges; (4) restoring Plaintiff's access to the library and his inmate account; and (5) permitting Plaintiff access to an extra box of legal materials (more than the one box permitted).

FN1. Although McKinney was incarcerated at SCI-Camp Hill, he was apparently transferred to Cumberland County Prison (Doc. 12), to the Greene State Correctional Institution ("SCI-Greene") (Doc. 47), to SCI-Pittsburgh (Doc. 57), back to SCI-Greene (Doc. 58), back to SCI-Camp Hill (Doc. 81), and most recently to Graterford (Doc. 91).

Plaintiff has notified the court that he was transferred to Graterford (Doc. 91) on or about August 4, 2005, and he is no longer housed at SCI-Camp Hill, thereby rendering moot his motion for injunctive relief. When ruling on a motion for preliminary injunction, the moving party must convince the court that "consideration of the four following factors favors the granting of preliminary relief: (1) the likelihood that the moving party will succeed on the merits; (2) the extent to which the moving party will suffer irreparable harm without injunctive relief; (3) the extent to which the nonmoving party will suffer irreparable harm if the injunction is issued; and (4) the public interest." *Shire U.S. Inc. v. Barr Laboratories, Inc.,* 329 F.3d 348, 352 (3d Cir.2003) (citation omitted). With respect to irreparable harm to the moving party, the primary inquiry for a motion seeking injunctive relief is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is *to be issued. SI Handling Sys., Inc. v. Heisley,* 753 F.2d 1244, 1264 (3d Cir.1985). The availability of injunctive relief depends on whether there is a live dispute between the parties. *Donovan ex rel. Donovan v. Punxsutawney Area School Bd.,* 336 F.3d 211, 216 (3d Cir.2003). Absent a showing of continuing adverse effects, an inmate's request for injunctive relief no longer presents an actual controversy after the inmate is transferred to another institution. *Winsett v. McGinnes,* 617 F.2d 996, 1004 (3d Cir.1980).

Plaintiff is no longer housed at SCI-Camp Hill, and

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                        Page 2
Slip Copy, 2005 WL 2304327 (M.D.Pa.)
**(Cite as: Slip Copy)**

there is nothing in the record to indicate that he is likely to be returned to that facility in the future. Thus, he is no longer subject to the conditions which are the focus of his motion for injunctive relief. Since Plaintiff is not suffering any apparent continuing adverse effects as a result of his prior confinement at SCI-Camp Hill, his request for injunctive relief is moot under the standards set forth in *Donovan* and *Winsett,* and the motion will be denied.

*2 IT IS THEREFORE ORDERED THAT Plaintiff's motion for preliminary injunction/temporary restraining order (Doc. 82) is DENIED.

M.D.Pa.,2005.
McKinney v. Guthrie
Slip Copy, 2005 WL 2304327 (M.D.Pa.)

Briefs and Other Related Documents (Back to top)

• 1:01cv02088 (Docket) (Nov. 02, 2001)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.