IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

```
MONTY C PEPPER            )
       V                  )
THOMAS CARROLL            )
BAMBI THOMAS              )        C.A.No  05-084-JJF
JAMES GARDELS             )
THOMAS SEACORD            )
```

PLEASE TAKE NOTICE that the attached - Memorandum of fact in support of writ of Mandams _____ isherewith presented to Court for consideration

PLAINTIFFin filing on or about Febuary 15 2005 a complaint was filed in Fedral District Court for the District of Delaware against Thomas Carroll Bambi Thomas James Gardels Thomas Seacord case(D.I.2 )

PLAINTIFF in ansureing Reply _____ the above presents this to the COURT

DATED THIS DAY 2 3 OF Febuary 2006

MONTY C PEPPER
1181paddock Rd
Smyrna DEL 19977



FILED

FEB 2 8 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE


MONTY C. PEPPER
            Plaintiff

        Vs.                                    C.A.No: 05-084-JJF

THOMAS CARROLL et.al.


### Memorandum of Fact

Now Comes Plaintiff To reply To Defendants objection To DI 25 writ of Mandamas which The Court considers a Permanet Injunction on 12/15/2005


I    Defendants argue That Plaintiff has Failed To exhaust his administrative remedy under The Prison Litigation Reform act (as in III of Defendants motion)

The P.L.R.A. under 42 USC § 1997e (a) provides no action shall be brought with respect To prison "conditions" under section 1983 of This Title or any other Fedral law by a "prisoner confined in any Jail prison or other correctional facility until such "administrative remedies as are available are exhausted"


Plaintiff asserts That The right To access The courts is a "Fundamental right" and as such is not a "condition" of a prison as described in 42 U.S.C. 1997e (a)


The right To access The court is a Fundamental right

guarinTeed by The 1st AmendmenT 6th AmendmenT and 14Th AmendmenT and dose noT fall under The P L R A requirements

However PlainTiff asserTs ThaT weaTher or noT Access To The CourTs fall within The P.L.R.A.'s scope he made a "good faiTh efforT" To exhausT adminsTraTive remedy Through The Grievance process . ( ExhibiT B ) however The facT is This process aT Delaware CorrecTional CenTer (D.C.C) has fallen below The rules puT fourTh in Grivance Procedure 4.4 (ExhibiT A) and have become ~~off Time~~ ineffecTive and remedy can noT be obTained wiThin The required Time in Rule V (3) or meaning ( "shall afford The gravanT a meaningful remedy" " wiThin a reasonable specified Time period") and Rule V 7

(The "maximum" period beTween iniTial grierance receipT and final appeal shall noT exceed 180 days") and Level I (I.G.C.) informal ResoluTion where The housing superviser would be given a copy in 2 day of recipT aTTempT To remedy and reporT wiThin 3 days form 175. Level II The R.G.C. will convene wiThin 30 days of (Level I) compleaT receipT IGC) I.G.C. receipT of The Grievance To examin The issue and documenTed invesTigaTion daTa form 175 here TesTemony and make recommendaTion" The GrievanT will be offered The opporTuniTy To parTicipaTe in The R.G.C.

hearing") ecT ...

As (Exhibit B) grivance no# 19576 which was filed on 10/19/2005 and Level I, was conducted 1/24/2006 some 98 days later. Plaintiff filed writ of Mandamas on 12/15/2005 60 days after attempting remedy through D.C.C. Grivance process where remedy as in (Exhibit C) shows that no consideration to remedy the issue was taken and as such this will move to Level II. This is the status that the grivance no#19576 is at now, some 119 days later, as (Exhibits D throu ) show that many grivances are checked non greévancable and ends remedy others have no remedy for upwards of 250 to 450 days and "all" are denied with out any meaningful remedy (Exhibit E)

Plaintiff there by considers any meaningfull remedy has been in good faith attempted and as in (Feliciono V Goord 1998 wl 436358)

"Prisoners who are thwarted by Prison officials in their attempts to exhaust adminstrative remedies are excused from exhaustion requirement"

And as in (Farquhar v Hamlet WL 680683 ND Cal 2001 Sweet V Cooper WLs 629495 2001 Ware V Thehone WLs 680225 nD cal 2001 Pritchett v Page WL 1838150 nD Ill 2002 ) "State prisoner exhausted when officers said non grivancable and prisoner purportedly recived no response from grivance's "

PlainTiFF has "exhausted all available remedy". where wateing another 100 or 200 days To go Through Level II and Level III and appeal will be FruTeless. Where in Casanova v Dubois 304 F 3d 75 (1 Cir 2002) The courT held ThaT when D.O.C. of mass, TreaTed gravances as non grievancable exhausted remedy

FuTher in (ExhibiT c) a ansure has been given To denie any exTria Time in The law Library and as in Camp v Brennan 219 F3d 279 (3ed cir 2000) The courT found "

> "if inmaTe has already received an answer To his complainT There is auThoreTy for The proposition ThaT such an inmaTe has exhausTed his remedies and There is no need for The inmaTe To Jump Through any FuTher adminsTraTive hoops To geT The same ansure "

II Defendants conTend ThaT PlainTiFFs criminal case is closed', and Barred from appeal, and Barred of PosT Conviction relife where DefendanTs conTend PlainTiFF had only one year To do so. FirsT plainTiff was senTenced before Superior CourT Rule 61(i) 1year Rule Took effecT, and has 3 years To File posT conviction relife and is not Barred

PlainTiFF's Failure To File appeal was barred by The

plea on T.I.S. sheet question ( ) and counsel failed to file appeal of sentence as well as to many other errors.

" Plaintiff was harmed by D.C.C. and Defendant Carroll by restricting access to law to "confirm ineffectiveness" of counsels Beth Savitz esq and Sheryl Rush Milstead who neither would take the time to inform the Plaintiff of law or legal stradigety as to his case and made numours errors " Due to these errors

Plaintiff on Jan 30 2006 filed Motion for Post Conviction relief (Exhibit F ) which in it self contains only part of of the arguments which Plaintiff wanted to address and only what the Plaintiff could gather and research in limeted time in the law Library . This is active and plaintiff is still working on other constitutional issues (Exhibit G) that have merits . Further Plaintiff has filed "Petition for Return of Property " again This's motion contains only Part of what Plaintiff could gather from Law Library to address his case . again This case has merits and was Presented to Commissioner            for redress (Exhibit H) . The " Petition For Return of Property " (Exhibit H) will in the future " if not denied " have a hearing and Plaintiff will need adequate legal Knolage and court Rules to prevail on any argument This can only be done by research

As well as Plaintiffs Post Conviction where amended

complaint and arguments need to be added

Futher more Plaintiff has the instant case 05-084-JJF That is a exteramly important case as abuses are "criminal" not just a denial of Constitutional rights. Plaintiff was detered from filing charges of Terreristoc Threatning on guards as well as retaliation from filing grivences as well as abuse That amounted to Torture, mentaly, and physically, and denial of access to Courts and counsel That was purposly, maliciously intensely done to Plaintiff to harm. This was done in "enjoyment" by the Defendants and has been attempted to be covered up as affidavits false statements will show.

Plaintiff can not prevail with out adequate meaningfull access to Law Library research.. or appointed Counsel

Plaintiff will be appealing any adverse decisions and will need access then and before for appeals Court 3 district

Plaintiff asserts That the Loss of motion 61 Post Conviction would cause Plaintiff to be denied Justice as to counsels failures and ineffectiveness as well as Sentence Recommendation was not fallowed or fullfilled and did cause prejudice and failure for Court and Counsel to adhear to Superior Court Rule 32(n)(3) caused prejudice in effect withdraw of Plea Specific Preformance or Re sentencing is in order if denied the undust sentence would stand 13½ years over Plea

Plaintiff asserts That Loss of "Petition for Return of Property" would result in injustice where Property in queston was not used in any crime and not implacted in any crime, and was kept against Superior Court Rule 11&23 11 and Rule 40

One of The computers in queston belonges To my son Matthew Pepper as a single Father my son was in my placement from 1995 unTill date 2004 he is 11 now. The harm would be Plain injustice, harm To my son's property Police and Procution Failure To adhear To Rules and law withouT any correction or punshment and will affect others (Public) with The same injustice

Plaintiff in Constitutional questons of law affect The public as much as The Plaintiff where The state has used marrage To exempts one from rape charges under Del law 11 770. 13 123 allows for marrage 12 years and up. Also dealing under 11s11 09 is over broad. Where any one of These can provide Justice To The Plaintiff and more will supply Facts if needed (Exhibit G)

. These were not included in 61 motion because They are incomplete but also Plaintiff wants (no impression on lack of remorse) where The Plaintiff has and had a "sexual addiction" To The internet Porn which he "sought help for" and Plaintiff counsel failed To put fourth any mitigating Facts in his favior Plaintiff was devestated at The loss of his Son

The Court Took nothing in To account because of Counsel (see 61motion)

Exhibit F

Finally The failure of The instant case 05-084-JJF would allow for abuses To continue Those responsable To excape criminal charges. With out The instalation of video-recording video on Teirs ect will allow danger To inmates as well as Prison Officals To go unchecked and no way for remedy where To day if a inmate is attacted he gets a write up To. where unruley inmates go unchallenged and Falsse accusations would be a Thing of The past "increasing security" for all in The Prison. and delivering a Just way To ConfronT on going abuse

Where officers Taunts unlike The defendanTs conTend are harmless are a "extrime Security Risk" To inmates as well as guards and on release (The public). Denial of "Meaning full rehibiltation" is directly against Del Code 11 § 201 and indangers The public and The inmates upon release as a repeat offender and would save The public money

Gouging of commisary is fundamentaly unJust and sets a example To inmates That The STaTe is unfair unJust and uncairing as well as damage To "familys" where most inmates money's come from The "Family" high prices also cause a black markett and a easly decised barter item Lower prices would Take more items. Punitive compensitory, mental, damages, would cause The Prison officals To conform To rules and inforce Them. Medical as shown in other cases of death has exTream negative results when They fail To fallow rules. AT a loss of This case would cause damage To public familys and inmates and officals all would be harmed aT a Loss of The instant Case

Plaintiff has shown That he has attempted in goodfaith To exhaust remedy. Plaintiff has shown That he has on going cases in state Criminal Court state Civil Court and US District Court which all have merit ~~ba~~ and all can be won

Plaintiff has shown That The harm of The cases above are verry important and not frivioles, and without relife from The instant Mandamas / Perment Injuction The Plaintiff will Fail not To succed. As Proof To This issue Plaintiff put Fourth (Exhibit I) This is how case law Rules and Cite Cases and Del Code are "copyed" no photo copys allowed even Though Supreme Court Rule 15 b (6) The court wants Photo Copyed case law and even defendants have included photo copyed law This puts The plaintiff at a surere disavantage and unequal Footing

As (Exhibit I) shows how long ie how much Time is invested in copying, additional evedance avalable, Time date on each page

Photo copying alone would releave any congestion in The law library Mr Johnson refuses. The copying of law Takes 2/3 of The Plaintiff Law Library Time

As To showing That The defendants Carroll would be harmed or not Plaintiff puts Fourth The Fallowing Fact

First (Exhibit J) mr Johnson's Affidavit

he First contend in statement 3 That "request for The days They wish To use The Law Library" is unTrue only 2 days a week are allowed in V building at The Time of This

motion That was wednesday at 9.45 - 2:20 and ~~they~~ Fridays 7.30 - 9.20 no other days allowed That was 4 hr 2 min on Wed and 1:hr 20 min now being in D building he gets 9.45 - 2.20 on Tuesday and Thursday only no extra Time. mr Johnson says in his affidavt That extra Time is given yet Plaintiff and others are not afforted extra Time, in statement 4# mr Johnson states That room is limited yet one room approxementTly 20' by 30' goes unused and computers That are in boxes That are not used and are suposTo be for Typing legal wook. how ever as (Exhibit K) shows 20 inmaTes is verry rare and normaly only 5 To 10 inmaTes, 10th Friday Plaintiff and only one other inmate were presant

#5  Plaintiff would request records if needed

#6  Times staTed are accurate buT in The hour and a half in The morning Plaintiff and others only can check books out "one Time" untill after lunch at 12:00

(Statement This in stat#7 From ~~the~~ - Aug - Feb approxamenTly 320 hours for a six monTh period some 180 days  This would appear To be alot of Time excepT most Time is used To copy case law Rules and Delaware Code and other legan meTeral as shown in ExhibiT which conTains a Time on each page

As To Brian Engrem s Affidavit (Exhibit L) As in #3  staTement "They must requesT law library services"

The law library service in The ~~shu~~ S.H.U. is a page
system where only pages of law or case law no books only
chapters or pages. There no face To face meeting with
Para legals. As a person with "no" law experance Plaintiff
had no Idea what To ask for or which direction To go
As on Apr 2004 Plaintiff s counsel filed a motion To withdraw
(Exhibit ) and as counselfailed To present any effort in That
motion. at The same Time Plaintiff fired counsel a payed
attorney for failing To investigate abuse of search warrant and
failure To investigate discovery as well as other errors as well as
failing To attack Prosecutional Vindictive misconduct, As such
Plaintiff case was Delayed for four Months and in This Time
~~when~~ was when Defendants denied Plaintiff legal calls
and not unTill Feb 2005 was counsel appointed and Then case
was delayed again for 2 months again Defendants faile To
allow Phone calls To Lawer, Plaintiff Due To first Counsel
failure To inform Plaintiff of law and charges with respect To
law and failed in obvious mistakes and came To court compleatly
unprepaired, This was why Plaintiff had To research his
rights as well as The abuse and denial of constitutional

rights By The defendants where even after The
court was notified of The abuses and denials (Exhibit )
and counsel was Told public Defender Sheryl Rush Milsted
she informed ThaT her boss Lawance Sullivan would not allow
attorneys To help Their cliants with abuses in D.CC.
yet They were fully aware

As in staTement 5# Brian Engram states ThaT Turn around
Time is 3 To 5 days This in noT True As (ExhibiTM ) shows
ThaT requesT as daTe in and daTe out looks good on paper buT
"FacTualy False" due To The large amounT of Plaintiff puts FourTh
(a sample) This exTends From Dec 04 - March 05 if The
CourT looks in and out daTes do noT conform To sheeT as well
as requesT case law and quesTons and law is noT Filled and
daTe senT IT is senT "in House mail " and would Take a addiTional
day or Two . This is noT whaT Mr Engram PuTs Foorward To
The courT he sTaTes ThaT 5.# The average Turn around Time
for Mr Peppers requesT is 3 To 5 5 days when in FacT iT is
more like 8 To Two weeks before some case law or ansures quesTion
are ansured and Then law requesTed There For access was noT
meaning full or effecTive and as PlainTiff kndage in The suiT
and Amendments Show The Knolage To proper rules or rights
were noT There and as so impeaded and blocked access To
The CourTs and Mr Engram's sTaTemenTs are missleading and False

13

Plaintiff To show actual damage Plaintiff failed
on his 32 with draw of Plea yet fact in (Exhibit IV) 61
motion will show fact that success was possable

Plaintiff puts fourth (Exhibit IV) denial of sentence
reduction on 19 of July "other exhibits not enuff room"

Plaintiff puts Fourth Petition for returin of property
Dated Jan 11 05 and Totaly insufficunt Plaintiff
did not send yet it was notarized Plaintiff could not research
To attack it properly (Exhibit IV)

Plaintiff puts Fourth (Exhibit F) motion 61 Post
conviction as it is not fully finshed and lacks case law
To support his case

Plaintiff puts Fourth his reply To States objection
Inital Complaint D12 where it was not finshed when sent To
court as put fourth in the motion

Plaintiff request only That added days To access The law library To Prosecute his civil criminal and Fedral Civil cases. As Plaintiff has shown That no more Than 3 To 10 inmates attend on Tuesdays and Thursdays and Ths is The avarage and as such will cost Defendant Carroll nothing and as To The public The Plaintiff as being denied his Constitutional rights and as a citizen and Plaintiff feels he was Treated unfairly "Where a lie detector in his criminal case would had found The Accuser not Telling The Truth"

Extra Time will cause no one security or money where if There were 50 inmates wanting access each day D.C.C. would have a problem and is uneeqept To handal a small fraction of The 2400 inmates

Plaintiff request Extria Time on days requested and day Time hours. I would ask The Court To Consider site case law To be Photo copyed and law as needed which would save The prison money and Time and speed up inmates effectiveness and make The limeted Time meaningfull

# EXHIBIT A

| STATE OF DELAWARE | PROCEDURE NUMBER: | PAGE: |
|---|---|---|
| | 4.4 | 1 OF 7 |
| BUREAU OF PRISONS | RELATED ACA STANDARDS:<br>36 | |
| PROCEDURE MANUAL | | |
| CHAPTER: 4 DECISION-MAKING<br>RELATING TO INMATES | SUBJECT:    INMATE GRIEVANCE<br>PROCEDURE | |
| APPROVED BY THE CHIEF, BUREAU OF PRISONS: *Earl W. Howard* | | |
| EFFECTIVE DATE: *Revised* **5/15/98** | | |

I.   **AUTHORITY:**  DOC Policy 4.4

II.  **PURPOSE:**

To establish an Inmate Grievance Procedure designed to
reduce tension in correctional facilities and to effectively
resolve the vast majority of cases within our system.  Every
inmate will be provided a timely, effective means of having
issues brought to the attention of those who can offer
administrative remedies before court petitions can be filed.
NOTE:  Inmates are encouraged to seek their counselors'
advice on how to best pursue a response to concerns before
prematurely filing a grievance under the guidelines that
follow.

III. **APPLICABILITY:**

All BOP employees, volunteers, persons or organizations
conducting business with the BOP: all inmates under BOP
custody or supervision.

IV.  **DEFINITIONS:**

A.   Bureau Grievance Officer (BGO):  A BOP employee who
reviews and mediates appeal of the Warden's/Warden's
Designee decision.

B.   Emergency Grievance:  An issue that concerns matters
which under regular time limits would subject the
inmate to a substantial risk of personal, physical or
psychological harm.

C.   Grievance:  A written complaint concerning the
substance or application of a policy or practice; any
action toward an inmate by staff or other inmates; any
condition or incident within the institution that
affects an inmate.

| STATE OF DELAWARE | PROCEDURE NUMBER: | PAGE: |
|---|---|---|
| BUREAU OF PRISONS | 4.4 | 2  OF  7 |
| SUBJECT:  INMATE GRIEVANCE PROCEDURE | | |

D.   Inmate Grievance Chair (IGC):  An institutional
     employee designated to handle inmate grievances.

E.   Inmate Grievance Procedure (IGP):  The formal process
     provided to inmates to resolve disputes.

F.   Outside Reviewer:  An individual not associated with
     DOC who hears inmate grievance appeals referred by the
     BGO and Bureau Chief of Prisons.

H.   Resident Grievance Committee (RGC):  A committee
     comprised of institutional staff and inmates that hears
     inmate grievances and makes a recommendation to the
     Warden/Warden's Designee.

I.   Reprisal:  Any action or threat of action against
     inmates or staff based solely on their participation or
     use of the IGP.

J.   Medical Grievance Committee (MGC): An institution's
     specific medical review authority comprised of a
     minimum of three medical services contractual staff
     from the following list:

          Health Services Administrator
          Director of Nursing
          Charge Nurse
          Chief Medical Officer
          Medical Records Clerk
          Mental Health Counselor
          Chief Dental Officer
          Dental Assistant

V.   PROCEDURE:

1.   Copies of the IGP shall be available in each
     institutional housing unit, in each library, in each
     counselor's office, and in each IGC office.

2.   All inmates, regardless of physical condition/security
     status/administrative status, shall be entitled to use
     the IGP.  Inmate complaints regarding policies and
     conditions must be within DOC jurisdiction.  This
     includes actions by employees, inmates, and incidents
     occurring within the institution that affect them
     personally.  NOTE: Policies that have their own formal
     appeal mechanisms are not grievable through the IGP.
     Specifically excluded from the IGP are issues
     concerning Disciplinary, Classification, and Parole

| STATE OF DELAWARE<br>BUREAU OF PRISONS | PROCEDURE NUMBER:<br>4.4 | PAGE:<br>3 OF 7 |
|---|---|---|
| SUBJECT:    INMATE GRIEVANCE PROCEDURE | | |

Board decisions.

3.    The IGP shall afford the grievant a meaningful remedy.
Relief may include an agreement by the Warden/Warden's
Designee to remedy an objectionable condition within a
reasonable, specified time period; change in
institutional policy or practice; or restitution.

4.    The IGP prohibits reprisals against staff or inmates
for their use or participation in the process.    If
either participant experiences adverse reactions, they
may appeal directly to the Warden/Warden's Designee.
The Warden/Warden's Designee shall offer a written
response within 10 calendar days upon receipt of the
appeal.    This decision is appealable to the Bureau
Chief of Prisons for final disposition.

5.    No staff or inmate named as a party to the grievance
shall participate in any capacity in the resolution
decision.    This instruction includes contact for
purposes of information gathering not merely decision
making.    Grievances filed against the IGC or appealing
authority shall be referred to the next higher
authority.

6.    All grievances shall be kept separate from the inmate's
master file.    Neither staff or inmates shall have
access to these records except to the extent necessary
for clerical processing, resolution, or decision
compliance.

7.    The maximum period between initial grievance receipt
and final appeal response shall not exceed 180 calendar
days.    If a full RGC cannot be convened as scheduled,
another hearing shall be rescheduled within 7 calendar
days.

8.    Inmates are prohibited from submitting more than one
grievance arising from a single incident.

9.    If more than one inmate files a grievance on the same
incident, the IGC will consolidate the staff
investigations and RGC hearings into a single "group
grievance".    All individuals involved will be notified
by the IGC.

| STATE OF DELAWARE | PROCEDURE NUMBER: | PAGE: |
|---|---|---|
| BUREAU OF PRISONS | 4.4 | 4 OF 7 |
| SUBJECT:    INMATE GRIEVANCE PROCEDURE | | |

10. The IGC shall provide a copy of the response to each IGP step to the grievant within 7 calendar days of IGC receipt.

11. The RGC shall be comprised of two inmates who are elected by a majority vote from their own housing unit and two staff designated by the Warden/Warden's Designee. Designated staff should include custody and treatment staff, as well as, those who have frequent contact with the grievant's housing unit. Each RGC member has one vote; the IGC shall only vote to break a tie.

12. Inmate RGC members and two inmate alternates shall serve for a term of six months. Staff RGC members serve at the discretion of the Warden/Warden's Designee. One staff member shall be from Treatment and one from Security.

13. The RGC shall deliberate on its findings and forward its recommendation to the Warden/Warden's Designee.

14. All investigative work must be completed and documented prior to the RGC hearing.

15. Inmates are allowed to retract a grievance at any time during the process by written notice to the IGC.

16. The IGC shall submit a monthly IGP status report to the BGO and the Bureau Chief of Prisons.

17. The BGO and the Bureau Chief of Prisons share responsibility for IGP revisions/amendments. Distribution to all points of inquiry listed in #01 above shall be the responsibility of the Warden/Warden's Designee.

18. Remedies which are dependent on departments or agencies outside of the DOC may require more time for coordination of implementation steps. The IGC shall notify the grievant of the implementation plan and schedule upon receipt of written notification of concurrence by the outside entity.

19. The specific duties of the IGC and BGO are listed in the "Inmate Grievance Procedure Training Manual". Analysis of their performance is the sole responsibility of their immediate supervisors.

| STATE OF DELAWARE BUREAU OF PRISONS | PROCEDURE NUMBER: 4.4 | PAGE: 5 OF 7 |
|---|---|---|
| SUBJECT:  INMATE GRIEVANCE PROCEDURE | | |

### IGP RESOLUTION LEVELS

Level I (Informal Resolution):

The IGP process begins when an inmate files Form #584. The
grievant must complete this form within 7 calendar days following
the incident and forward to the IGC. The IGC shall forward the
grievance to the inmates' housing unit supervisors within two
days of their receipt. Housing unit supervisors shall
investigate, document all findings on Form #175, attempt
resolution and report results to the IGC within 3 calendar days
of their receipt of the grievance. Resolution ends the IGP
process; the IGC closes the file and monitors issues of
compliance. Unresolved grievances are referred to Level II
administration.

**Level II (RGC Recommendation/Warden's Decision):**

The RGC will convene within 30 calendar days of IGC receipt of
the grievance to examine the issue and documented investigative
data from Form #175, hear testimony, and make a recommendation.
The Grievant will be offered the opportunity to participate in
the RGC hearing through examination of all information presented
and discussion with all participants. The RGC shall ask any
question it feels relevant to the issue. If the RGC determines
that further investigation is required it may grant an additional
five days, by majority RGC member vote and grievant consent, to
complete its work. All RGC work is to be documented and
forwarded to the IGC on Form #584 RGC Recommendation. The IGC
forwards the RGC recommendation to the Warden/Warden's Designee.
The Warden/Warden's Designee responds on Form #584 within 10
calendar days and forwards that response to the IGC for
distribution. If the Warden/Warden's Designee and grievant
concur with the RGC recommendation the grievance is deemed
resolved; the IGC closes the file and monitors issues of
compliance. If there is no concurrence, the case is referred to
Level III administration.

**Level III (The Final Decision):**

The BGO will review the grievance file upon receipt. Concurrence
with the Warden/Warden's Designee decision and signature by the
BGO and Bureau Chief of Prisons ends the IGP process; the IGC
closes the file and monitors issues of compliance. At the BGO's
discretion, mediation between grievant and the Warden/Warden's
Designee may be attempted or Outside Review recommended. The BGO
shall recommend Outside Review in only those instances where
interpretation of law or expansion of policy are necessary. The
Bureau Chief of Prisons may accept or reject the BGO's written

| STATE OF DELAWARE BUREAU OF PRISONS | PROCEDURE NUMBER: 4.4 | PAGE: 6 OF 7 |
|---|---|---|
| SUBJECT:   INMATE GRIEVANCE PROCEDURE | | |

recommendation.  Decisions by the Bureau Chief of Prisons are
final and not open to grievant interpretation.  The Bureau Chief
of Prisons will return his final decision and the grievance file
to the IGC for closure and monitoring for issues of compliance.

**Emergency Grievance:**

Issues that concern substantial risk of personal, physical or
psychological inmate injury shall be addressed immediately by the
Warden/Warden's Designee.  A copy of the grievance shall be sent
to the IGC upon receipt by the Warden/Warden's Designee.  And the
Warden/Warden's Designee shall respond within one calendar day.
Grievant appeals of the Warden/Warden's Designee decision will be
decided by the Bureau Chief of Prisons within one calendar day
upon receipt of the emergency appeal.  NOTE: If the
Warden/Warden's Designee should determine that the grievance does
not meet the emergency criteria, the grievance shall be returned
to the inmate for processing through the normal IGP process
steps.

**Medical Grievance:**

All medical grievances must be submitted to the Inmate Grievance
Chairperson (IGC) at the respective institution on Form #585.
If, by chance, an inmate sends a grievance directly to the
medical services contractual staff, they are to forward it first
to the IGC who will log it in the institution's grievance log and
then return it to the medical services contractual staff for
action.

The appropriate medical staff will review the grievance and
denote actions taken on the Medical Log Form #586

The medical services contractual staff will attempt an informal
resolution with the inmate, upon discussion over the treatment
defined on the Medical Log Form.  If the Medical Grievance is
resolved the inmate acknowledges this by his signature on Form
#585 Informal Resolution.  This signed form is forwarded to the
IGC who will close out the case.

Failure to resolve the grievance informally, results in a Medical
Grievance Committee hearing which will not include any medical
services contractual staff previously involved in the informal
resolution process.  The IGC and the inmate must be present at
this hearing.

Resolution closes the case; failure to resolve the case results
in the inmate completing the MGC Appeal Statement section of Form
#585.  Upon receipt, the IGC forwards the file to the Bureau

| STATE OF DELAWARE | PROCEDURE NUMBER: | PAGE: |
|---|---|---|
| BUREAU OF PRISONS | 4.4 | 7 OF 7 |
| SUBJECT:    INMATE GRIEVANCE PROCEDURE | | |

Grievance Officer (BGO). The BGO recommends a course of action to the Bureau Chief of Prisons, who renders a final decision.

## Universal Grievance:

Issues that concern the entire system and not just one inmate, a group of inmates, or one institution shall be presented by the BGO to the Bureau Chief of Prisons.

## Institutional Transfer:

When possible, transfers shall be delayed for any inmate who has filed a grievance and been notified of an RGC hearing date until the hearing has concluded. If circumstance requires immediate transfer, the IGC at the institution where the grievant filed will proceed in the grievant's absence utilizing the normal IGP process steps through Level II. The Warden/Warden's Designee decision will be forwarded to the IGC at the grievant's new location for review. If the grievant appeals to Level III, the IGC at the grievant's new location shall forward the file to the IGC at the original location for BGO review. Grievances filed against the sending institution after an inmate's transfer, but inside the standard seven day window following an incident, shall be forwarded by the IGC at the new location to the IGC at the original location for processing.

## Appeals:

Grievant appeals must be signed, dated and state the specific reasons on Form #584 Grievance Appeal. This form must be given to the IGC who is responsible for tracking the status of each grievance. The IGC will forward the appeal and grievance file to the BGO. Grievants shall have 3 calendar days upon receipt of their copy of the Warden/Warden's Designee decision to appeal, as well as, to include any additional information for review at the next level. NOTE: The Bureau Chief of Prisons decisions are final and not appealable.

Attachments

# EXHIBIT B

Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

## GRIEVANCE REPORT

### OFFENDER GRIEVANCE INFORMATION

| | | | |
|---|---|---|---|
| Offender Name : PEPPER, MONTY C | SBI# : 00156920 | Institution : DCC | |
| Grievance # : 19576 | Grievance Date : 10/19/2005 | Category : Individual | |
| Status : Unresolved | Resolution Status : | Resol. Date : | |
| Grievance Type: Law Library | Incident Date : 10/19/2005 | Incident Time : | |
| IGC : Merson, Lise M | Housing Location : Bldg V, Tier A, Cell 8, Bottom | | |

### OFFENDER GRIEVANCE DETAILS

**Description of Complaint:** Inmate claims (verbatim): Also have afidavid in on this access on wendays office Brown witness To day I was refused access to Law Libraty Mr Johnson said I made no appointment for week 10/17 which I did I make appointments every week as is my app is made for 24th oct (have copy) will make copys also will inform US DistrictCourt. V Bld only gets 8:00-9:30 fry and only 10:00 - 2:30 only allowed to get las at 10:00 nothing eloe checked untill after lunch a 12+ that leaves only 4 1/2hr in Law Library. Today there were only 5 people in there there no excuse I must have access and more access that is my right under the 1st amendment this is the only exhaustion of relife I will attempt. TimeBar/time recarch

**Remedy Requested** : Please- I expect more then 4 1/2 hrs a week to research I have fedral case and state case if I get no response a 1983 claim will be filed I request more time in Law Library A letter to Judge Farnann US district court for relife/amendment to 05/84/jjf

### INDIVIDUALS INVOLVED

| Type | SBI # | Name |
|---|---|---|
| | | |

Inmate Copy

### ADDITIONAL GRIEVANCE INFORMATION

**Medical Grievance :** NO — Date Received by Medical Unit :

**Investigation Sent :** — **Investigation Sent To** : Little, Michael

**Grievance Amount :**

# EXHIBIT C

Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

## GRIEVANCE INFORMATION - RGC

### OFFENDER GRIEVANCE INFORMATION

| | | | | |
|---|---|---|---|---|
| Offender Name : PEPPER, MONTY C | | SBI# : 00156920 | Institution : DCC | |
| Grievance # : 19576 | | Grievance Date : 10/19/2005 | Category : Individual | |
| Status : Unresolved | | Resolution Status : | Inmate Status : | |
| Grievance Type: Law Library | | Incident Date : 10/19/2005 | Incident Time : | |
| IGC : Merson, Lise M | | Housing Location : Bldg D-WEST, Tier C, Cell 12, Bottom | | |

### RGC

Date Received : 12/08/2005          Date of Recommendation: 01/25/2006

### GRIEVANCE COMMITTEE MEMBERS

| Person Type | SBI # | Name | Vote |
|---|---|---|---|
| Inmate | 00166958 | CLARK, JEROME D | Deny |
| Inmate | 00275064 | COOPER, ANTHONY A J | Deny |
| Staff | | Hollis, Stacy | Deny |
| Staff | | Merson, Lise M | Deny |
| Staff | | McCreanor, Michael | Abstain |

### VOTE COUNT

| Uphold : 0 | Deny : 4 | Abstain : 1 |
|---|---|---|

### TIE BREAKER

| Person Type | SBI # | Name | Vote |
|---|---|---|---|

### RECOMMENDATION

Hearing held 1/24/2006
4 - Deny

There's a process and inmate needs to follow it.

Page 4 of 5

# EXHIBIT D

emergancy From GuArds to
Retailation

**FORM #584**

**GRIEVANCE FORM**

9-14-05

**FACILITY:** DCC    **DATE:** May 30 OS

**GRIEVANT'S NAME:** MonTy Peppe    **SBI#:** OO 15 69 20

**CASE#:** 11284

**TIME OF INCIDENT:**

**HOUSING UNIT:** 18 B L8

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED IN THE INCIDENT OR ANY WITNESSES.

Last week I PUT in for a Legal Call
This and The one on The 3 was egnored
or disgarded By CO Thomas or Lt Seacord

Today I ask Ballanger and Heddenger To ask
Seacord who was in conTrole Room' They Egnored
me yet I sall Ballenger PoinT To me and Sea cord
whued me off Saymg ▇▇▇ Him somThing when They came
Back on The Tear The refused To Say whaT he said
I've Been repeadly denied Legal call Since
OCT/04 and you know IT and . The deleabreaT

**ACTION REQUESTED BY GRIEVANT:**

Refusal of a consTuTional RighT And The RetaiaTion That
Im reciving From Thomas is and has become a Crimanal
Offence And Should and will Be TreaTed as Such

I wanT Ballangers and Thomas RetaikTion To STop

**GRIEVANT'S SIGNATURE:** ~~signature~~    **DATE:** May 30 05

OUTV
for AcTion

WAS AN INFORMAL RESOLUTION ACCEPTED?    _____(YES)    _____(NO)

(COMPLETE ONLY IF RESOLVED PRIOR TO HEARING)

**GRIEVANT'S SIGNATURE:** _____    DATE: _____

IF UNRESOLVED, YOU ARE ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE.

cc: INSTITUTION FILE
    GRIEVANT

MAY 3 1 2005

RECEIVED

MAY 3 1 2005 D

AT 11:30 Brought Lunch asked the co if he had
• he said yea he picked Them up yesturday other co with him

**FORM #584**

*Impression* COPY

## GRIEVANCE FORM

**FACILITY:** DCC                **DATE:** Feb 16  05

**GRIEVANT'S NAME:** Monty Pepper      **SBI#:** 00156920

**CASE#:** 12067                **TIME OF INCIDENT:** 11:13

**HOUSING UNIT:** 18 B L 8

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED
IN THE INCIDENT OR ANY WITNESSES.

Time now is 11:13 Just went To Talk To public defont office vid Phone Sneed and Bambi Took me up Sneed Tryeed To intamadate me by saying are you scard saying That I stink and more Bambi Also was saying The same humilaTing Things on The way back Bambi said To Sneed That There was a razer missing and maybe I knew about it is This is consperice ThaT These Two are going To set me up with a razer blade. I have searched my Cell I found nothing The naghbor know's I did This I infor The public defenders office whaT was happening he is going To inform State Police I have also included This in The suTe as an issue ThaT

**ACTION REQUESTED BY GRIEVANT:**
happens in hear I will Be pressing charges on Sneed and There is a witness To The conversaTion ThaT Took Place beTween Bambi and Sheed. Also warned Warned Public Defenders office and Told The US DisTric CourT ThaT This would Take place if I filed and or puTin Grievants, Told Sagers he egnored me and said wright Them

**GRIEVANT'S SIGNATURE:** ___  **DATE:** ___
up I Told Sage Seacord ThaT he needs To real Them in he said wright Them
WAS AN INFORMAL RESOLUTION ACCEPTED? ___(YES) ___(NO)  up
I sugesT you puT a sTop To This now!
(COMPLETE ONLY IF RESOLVED PRIOR TO HEARING)

**GRIEVANT'S SIGNATURE:** ___  **DATE:** ___

IF UNRESOLVED, YOU ARE ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE.

cc: INSTITUTION FILE     " anoTher Inmate came in for guard abuse "
    GRIEVANT

I donT have a wepon or   April '97 REV

COPY

FORM #584

**GRIEVANCE FORM**

FACILITY: D CC                    DATE: _____

GRIEVANT'S NAME: Monty Pepper SBI#: 00 156 920

CASE#: 15946            TIME OF INCIDENT: _____

HOUSING UNIT: ~~X~~ B ~~X~~

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED
IN THE INCIDENT OR ANY WITNESSES.

I Put in a greavance on 2
months ago To geT Religous servnces
and reading maTeral IT can be done
on TV I have in properly Theres no reason
or prison consern or danger For refuse TV's
In PC Books were senT in 2 weeks ago

ACTION REQUESTED BY GRIEVANT: _____
LeT me have my TV for Relogus
servises and my sainTy
See where my Books are

GRIEVANT'S SIGNATURE: _____    DATE: 4 17 05

WAS AN INFORMAL RESOLUTION ACCEPTED?    _____(YES)    _____(NO)

**RECEIVED**

APR 2 5 2005

(COMPLETE ONLY IF RESOLVED PRIOR TO HEARING)

Inmate Grievance Office

GRIEVANT'S SIGNATURE: _____    DATE: _____

IF UNRESOLVED, YOU ARE ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE.

cc: INSTITUTION FILE
   GRIEVANT

TV Refusal is done Malisiously To hurT
and purposly denies my RighT To Religon There no wriTTen
April '97 REV,
Rules This is done To harm! This is code

mrs Merson    9/24 MS    COPY

**FORM #584**

**GRIEVANCE FORM**    9·15·05

**FACILITY:** D C C    **DATE:** May 18 05

**GRIEVANT'S NAME:** MonTy Pepper    **SBI#:** 0015 6920

**CASE#:** 17286    **TIME OF INCIDENT:** _____

**HOUSING UNIT:** 18 B L 8

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED
IN THE INCIDENT OR ANY WITNESSES.

I've ask for my TV nurmous Times
so I can geT "Reglous Services" as a
SHU in maTe with only 9 poinTs By
The rule Book signed By The wardon
Say I should have a TV Like The oTher
3 inmaTes Faveritism To worker or oTher
inmaTes is agensT The 14 amendmenT equal ProkeT
I own a my own wiTch CosT me 190°° and another
20°° for The remoTe ThaT came wiTh iT on The STree iT would
CosT abooT 50°° As is my RighT To religion is being
Denied JusT as iT would Be iF yoo disTorned The Korran buT In
**ACTION REQUESTED BY GRIEVANT:** noT musslum
"I donoT recive copys wiThin 7days of oTher ones"
Please LeT me have my TV for reglus Service
and Programs which To is a righT under The 14
I've conTacTed The ACLU To see whaT They Think
as well as oThers SenT Vaughn

**GRIEVANT'S SIGNATURE:** [signature]    **DATE:** May 18 05

WAS AN INFORMAL RESOLUTION ACCEPTED?    _____(YES)    _____(NO)

(COMPLETE ONLY IF RESOLVED PRIOR TO HEARING)

GRIEVANT'S SIGNATURE:_____    DATE:_____

IF UNRESOLVED, YOU ARE ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE

cc: **INSTITUTION FILE**    MAY 3 1 2005
    **GRIEVANT**

Inmate Grievance Office

2005 MAY 23

RECEIVED

This is noT abuse of your SysTem

T h    T    D    from oTher greavances whn

Copy

## FORM #584

## GRIEVANCE FORM

FACILITY: DCC                              DATE: 4 29 05

GRIEVANT'S NAME: Monty Pepper     SBI#: 00156920

CASE#: 10389                   TIME OF INCIDENT: 4/28/05

HOUSING UNIT: 18 B L 8

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED
IN THE INCIDENT OR ANY WITNESSES.

when I came back from Court The guards Driver!
asked me To siT up on Table To Remove cuffes
I did dust kidding I said hope I donT fanT
The guard "Non Doe" sTaTes If yde lid I'd yank you
off ThaT Table and fuck you up I said waTch his mouTh he said
ThaT who would know its 3 guards word agenT 3 inmaTes
and who would They Beleave I said I guess we could find
ouT as he leFT The holding Room he said you havenT Been
in DCC Long enoff insenuaTing ThaT This is common place which
iT is noT only hear as well as george Town and williminTon This
is why I will sign on aT eny Filisikity Prison Im senT To your guard

ACTION REQUESTED BY GRIEVANT:
are ouT of conTrole noT all BuT aloT of Them ThaT I've seen
also oTher guards agree and will Be wiTness To ThaT FacT
I know you wonT do anyThing and I'mafraid of ReTaliaTion from
Them which I've Recived ThaTswhy no names This is a record of
abuses and will be used in FuTher LiTigaTion "you should ReTrain guards"

GRIEVANT'S SIGNATURE: _____         DATE: 4 29 05

WAS AN INFORMAL RESOLUTION ACCEPTED?    _____(YES)   _____(NO)

AcTion
RequesTed
(COMPLETE ONLY IF RESOLVED PRIOR TO HEARING)   **RECEIVED**

GRIEVANT'S SIGNATURE:_____    DATE:_____   MAY 02 2005

IF UNRESOLVED, YOU ARE ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE **Inmate Grievance Office**

cc: INSTITUTION FILE        RighTs of Prisoners SecTion Dei code
    GRIEVANT          Prison gards are hear To IncarsiaTe prisoners noT punsh us
one i-I brake Rules with I donT   The courT Poshis Prisoners ! only
April '97 REV

I still Expect Charges To be pressed on sneed
I will not sign off on any of Them and how do you
solve Them with out me? **FORM #584** This is very Crupt
This will Be covered in court. **GRIEVANCE FORM** Charges will Be pressed with s Tate police by 14th
Inmate Copy

FACILITY: _DCC_          DATE: _Mar 7 05_

GRIEVANT'S NAME: _Monty Pepper_    SBI#: _00156920_

CASE#: _12633_           TIME OF INCIDENT: _2:30_

HOUSING UNIT: _18 B L 8_

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED
IN THE INCIDENT OR ANY WITNESSES.

Today had a greavande hearing with ☒CO Varga? This is
a verry Rude Lady She starts with a greavance 6 monts
old unsolved on head Phones I say That was 6 monts old
and it was about Time she said I was getting smart.
I said no she said She cando it with oot me I said
we can do it in court That ended The hearing This is
unbeleavable To have a rude CO doing This and Two
privlaged inmates To witness nothing was solved I expect
my head phones and charges pressed on sneed and others which
will come up in Trial This is why your greavance commity
dosent work don't know why you have one This is The

ACTION REQUESTED BY GRIEVANT:

dumpest Thing I've seen noone greavance was solved da wonder
why I cant Beleave That This system is Taken seriosley
These people To will be supeniaed and That is not a Threat
This abuse needs To be solved I see That greavance
System is inRrnal and Crupt as is commisary and every Thing
GRIEVANT'S SIGNATURE: _____    DATE: _Mar 7 05_
in This prison As The Feds have de Termind mr carroll and

WAS AN INFORMAL RESOLUTION ACCEPTED? ____(YES) ____(NO)

you can explain This In court oh By The way no ones greavance
was solved I wonder if any are we will see
(COMPLETE ONLY IF RESOLVED PRIOR TO HEARING)
GRIEVANT'S SIGNATURE: _____    DATE: _____

This is what happens when you greavance COs verry Crupt! This is
IF UNRESOLVED, YOU ARE ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE.
an attempt To make me Look bad other inmates
cc: INSTITUTION FILE
    GRIEVANT        said she was Rude To Them Too

RECEIVED
MAR 7 2005

April '97 REV          MAR 14 2005

D
Inmate Grievance Office

emergancy Board I wish To Speak To
Retailation from Bourd

**FORM #584**   Beuro Chief of Priso:

**GRIEVANCE FORM**

COPY

**FACILITY:** DCC   **DATE:** May 30 05

**GRIEVANT'S NAME:** MonTy Pepper   **SBI#:** 00146 156920

**CASE#:** 17285   **TIME OF INCIDENT:** _____

**HOUSING UNIT:** 18 B L 8

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED IN THE INCIDENT OR ANY WITNESSES.

Today I goT a WrighT up from
Bambi Thomas This was from The insidenT
That I greavanced on a cuple of week age
She says The 11Th iT now The 30Th This wriTe
up is in reTaliaTien on The greavances on her
She also Lies Saying I didnT fallow orders
and ThaT I sTaTed Some one should slap ThaT BiTch
I have wiTness ThaT will Prove This a Lic. Also
FalLow order by Taking a Shower I Am noT VielenT
and would noT Jeperdise my suTe for her. she

**ACTION REQUESTED BY GRIEVANT:**
is The Reason fon The acTion This LasT Two insTances
were forwarded To fedral CourT, Clerek To seek an injunok
and g charges agensT Thomas and oThers
IIACTion RequesTed / ↓ ↓ ↓ ↓ ↓ ↓
I wanT my Greavenccs Hurd and The reTalaTion To STop

**GRIEVANT'S SIGNATURE:** _____   **DATE:** _____

ThaTs noT a requesT
WAS AN INFORMAL RESOLUTION ACCEPTED?   ___(YES)   ✓(NO)

RECEIVED

MAY 3 1 2005

Inmate Grievance Offic

(COMPLETE ONLY IF RESOLVED PRIOR TO HEARING)

**GRIEVANT'S SIGNATURE:** _____   **DATE:** _____

IF UNRESOLVED, YOU ARE ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE.

cc: INSTITUTION FILE
    GRIEVANT

In males on This Tean will TesTify
aT hearing and in courT   April '97 REV   no Leagal Call
I asked abouT my Leaga!
LT ___ LT Seacorel allowed ...

COPY 14
Inmate Copy

**FORM #584**

**GRIEVANCE FORM**

FACILITY: DCC                    DATE: 3 29 05

GRIEVANT'S NAME: Monty Pepper    SBI#: 00 156920

CASE#: 14213                     TIME OF INCIDENT: ___

HOUSING UNIT: 18 B L8

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED
IN THE INCIDENT OR ANY WITNESSES.

On 3/2/2005 my greavance 7347 on 9/21/04 over 180 days ago
was heard and upheld for Reimbersment £.20.20 for headphones
yet still Today I cannot Buy and Replace Them without a ok To me and
commisary can you please Resolve As is The headphones in question only cost
2.99 on The street I feel This should had been Resolved Long ago at 20°°ea
Also on 3/26/05 during my visit anomius guards were saying
Jokingly oh he hit you when one of The officers bumbed into me. The
other said oh we can Take That as a assult and beat me up and Laughed
I don't Think This intemadation funny yet each greavance brings more
intemadation and greavances are not going Through The proper procedure
RGO should had sent These To outside Reviewer and The Threats should had

ACTION REQUESTED BY GRIEVANT: Been Resolved yet I hear nothing
The greavance on The Last Two incedants are being sent To Judge
Josph J Faram U.S. District Court and amended To my case, because heck
of Resulation of IGC and ongoing intemadation. Please Resolve my 7347 IGC
if That's Possible. I can't go To gorge Town Because of Threats From
inmates and guards That worked hear I will sign on There Too

GRIEVANT'S SIGNATURE: _____    DATE: _____

WAS AN INFORMAL RESOLUTION ACCEPTED?    _____ (YES)    _____ (NO)

(COMPLETE ONLY IF RESOLVED PRIOR TO HEARING)

GRIEVANT'S SIGNATURE: _____    DATE: _____

IF UNRESOLVED, YOU ARE ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE.

cc: INSTITUTION FILE
    GRIEVANT

RECEIVED

APR 11 2005

April '97 REV

Inmate Grievance Office

## FORM  #584

### GRIEVANCE FORM

FACILITY: D C C                          DATE: July 3 05

GRIEVANT'S NAME: Montly Pepper     SBI#: 0015 6920

CASE#: 20938                         TIME OF INCIDENT: _____

HOUSING UNIT: 18 B E 8       D/W

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED
IN THE INCIDENT OR ANY WITNESSES.

Landry did not go out Fryday and I have
no Clean Clothes and my Towl sTinks
my cell needs Cleaning 8-4 has repeatedly
Refused need a mop cant Clean floor or TorleTT
The Tiear is dirTy and needs Cleaning

I have To Take a shower in The morning
with dirTy Towl and Clothes

ACTION REQUESTED BY GRIEVANT: Please get LeT someone know
we need our wash on Time and I need a mop
and cleaning Supplys my cell sTinks and The
Tear needs cleaning as dose my TorleTT

GRIEVANT'S SIGNATURE: _____     DATE: July 3 05

WAS AN INFORMAL RESOLUTION ACCEPTED?     _____(YES)    _____(NO)

(COMPLETE ONLY IF RESOLVED PRIOR TO HEARING)

GRIEVANT'S SIGNATURE: _____    DATE: _____

IF UNRESOLVED, YOU ARE ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE.

cc: INSTITUTION FILE
    GRIEVANT

April '97 REV

RECEIVED

JUL 1 1 2005

Inmate Grievance Office

pus L6

**FORM #584**

**GRIEVANCE FORM**

FACILITY: D CC                    DATE: 4  17  05

GRIEVANT'S NAME: Monty Pepper    SBI#: 00156920

CASE#: _____ 15947            TIME OF INCIDENT: _____

HOUSING UNIT: 18 B 168 /

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED
IN THE INCIDENT OR ANY WITNESSES.

on        9/22/04      I put in 4a greavance

on The Loss of m head phones    on

2 4 05  had  a  hearing  which  was

up held  To  reinberse  me  To  The  date

I cant get Them "7 months" now need  To inform

Commisary To bring Them

ACTION REQUESTED BY GRIEVANT: need To inform commisary

To get head phones 20 00 advcost 29% onstra

Why cant something This simple be solved?

I sent greavance To Bruro Check of Prisons?

GRIEVANT'S SIGNATURE: _____    DATE: 4 17 05

WAS AN INFORMAL RESOLUTION ACCEPTED?    ____ (YES)  ____ (NO)

(COMPLETE ONLY IF RESOLVED PRIOR TO HEARING)

GRIEVANT'S SIGNATURE: _____    DATE: _____

IF UNRESOLVED, YOU ARE ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE.

cc: INSTITUTION FILE
    GRIEVANT

April '97 REV

**RECEIVED**

APR 2 5 2005

Inmate Grievance Office

2# Copy 2

**FORM #584**

**GRIEVANCE FORM**

8/29/05

FACILITY: DCC DATE: 4 29 05

GRIEVANT'S NAME: Monty Pepper SBI#: 00156920

CASE#: 16387 TIME OF INCIDENT: 8-

HOUSING UNIT: ~~18 B L 8~~ V bldG

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED IN THE INCIDENT OR ANY WITNESSES.

This was Loud enoff for lower 11 12 10 9 6 7 To hear and The counsler when They Cansler & Bambi got up stairs I ask what she said I She hallred "Loudly" "If you wernt a Child molester you would sigh off" At This point I started being herassed by inmates I holerd for The counsler To Come To my cell befor he left apperently she Told him not To he left I asked him for a greavance form and Bambi and a officer (London) Refused and Left The Tear she new I would wright her up This is uncalled for I am going To Look up The Law on This This is puT me in danger This will be included in

ACTION REQUESTED BY GRIEVANT: ~~FP~~

The suTe of abuses going on in DCC as well as Sussex County "georgeTown" The next greavance will Tell The RestT.

I expect Bambi To Treat Prisoners with Due Respect They are hear To incarcrate not Punsh us The CarT dose That!

GRIEVANT'S SIGNATURE: [signature] DATE: 4 29 05

WAS AN INFORMAL RESOLUTION ACCEPTED? _____(YES) _____(NO)

(COMPLETE ONLY IF RESOLVED PRIOR TO HEARING)

GRIEVANT'S SIGNATURE:____________________ DATE:________________

**IF UNRESOLVED, YOU ARE ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE.**

cc: INSTITUTION FILE
GRIEVANT

RECEIVED
MAY 02 2005
Inmate Grievance Office

Copy q Vs

**FORM #584**

**GRIEVANCE FORM**

FV/29/05

FACILITY: __DCC__          DATE: __4  29  05__

GRIEVANT'S NAME: __Monty Pepper__   SBI#: __00 15 69 20__

CASE#: __16383__          TIME OF INCIDENT: _____

HOUSING UNIT: __18  B  LS__

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED
IN THE INCIDENT OR ANY WITNESSES.

This is a Letter To see if you reEived my greavance
on my headphones why grv 12067 11500 11282 were
egnored and denied As is LasT week and This week 29th
when Co Bambi was in charge we did not Recive Razers
That was The 1st 11282. grv now I geT a visiT and canT shave
on sunday ThaTs 2 Frydays in a row!    Also if you notice
Pepole DonT sign off PC Because you Denie us TVs and
Relgious Services er Reading meTeral as well as a mop To
Clean our cell I've moped my cell 2 Time since OCT/04
If Dose sTink in hear Also no Coment To Clean wiTh I dont feel saf
in populaTion in any of The 3 Prisons I feel Safe in hear. when offecers
ACTION REQUESTED BY GRIEVANT: Tell oTher inmaTes charges puTes inmaTes
in danger and ThaT is whaT happens . Also using mace or pepper
Spray aT eny singof Lack of cooperaTion by inmaTe Should Fall in
Excessive Force This happens hear as well as georgeTown This is
whaT you consider RehibliTaTion !    I RequesT Razers on
The 2 days we should geT Them  A# TV would be nice Reloyus Services

GRIEVANT'S SIGNATURE: _____          DATE: _____

I have TV in properTy and may be a mop or a LT To phoTograph my Cell
WAS AN INFORMAL RESOLUTION ACCEPTED? ____(YES) ____(NO)

MosT of Problems in PC occer when officer Bambi is in charge
(COMPLETE ONLY IF RESOLVED PRIOR TO HEARING)

GRIEVANT'S SIGNATURE: _____          DATE: _____

IF UNRESOLVED, YOU ARE ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE.

cc: INSTITUTION FILE
    GRIEVANT

**RECEIVED**

MAY 02 2005

Inmate Grievance Office

# EXHIBIT E

Date: 10/17/2005

DCC Delaware Correctional Center
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

## GRIEVANCE INFORMATION - WARDEN

| OFFENDER GRIEVANCE INFORMATION | | | |
|---|---|---|---|

Offender Name : PEPPER, MONTY C     SBI#   : 00156920     Institution   : DCC

Grievance #   : 11500     Grievance Date   : 02/13/2005     Category   : Individual

Status   : Unresolved     Resolution Status :     Inmate Status :

Grievance Type: Miscellaneous     Incident Date   : 02/13/2005     Incident Time :

IGC   : McCreanor, Michael     Housing Location : Bldg V, Tier A, Cell 8, Bottom

| REFERRED TO | | |
|---|---|---|

Due Date :     Referred to:     Name:

Type of Information Requested :

| DECISION | | |
|---|---|---|

Date Received   : 03/11/2005

Decision Date   : 10/17/2005     **Vote :** Deny

Comments   : Denied. Protective Custody is transient housing, utilized to stabilize a situation until the inmate can be placed in the appropriate housing status. The inmate should work with Treatment staff to develop a treatment plan for his movement from Protective Custody.

    cc   DCC IGC
       Inmate
       Treatment Administrator Hosterman

_Elizabeth Burr_

**WARDEN / WARDEN'S DESIGNEE SIGNATURE**        10/17/05

       **DATE**

I WISH TO APPEAL THIS TO THE BUREAU GRIEVANCE OFFICER (B.G.O.)     YES:_____     NO:_____

**GRIEVANT'S SIGNATURE**        **DATE**

       **RECEIVED**

_MMerson_

**I.G.C. SIGNATURE**        ~~OCT 1 1 2005~~

       **DATE**

       Inmate Grievance Office

       **RECEIVED**

       OCT 1 9 2005

       Inmate Grievance Office

E

DCC Delaware Correctional Center
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

## GRIEVANCE INFORMATION - RGC

### OFFENDER GRIEVANCE INFORMATION

| | | | |
|---|---|---|---|
| Offender Name : PEPPER, MONTY C | SBI# : 00156920 | Institution : DCC |
| Grievance # : 11500 | Grievance Date : 02/13/2005 | Category : Individual |
| Status : Unresolved | Resolution Status : | Inmate Status : |
| Grievance Type: Miscellaneous | Incident Date : 02/13/2005 | Incident Time : |
| IGC : Merson, Lise M | Housing Location : Bldg 18, Lower, Tier B, Cell 8, Single | |

### RGC

Date Received : 02/21/2005          Date of Recommendation: 03/11/2005

### GRIEVANCE COMMITTEE MEMBERS

| Person Type | SBI# | Name | Vote |
|---|---|---|---|
| Inmate | 00188380 | IRWIN, RICHARD N | Deny |
| Inmate | 00187042 | BASS, DONALD F | Deny |
| Staff | | Kramer, William | Deny |
| Staff | | Beall, Wayne | Deny |
| Staff | | Vargas, Rosalie | Abstain |

### VOTE COUNT

| Uphold : 0 | Deny : 4 | Abstain : 1 |
|---|---|---|

### TIE BREAKER

| Person Type | SBI# | Name | Vote |
|---|---|---|---|

### RECOMMENDATION

March 07, 2005
Deny: inmate stated he signed onto P/C voluntarilly - Policy for P/C in place has option of removing himself from P/C
Note: Inmate disorderly during hearing

18 BL8

**R. G. C Recommendation**

This must be completed & returned to the I. G. C. within 30 calendar days

**Grievant's Name:** Pepper, Monty C  **SBI:** 00156920 **Case#:** 11500

4-0 Deny

- I'M Stated he signed on to
PIC Voluntarily ~ Policy
for PIC in place has option of
removing himself from PIC

I/M disorderly

**R. G. C. Menbers:**

**Inmate Representative:**

**Inmate Representative:**

**Counselor:**

**Security:**

**I.G.C.:**

CC: File
      Grievant

MAR 0 7 2005

DCC Delaware Correctional Center
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

## GRIEVANCE REPORT

### OFFENDER GRIEVANCE INFORMATION

| | | | |
|---|---|---|---|
| **Offender Name :** PEPPER, MONTY C | **SBI#** : 00156920 | **Institution** : DCC | |
| **Grievance #** : 11500 | **Grievance Date** : 02/13/2005 | **Category** : Individual | |
| **Status** : Unresolved | **Resolution Status :** | **Resol. Date** : | |
| **Grievance Type:** Miscellaneous | **Incident Date** : 02/13/2005 | **Incident Time :** | |
| **IGC** : Merson, Lise M | **Housing Location :** Bldg 18, Lower, Tier B, Cell 8, Single | | |

### OFFENDER GRIEVANCE DETAILS

**Description of Complaint:** Even inmates that were attacted by guards your office has egnored and told them too bad yet inmates have witnessed these attacks. Religous services and reading materal have been purposly & mulishily denied us.

**Remedy Requested** : Give us our wrights back.

### INDIVIDUALS INVOLVED

| Type | SBI # | Name |
|---|---|---|
| | | |

### ADDITIONAL GRIEVANCE INFORMATION

| | |
|---|---|
| **Medical Grievance :** NO | **Date Received by Medical Unit :** |
| **Investigation Sent :** | **Investigation Sent To** : Sagers, Clyde |
| **Grievance Amount :** | |

1. We Don't Get Access to A Regular Library
2. Religous Services we Don't Get Any, USED to watch CHURCH on TV. They punished us by taking our T.V.'s
3. "Inmates attacked by guards" => Inmate Pepper could not provide me with A date of incident, A name of the Inmate allegedly assaulted, OR any STAFF names. => I'm unable to substantiate this claim to be in any way.

Grievance Not Resolved. I'm wants A hearing at next Grievance level concerning Access to Religous Services.

T. Michell Celela

02-18-05

Page 1 of 2

**DCC  Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

Date: 02/17/2005

## INFORMAL RESOLUTION

| OFFENDER GRIEVANCE INFORMATION | | |
|---|---|---|
| Offender Name : PEPPER, MONTY C | SBI#          : 00156920 | Institution      : DCC |
| Grievance #    : 11500 | Grievance Date  : 02/13/2005 | Category      : Individual |
| Status         : Unresolved | Resolution Status: | Inmate Status : |
| Grievance Type: Miscellaneous | Incident Date     : 02/13/2005 | Incident Time : |
| IGC            : Merson, Lise M | Housing Location :Bldg 18, Lower, Tier B, Cell 8, Single | |

| INFORMAL RESOLUTION |
|---|

**Investigator Name   : Sagers, Clyde**                          **Date of Report** 02/14/2005

**Investigation Report :**

**Reason for Referring:**

**Investigator Name   : Welcome, Michael**                        **Date of Report** 02/15/2005

**Investigation Report :**

**Reason for Referring:** Please resolve. Sagers

<br>

**Offender's Signature:**_____

**Date**                    :_____

**Witness (Officer)**       :_____

Impression copy
Feb 13 mp

This is a grievance on you
The grievance office due
To inaction and Lack of Resolutions

**FORM #584**

**GRIEVANCE FORM**

FACILITY: _DCC_   DATE: _Feb 13 05_

GRIEVANT'S NAME: _Monty Pepper_   SBI#: _0015 6920_

CASE#: _1150_   TIME OF INCIDENT: _Today_

HOUSING UNIT: _18 B L8_

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED
IN THE INCIDENT OR ANY WITNESSES.     → Resolution oldest grievance Sep 04

Dear Mam/sirs I have PuT in nurmous greavances
and have gotten no response on any of Them as so other
inmates, even inmates That were attacted by guards your
office has egnored And Told Them Too bad yet inmates have witnesse
These attacks. You are eluded in The suTe which was filed
To day, our WriTes under "equal ProTecTion" 4-14 amendment
and 8Th amendment Religous services and Reading materal have been
purposly & mulishily denied us The housing uniT makes no differnance
you have abartarly Punshed me and other Inmates To force us To sign
off This is illgal andyou know iT and your attornys know TheecT are
Privlages afforted To everyother inmate The abuse by guard are creating

ACTION REQUESTED BY GRIEVANT:

The LawLessness in The prison EvalgeTsEval TreaT Pepole yes
People Like crap you geT crap back Look aT DTicar This is
The problm with DCC Taking us ouTof SocieTy dosent mean
TreaT us Like This you whanT To know why inmates gaoff The
TreaTment They geT and you know This Too. Give us our wrights Back !

GRIEVANT'S SIGNATURE: _____   DATE: _Eb 13 05_

WAS AN INFORMAL RESOLUTION ACCEPTED?   _____(YES)   _____(NO)

(COMPLETE ONLY IF RESOLVED PRIOR TO HEARING)   **RECEIVED**

GRIEVANT'S SIGNATURE: _____   DATE: _____   FEB 1 4 2005

Inmate Grievance Office

IF UNRESOLVED, YOU ARE ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE.

cc: INSTITUTION FILE
    GRIEVANT

Also I don'T expecT To be moved or
ThreaToned To shoT me up My Family is working on This
Too

April '97 REV

E

DCC Delaware Correctional Center    Date: 10/17/2005
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

## GRIEVANCE INFORMATION - WARDEN

| OFFENDER GRIEVANCE INFORMATION | | |
|---|---|---|
| **Offender Name : PEPPER, MONTY C** | **SBI#** : 00156920 | **Institution** : DCC |
| **Grievance #** : 11282 | **Grievance Date** : 02/04/2005 | **Category** : Individual |
| **Status** : Unresolved | **Resolution Status :** | **Inmate Status :** |
| **Grievance Type:** Staff Issues | **Incident Date** : 02/04/2005 | **Incident Time :** 12:00 |
| **IGC** : McCreanor, Michael | **Housing Location :** Bldg V, Tier A, Cell 8, Bottom | |

| REFERRED TO | | |
|---|---|---|
| **Due Date :** | **Referred to:** | **Name:** |

**Type of Information Requested :**

| DECISION |
|---|

| | |
|---|---|
| **Date Received** | : 03/11/2005 |
| **Decision Date** | : 10/17/2005    **Vote :** Deny |
| **Comments** | : Denied. Inmates are issued razors pursuant to housing rules. By way of a copy of this grievance, I am directing that Major Holman ensure that razors are being issued and collected consistently as authorized in housing rules. |
| | cc DCC IGC<br>Inmate<br>Major Holman |

*Elizabeth Burke*

**WARDEN / WARDEN'S DESIGNEE SIGNATURE**

_10/17/05_
**DATE**

I WISH TO APPEAL THIS TO THE BUREAU GRIEVANCE OFFICER (B.G.O.)    YES:_____    NO:_____

**GRIEVANT'S SIGNATURE**

**I.G.C. SIGNATURE**

**DATE**

**RECEIVED**

OCT 1 9 2005
**DATE**
Inmate Grievance Office

DCC Delaware Correctional Center
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

## GRIEVANCE INFORMATION - RGC

### OFFENDER GRIEVANCE INFORMATION

**Offender Name :** PEPPER, MONTY C        **SBI#**        : 00156920        **Institution**        : DCC

**Grievance #**        : 11282        **Grievance Date**        : 02/04/2005        **Category**        : Individual

**Status**        : Unresolved        **Resolution Status :**        **Inmate Status :**

**Grievance Type:** Staff Issues        **Incident Date**        : 02/04/2005        **Incident Time :** 12:00

**IGC**        : Merson, Lise M        **Housing Location :** Bldg 18, Lower, Tier B, Cell 8, Single

### RGC

**Date Received :** 02/25/2005        **Date of Recommendation:** 03/11/2005

### GRIEVANCE COMMITTEE MEMBERS

| Person Type | SBI# | Name | Vote |
|---|---|---|---|
| Inmate | 00188380 | IRWIN, RICHARD N | Deny |
| Inmate | 00187042 | BASS, DONALD F | Deny |
| Staff | | Kramer, William | Deny |
| Staff | | Beall, Wayne | Deny |
| Staff | | Vargas, Rosalie | Abstain |

### VOTE COUNT

**Uphold : 0**        **Deny : 4**        **Abstain : 1**

### TIE BREAKER

| Person Type | SBI# | Name | Vote |
|---|---|---|---|

### RECOMMENDATION

March 07, 2005

Deny: Razors are passed out twice a week. Note: inmate was disorderly during hearing.

**R. G. C Recommendation**

This must be completed & returned to the I. G. C. within 30 calendar days

**Grievant's Name:** Pepper, Monty       **SBI:** 00156920   **Case#:** 11282

4-0 Deny

Razors are passed out twice a week.

I/M disorderly

**R. G. C. Menbers:**

**Inmate Representative:** _Richard Ebri_

**Inmate Representative:** _Mr. Ron Bass_

**Counselor:** _Todd Kramer_

**Security:** _Wayne Beal_

**I.G.C.:** _Rosalu Vargas_

CC: File        MAR 0 7 2005
    Grievant

E

*Friday*

Date: 02/14/2005

DCC   Delaware Correctional Center
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

## GRIEVANCE REPORT

### OFFENDER GRIEVANCE INFORMATION

| | | | | |
|---|---|---|---|---|
| Offender Name : PEPPER, MONTY C | | SBI# : 00156920 | Institution : DCC | |
| Grievance # : 11282 | | Grievance Date : 02/04/2005 | Category : Individual | |
| Status : Unresolved | | Resolution Status : | Resol. Date : | |
| Grievance Type: Staff Issues | | Incident Date : 02/04/2005 | Incident Time : 12:00 | |
| IGC : Merson, Lise M | | Housing Location : Bldg 18, Lower, Tier B, Cell 8, Single | | |

### OFFENDER GRIEVANCE DETAILS

**Description of Complaint:** This morning I asked c/o Boston and Loydd for a razor with no response at lunch time I asked again with no response I asked for a grievance form no responce a c/o was talking to L6 (Janodoe) c/o. When trays were picked up I asked c/o Bamby for a razor she said no! I asked why she said because she said I asked for a grievance form she said no she told me that razors are a privlage. Other inmates witnessed this I haven't shaved since last fryday Tuesday I went to court the didnt let me shave. This is retaliation.

**Remedy Requested :** Solve this problem up to you legal action is in process agenst DCC and agenst c/oBoston and other in the profeshanl and non profeshanl status as other greaivances this has a copy and I expect action.

### INDIVIDUALS INVOLVED

| Type | SBI# | Name |
|---|---|---|
| Inmate | 00156920 | PEPPER, MONTY C |
| Staff | | Boston, Kenya Q |
| Staff | | Lloyd, Joshua |
| Staff | | Thomas, Bambie |

### ADDITIONAL GRIEVANCE INFORMATION

| | |
|---|---|
| Medical Grievance : NO | Date Received by Medical Unit : |
| Investigation Sent : | Investigation Sent To : Sagers, Clyde |
| Grievance Amount : | |

*Says happens all the time.*

*willnotsign*

*Inmate refused to sign*
*Razors passed out on monday*
*AND Thursday. Grievance was*
*on a Friday.*

E

DCC  **Delaware Correctional Center**
Smyrna Landing Road
**SMYRNA DE, 19977**
**Phone No. 302-653-9261**

Date: 02/14/2005

# INFORMAL RESOLUTION

| OFFENDER GRIEVANCE INFORMATION | | |
|---|---|---|
| **Offender Name :** PEPPER, MONTY C | **SBI#** : 00156920 | **Institution** : DCC |
| **Grievance #** : 11282 | **Grievance Date** : 02/04/2005 | **Category** : Individual |
| **Status** : Unresolved | **Resolution Status:** | **Inmate Status :** |
| **Grievance Type:** Staff Issues | **Incident Date** : 02/04/2005 | **Incident Time :** 12:00 |
| **IGC** : Merson, Lise M | **Housing Location :**Bldg 18, Lower, Tier B, Cell 8, Single | |

| INFORMAL RESOLUTION | |
|---|---|
| **Investigator Name** : Sagers, Clyde | **Date of Report** 02/07/2005 |

**Investigation Report :**

**Reason for Referring:**

| | |
|---|---|
| **Investigator Name** : Seacord, Thomas J | **Date of Report** 02/08/2005 |

**Investigation Report :**

**Reason for Referring:** please resolve grievance. Sagers

**Offender's Signature:**

**Date** : 2/22/05

**Witness (Officer)** :

COPY Not

*Clyde Sagers*

**FORM #584**

**GRIEVANCE FORM**

FACILITY: _DCC  Smyrna_          DATE: _Feb 4  05_

GRIEVANT'S NAME: _Monti Pepper_   SBI#: _00156920_

CASE#: _1182_               TIME OF INCIDENT: _12:00_

HOUSING UNIT: _18 B L8_

BRIEFLY STATE THE REASON FOR THIS GRIEVANCE. GIVE DATES AND NAMES OF OTHERS INVOLVED
IN THE INCIDENT OR ANY WITNESSES.

This morning I asked a Boston and Loydd for
a razor with no response at Lunch Time.
I asked again with no response I asked for
a greavance form no response. a co was Talking
To L6 (Jano doe) co When Trays Were Picked up
I asked co Bamby for a razor she said no b
I asked why she said because she said I asked for
a greaivance form she said no she Told me That razcvrs
are a privlage. Other inmates witnessed This
I haven T shaved since LasT Friday Tuesday I went To courT
The didnT LeT me Shave        This is RetaTaTion
ACTION REQUESTED BY GRIEVANT: _____ Solve This Problem
up To you  Leagal action is in process
agensT DCC and agensT co Boston and other
in The Professhanl and non Professhanl sTaTos
as other greaivances This has a copy and I expecT action

GRIEVANT'S SIGNATURE: _____   DATE: _Feb 4 05_

WAS AN INFORMAL RESOLUTION ACCEPTED?      ____(YES)   ____(NO)

(COMPLETE ONLY IF RESOLVED PRIOR TO HEARING)

GRIEVANT'S SIGNATURE:_____   DATE:_____

IF UNRESOLVED, YOU ARE ENTITLED TO A HEARING BY THE RESIDENT GRIEVANCE COMMITTEE.

cc: INSTITUTION FILE
    GRIEVANT

RECEIVED

FEB 0 7 2005

Inmate Grievance Office

April '97 REV

DCC Delaware Correctional Center
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

## GRIEVANCE REPORT

### OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| **Offender Name :** PEPPER, MONTY C | **SBI#** : 00156920 | **Institution** : DCC |
| **Grievance #** : 15024 | **Grievance Date** : 06/30/2005 | **Category** : Individual |
| **Status** : Unresolved | **Resolution Status :** | **Resol. Date** : |
| **Grievance Type:** Staff Issues | **Incident Date** : 06/30/2005 | **Incident Time :** |
| **IGC** : Vargas, Rosalie | **Housing Location :** Bldg 18, Lower, Tier B, Cell 8, Single | |

### OFFENDER GRIEVANCE DETAILS

**Description of Complaint:** Inmate states : Lunch Nute gave me 4 pices of dry hard bread for peanut butter and jellie The milk was leaking and dated the 26 June I did not get to eat lunch

**Remedy Requested** : You are not remedying this with guard retaliation I cant go anywhere

### INDIVIDUALS INVOLVED

| Type | SBI# | Name |
|---|---|---|
| | | |

### ADDITIONAL GRIEVANCE INFORMATION

| | | |
|---|---|---|
| **Medical Grievance :** NO | **Date Received by Medical Unit :** | |
| **Investigation Sent :** | **Investigation Sent To** | : Taylor, Ramon |
| **Grievance Amount :** | | |

13 July
Seacord
many missing

**Inmate Copy**

DCC  Delaware Correctional Center
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

Date: 07/07/2005

# INFORMAL RESOLUTION

## OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| **Offender Name :** PEPPER, MONTY C | **SBI#**          : 00156920 | **Institution**    : DCC |
| **Grievance #**    : 15024 | **Grievance Date** : 06/30/2005 | **Category**    : Individual |
| **Status**       : Unresolved | **Resolution Status:** | **Inmate Status :** |
| **Grievance Type:** Staff Issues | **Incident Date**   : 06/30/2005 | **Incident Time :** |
| **IGC**         : Vargas, Rosalie | **Housing Location :**Bldg 18, Lower, Tier B, Cell 8, Single | |

## INFORMAL RESOLUTION

**Investigator Name**   : Taylor, Ramon                    **Date of Report** 07/07/2005

**Investigation Report :**

**Reason for Referring:**


**Offender's Signature:**_____

**Date**          :_____

**Witness (Officer)**  :_____

Ɛ

DCC Delaware Correctional Center
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

Date: 07/07/2005

## GRIEVANCE REPORT

### OFFENDER GRIEVANCE INFORMATION

| | | |
|---|---|---|
| **Offender Name :** PEPPER, MONTY C | **SBI#** : 00156920 | **Institution** : DCC |
| **Grievance #** : 15023 | **Grievance Date** : 07/01/2005 | **Category** : Individual |
| **Status** : Unresolved | **Resolution Status :** | **Resol. Date** : |
| **Grievance Type:** Staff Issues | **Incident Date** : 07/01/2005 | **Incident Time :** |
| **IGC** : Vargas, Rosalie | **Housing Location :** Bldg 18, Lower, Tier B, Cell 8, Single | |

### OFFENDER GRIEVANCE DETAILS

**Description of Complaint:** Inmate states: I got a hard dry hot dog role. I was the only one. Nure and black co served lunch Boston open gates My lettace was just small pices and wet may be spit I saved some I told Thomas to get me a Lt she refused she tryed to get the role back I refused Proter and counseler Cramer came on the tear Porter refused to look Cramer looked at my tray and hot dog role Taped it on the glass to show how stiff it was he said he say something Porter refused

**Remedy Requested** : The last wright up you egnored remedy This I didnt get to eat lunch again I want Thomas Nute Boston repremanded at the least they are unprofeshanl and should be fired

### INDIVIDUALS INVOLVED

| Type | SBI# | Name |
|---|---|---|
| | | |

### ADDITIONAL GRIEVANCE INFORMATION

| | |
|---|---|
| **Medical Grievance :** NO | **Date Received by Medical Unit :** |
| **Investigation Sent :** | **Investigation Sent To** : Taylor, Ramon |
| **Grievance Amount :** | |

*Sacond*
*13 July*

**Inmate Copy**

DCC  Delaware Correctional Center
Smyrna Landing Road
SMYRNA DE, 19977
Phone No. 302-653-9261

Date: 02/13/2006

# INFORMAL RESOLUTION

| OFFENDER GRIEVANCE INFORMATION | | |
|---|---|---|
| **Offender Name :** PEPPER, MONTY C | **SBI#** : 00156920 | **Institution** : DCC |
| **Grievance #** : 23497 | **Grievance Date** : 02/03/2006 | **Category** : Individual |
| **Status** : Unresolved | **Resolution Status:** | **Inmate Status :** |
| **Grievance Type:** Health Issue (Medical) | **Incident Date** : 02/03/2006 | **Incident Time :** |
| **IGC** : Merson, Lise M | **Housing Location :** Bldg D-WEST, Tier C, Cell 12, Bottom | |

| INFORMAL RESOLUTION | |
|---|---|
| **Investigator Name** : Rodweller, Deborah | **Date of Report** 02/13/2006 |

**Investigation Report :**

**Reason for Referring:**

Offender's Signature:_____

Date            :_____

Witness (Officer)   :_____

Ɛ

# EXHIBIT F

IM m Peppe

SBI# 156920 UNIT Dw

DELAWARE CORRECTIONAL CENTER

1181 PADDOCK ROAD

SMYRNA, DELAWARE 19977



U.S.M.S.
X-RAY

Office of The Clerk
United States District Court
844 N King Street Lox Box 18
wilmington Del
19801 - 3570