IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR __Ken T_____COUNTY

STATE OF DELAWARE          )
                v.          )      No. _____
    MonTy  C  Pepper        )          (to be supplied by Prothonotary)
  Name of Movant on Indictment )
                            )
    MonTy  C  Pepper        )
  Correct Full Name of Movant )


**MOTION FOR POSTCONVICTION RELIEF**

## MOTION

1. County in which you were convicted ___Ken T___

2. Judge who imposed sentence ___James Vaughn Jr___

3. Date sentence was imposed ___4/15/05___

4. Offense(s) for which you were sentenced and length of sentence (s):

___2end   20year suspended after 10 LV 3 counts of___

___Com Child porn 18mo/2 year Prob3   2 counts Poss Child por 6mo/2yr/3___

5. Do you have any sentence(s) to serve other than the sentence(s) imposed because of the judgment(s) under attack in this motion?    Yes (✓)    No ( )
   If your answer is "yes," give the following information:
   Name and location of court(s) which imposed the other sentence(s):
   ___Superior Court   Kent County___

   Date sentence(s) imposed: ___~~Lv 3 probation~~   June/22/2005___

   Length of sentence(s) ___1yr Lv 3 probation___

6. What was the basis for the judgment(s) of conviction? (Check one)
   Plea of guilty (✓)
   Plea of guilty without admission of guilt ("Robinson plea") ( )
   Plea of nolo contendere ( )
   Verdict of jury ( )
   Finding of judge (non-jury trial) ( )

7. Judge who accepted plea or presided at trial ___James Vaughn Jr___

8. Did you take the witness stand and testify? (Check one)
   No trial (✓)    Yes ( )    No ( )

9. Did you appeal from the judgment of conviction? Yes ( )   No (✓)
   If your answer is "yes," give the following information:

   Case number of appeal _____

   Date of court's final order or opinion _____

1

F

10.    Other than a direct appeal from the judgment(s) of conviction, have you filed any other motion(s) or petition(s) seeking relief from the judgment(s) in state or federal court? Yes (✓) No ( )        How many? ( L )
If your answer is "yes," give the following information as to each:

Nature of proceeding(s) ___SenTence ModiFicaTion___

Grounds raised ___due To being pro seg and in___

___SegeraTed CusTody I could nT File a proper and___

___eFFecTive MoTion due To resTricTions To Law Library___

_____

Was there an evidentiary hearing? ___no___

Case number of proceeding(s)_____

Date(s) of court's final order(s) or opinion(s) ___Denied___

Did you appeal the result(s)? ___no___

11.    Give the name of each attorney who represented you at the following stages of the proceedings  relating to the judgment(s) under attack in this motion:

At plea of guilty or trial ___BeTh SaviTz esq/Sheral Rush MilsTead___

On appeal ___n A___

In any postconviction proceeding ___n A___

12.    State every ground on which you claim that your rights were violated. If you fail to set forth all grounds in this motion, you may be barred from raising additional grounds at a later date. You must state facts in support of the ground(s) which you claim. For your information, the following is a list of frequently raised grounds for relief (you may also raise grounds that are not listed here): double jeopardy; illegal detention, arrest, or search and seizure; coerced confession or guilty plea; uninformed waiver of the right to counsel, to remain silent, or to speedy trial; denial of the right to confront witnesses, to subpoena witnesses, to testify, or to effective assistance of counsel; suppression of favorable evidence; unfulfilled plea agreement.

F

Ground one: Court Failed To Fulfill Superior Court Rule 32 (3)
Supporting facts (state the facts briefly without citing cases):
Court failed To Affort Parties an opportunity To rebute or comment on Presentence Report. Defendant has not seen or read The report or victum impact used at sentencing

Ground two: State failed To fulfill recommendation agreed on plea

Supporting facts (state the facts briefly without citing cases):
As inducement To accept The plea The State agreed To make a recommendation at sentencing quote : The State agrees not To recommend more Than 10 years LV at sentencing. They did not T.IS, 2-5-10

Ground three: denial of The right To effective assistance of counsel
Supporting facts (state the facts briefly without citing cases):
where as in ground One Counsel failed To supply The defendant with Facts in The report "Presentence Report" failed To inform defendant of Rule 32 or attack courts Failure To Rule 32

If any of the grounds listed were not previously raised, state briefly what grounds were not raised, and give your reason(s) for not doing so: Grounds of ineffective Counsel grounds suppression of favorable evidance, lack of investigation of evedance, mental condition were verbaly brought up at sentencing continuance was denied and with draw of Plea was denied defendants leagal Knolage To errors only Now knows Counsel Refuses To act As To errors That have brought To her attention EX2,BIT (A)
Wherefore, movant asks that the court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of attorney (if any)

I declare the truth of the above under penalty of perjury.

Jan 30 2006
Date Signed

_____
Signature of Movant
(Notarization not required)

forms/mtnpcr.wp
Revised 9/2002

F

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND For KenT COUNTY

MonTy C Pepper

CA. no.#

STaTe of Delaware

Memorandum of law in supporT of
Rule 61 MoTion For PosT ConvicTion RelieF

The defendanT MonTy Pepper Pro Se moves This
Honorable CourT pursuanT To Superior CourT Criminal Rule 61
To reverse his senTence and or upon defendanT haveing
been appoinTed counsel have The righT To wiTh draw
Plea or demand specific preformance

The defendanT was indicTed on
The defendanT enTered a gilTy plea To The Fallowing
1cT Del Code 11§772
2cT Del Code 11§1111
3cT Del Code 11§1109

DefendanT Prays The courT To AccepT This moTion of posT
convicTion 61.. Where iT being some 60+pages due To The FacT
ThaT D.C.C. Law Library has only 2 TypwriTers and defendanT
is resTricTed To 8 hour a week access and is refused exTra Time To
Type and or research By Head of LawLibrary E Johnson

To The CourT

The fallowing memorandum of legal argumenTs are submitted as quesTons of law nothing with in This memorandum of law should be considered a opinion of The defendanTs Lack of remorse or a beliTTle menT of any act, Charge, law, or JudgemenT of This courT

DefendanT undersTands The serious naTure of The offences which he has been Charged

DefendanT under sTanding The CourTs responsibiliTy To deTer FuTure Crime and public SafTy also under sTands The courTs responsibiliTy To Fashion a senTence To The leasT resTricTive senTence To assure The public safTy and To make use of senTence alTernaTives . such as rehibilaTion menTal healTh (senTac Bench book)

DefendanT also under sTanding The offence he is charged with has with iT a burden of discusT which affecTs The JudgemenT of The courT . with out a de fence as oTher crimes hold The defendanT counsel did Fale To be a advocaT For The defendanT

Where The courT has noT Taken inTo accounT The defendanT addicTions medical hisTory or The TruTh where The plainTiff is conserned, Where a lie deTecTor would sTop prosicuTions such as The defendanTs . The defendanT dose hold ThaT his son maTThew is The mosT imporTanT and The damage done has had negaTive affecT on all who are involved defendanT dose beg For LeanTanicy From The courT when all facTs are properly broughT before The CourT

F

Additional Grounds    and supporTing FacTs

12 Ground Twelve: denial To right of affecTive Counsel
Beth SaviTz Failed To invesTigaT and deTermin The meaning of Del Code 11>1109 "TransmiT" and depicT where depicT is a same and lesser offence of Del Code 11>1111

13 Ground ThirTeen: defendanT denial of FifTh amendmenT and SixTh amendmenT righTs where Counsel Failed To informe defendanT of righT of indicTmenT. and Grand Jury selecTion or indicTmenT language

14 Ground FourTeen: Grand Jury Failure To adhear To Superior CourT Criminal Rule 7(c)(1) Language in IK04030351→65 was noT wriTTen in concise plain definiTly wriTTen To show "dealing"

15 Ground FifTeen: double Jeoperdy and "included and Lesser offence where each has a meaning ThaT should be differenT where The Grand Jury should had higher FacT Than "depicT"

16 Ground SixTeen: ineFFecTive Counsel BeTh SaviTe admiTTed she had never had a sex case beFore my case counsel was ineFFecTive Failed To File proper moTions or prepair For courT

17 Ground SevenTeen: ineFFecTive Counsel BeTh SaviTz refused To Talk To The defendanT when called By D.C.C, defendanT was Told By oD.C.C, in AFiTdavid Jan/20/06 ThaT BeTh SavaTz said she was Too busy To Talk To The defendanT

18 Ground EighTeen: defendanTs FirsT AmendmenT RighT denied and TaKen as his voTing righT was Taken againsT I AmendmenT and wiTh ouT due Process

19 Ground NineTeen: defendanT was charge and convicTed of a "VíolenT Crime" wiTh ouT due Process 14 AmendmenT F

20 Ground Twenty : The Court revoked The Delaware Driver license with Due Process of The 14th Amendment and further The law of revoketion is not rational related To The instant case

21 Ground Twenty one : The law pertaining To sexual conduct age "Knowingly" consent consent marrage as a exzemptio To law Thats Del Codes 13:123 11:762 11: 770 - 772 Affirmative Defence of Social Companoun

22 Ground Twenty Two: The use of The Bible Phraise "Do you swear on The Bible of The one and only all mighty God" at swearing in against The 1st Amendment and 6th Amendment on bias Jury and This prejudice The defendant bias Court

23 Ground Twenty Three:

E

## Ground 1

Defendant Argues That he was denied his right To due process and equal protection guaranteed by The FourTeenth Amendment of The United STates ConsTiTuTion during The senTencing on 4/15/2005 Where The CourT errored by "noT" affortIng The <u>defendant</u> or defendants counsel a opporTuniTy To commenT on The PresenTence ReporT as required by Rule 32(3) Superior CourT Rules and FundamenTal fairness

Rule 32 (3) reads as fallowes

(3) Disclosure aT leasT 7 days before imposing senTence The CourT "Shall" allow The defendant's counsel and The aTTorney genral To read The presenTence invesTigaTion reporT including The informaTion required by subdivision (c)(2) buT noT including any Final recommendaTion as To senTence The courT "shall" afford The parTies an opporTuniTy To commenT on The reporT and in The discreTion of The courT To presenT informaTion relaTing To any alleged FacTual inaccuracy conTained in iT

Defendant has noT read The presenTance reporT or vicTum impacT sTaTmenT, The use of uncorraboraTed evedence For senTencing did cause prejudice as To senTence

Due To counsels ineffectiveness counsel failed To informe The defendant of what The presentence report proceedure's were pertaining To Rule 32 and failed To informe The defendant of The statments of evedence contained in The report. There for causing prejudice at sentencing and denieing right of due process

in reflecting  Moore V State of Delaware Doc# 517 (2004) where The Supreime Court ruled as fallows

"in short Rule 32  requires disclosure of every portion of The presentence report except final recommendation as To sentence. The redacted  presentence report That was made available To "moore"(defendant) prior To sentence did not comply with Rule 32 in other contexts failure To adhear To a court rule might not constitute Reversible error, Here however "moors"(defendant's) right To know what was in The "Burris" statement exist independant of any rule

This court has held That a "defendant must be given some opportunity To explain or rebut any uncorroborated evedence upon which The court relies in makeing a sentence determination as a matter of fundamental fairness"

The Trial court stated That it Throughly reviewed The report. Where (moore) should have been given The opportunity To address Burris statement before being sentenced it did cause prejudice if The court relies on uncorroborated facts in a victum's statment The statment can not be withheld from The defendant

F

As in The instant case The defendant has not seen The report and as in The (Moore) case The presentence report was given To The prosicution and was used in determining The sentence. And The defendant was not given a opportunity To address any statments in The report There For Caused prejudice

There for The Court errored

The defendant's counsel also errored by not objecting To The error and as The october 20th 2005 Letter From counsel To The defendant shows That counsel is ignorant To Rule 32 where counsel describes The rights To The report is incorrect as well shows of possibal error and shows no attempt To correct The error. (Letter exzibiT A) by

Counsel was made aware of The error and as reflected in The oct 20 Letter counsel admits That she has not seen The presentence where if she had errors would had not happen Futher more The factual basis for The plea were not established The defendant did not admit To Touching The victums vigina as she says was done as addressed in ground (3) Three

## Ground 2

DefendanT argues ThaT he was denied due process where The sTaTe failed To FulFill The recommendaTion agreement as puTfourTh on The plea. The recommendaTion was noT FulFilled did prejudice The defendanT aT senTencing and did denie due process under The ConsTiTuTions FiTh AmendmenT and The FourTeenTh AmendmenT

The agreemenT of sTaTe To The recommendaTion as Fallowes : The STaTe agrees noT To recommend more Than 10 years LvV aT senTencing : This agreemenT was in parT The inducemenT To accepTing The plea Also The T.I.S. SheeT shows ThaT The defendanT was Told 2-5 years up To 10 and minimum mandiTory The mandiTory was crossed ouT and counsel said ThaT up To 90 days a monTh good Time no mandiTory as The T.I.S. sheeT will show (ExzibiT B) ILS sheeT inclosed and copy of plea (exzibiT C) inclosed . First 2 years no good Time

ConsTiTuTional law 265.5

Breach of plea agreemenT implicaTes consTiTuTional guaranTee of due process

USCA    ConsT Amend 5    ConsT Amend 14

Byrd v US    801 A2d 28 (2002) , Royer v US  772 A2d 837 (2001) Criminal Law 1181    criminal law 273.1 (2)    criminal law 273.1 US v Brown    500 F2d 375

where aT The plea collique The counsel For The defendanT made The courT aware oF The agreemenT as required And The defendanT being aware ThaT The CourT is noT Bound by The recommendaTion however The sTaTes Failure To FulFill

There agreement may have with good probility made
a difference at sentencing as the sentence was increased
defendant argues That as inducement, counsel for
The defendant stated That The states recommendation
would usally perswade's The court To stay within That
recommended sentence and The defendant antisipated a
"full hearted effort" by The state To fullfill The agreement
as counsel for the defendant assured him They would if
The defendant accepeted The plea a contract

At one point counsel stated The state would cap The
sentence which was unTrue This was heard by The defendants
Father Richard Pepper

Because The State failed To fulfill The agreement
of The recommendation did cause prejudice where the
defendant recived 13 ½ years over The maximum sentence
agreed upon in The plea and was anTicipated by The defendanT

crim Law 118 1

where state failed To keep a commiTment conserning
sentence recommendaTion on a guilTy plea The UninTed STaTes
Supream CourT would remand The case To staTe courTs To
decide wheaTher circumsTances of case required only ThaT
There be specific performance of The agreement on The
guilTy plea or weather circumsTances required ThaT petiTioner
be granTed opporTuniTy To with draw his guilTy plea
        Fed Rule  Crim Proc rule 11  ,  18 US.C.A.

Due process of law demands That when a plea rest in any significant degree on a promise of agreement of The prosecuTor so ThaT iT can be said To be parT of The inducemenT or consideraTion. such promis musT be Fulfilled iF The promise can noT be Fulfilled and The deviaTion is maTeral The waver of consTiTuTional righTs ThaT a guilTy plea represenTs is invalidaTed and can noT be enforced

U.S.C.A. consT Amend 14    Byrd v US 801 A2d 28 (2002)

Due process of law demands ThaT when a plea resT in any significanT degree on a promis or agreemenT of The prosecuTor so ThaT iT can be said To be parT of The inducemenT or consideraTion iT musT be Fulfilled

Royer v US  772 A2d 837   (2001)


Holding ThaT where The prosecuTor promised To recommend a paTicular senTence The mere half harTed reciTaTion of a suggesTed senTence would noT saTisfy The plea agreemenT

US v Brown        500 F2d 375   (4cir 1974)
688 F2d 31  (1983)


ConsTiTuTional Law 265.5
Breach of plea agreemenT implicaTes consTiTuTional guaranTee of due process
U.S.C.A. ConsT Amend 5    ConsT Amend 14

E

7

Futher more    The    failure   of   Prosecution   To
Fulfill   The    agreement of recommendation    was    not
accidental    and   possibaly was  The  intent  not  To do so

   defendant   Through  research  investigating case law
has   found   cases  where   a  Prosecution   in a case   used
The   same   wording  of recommendation   As  prosecution  used in
The  instant   case    There   The  use of the wording
"The state agrees "not "To recommend" was   purposly
used  To  deceive  To  intice  a  plea  and Then not
fulfill  The  recommendation  because of  The  word "not"

   if in  The  instant  This  was  The  intent  of The
prosecution  To  deceive   The  defendant  and The defendants
counsel, This  Trickery  would  show  The  vindictive  behaviory
by  The  prosicution , as-well  as  ineffectiveness  of  counsel
where  defendant  under  The  sixth  amendment  has a right
To  effective  counsel " prosectural vindictiveness  is addressed in "ground (6)
six"   in  The  refferd To  cases   The  Supream  Coort
found  That  The  deception  was  unjust and The  wording
was  against  The  spirit  of The  plea


   Under standing  That The  Coort  is  not  bound  by
recommendation  The  fact  That  The  agreement  was not
fulfilled  did  cause  prejudice  where  if The  state  had made
a  full harted  effort  The  probility  That  The  sentence would
had  been  different

F

8

## Ground Three

Defendant argues That he was denied his right To effective assistance of counsel guaranteed by The Sixth Amendment of The United States Constitution during sentencing. Where Counsel <u>Sheryl Rush Milsted</u> failed To object To, or address The proceedural Error at sentencing where The CourTs failure To adhear To Rule 32 caused denial of due process and fundamental fairness To The defendant and did cause prejudice

Defendant argues That if not for counsels errors The defendants sentence would had been different

Defendant argues That Counsels representation fell below an objective standard of reasonableness and That counsel's inadequat performance at and before sentencing conserning The PreSentence report and VicTum impact statement under Rule 32 Supreme CourT Rules dose fall below The STrickland standard in determining The effectiveness of counsel             STrickland v WashingTon 104 SCT 2052

Where counsel failed To allow The defendant To Know whaT The presentence report or victum impact statement held as To evidence, That would be used in deciding The sentence The defendant would receive

Where counsel failed To inform The defendant of Rule 32 or The defendants right To address The

9

evidence in The pre senTence reporT or vicTum impacT
sTaTe menT or The right To RebuTe uncorraheraTed
evidence aT senTencing wiTh in These reporTs

These errors by counsel when The courT failed
To Fulfill Rule 32 as described in Ground (1) did cause
prejudice as To senTence and righTs of The defendanT

As The enclosed LeTTer DaTed ocT 20 2005
when The defendanT afTer hours of reserch realized
ThaT There was an error defendanT requesTed by leTTer
copys of The Plea agreemenT and presenTence reporT
and informed counsel of The errors (ExzibiT A)

The ocT 20 2005 LeTTer, was counsels response
where on Line one iT quesTonable if counsel has ever seen
The plea "This is addressed in oTher grounds" buT on Lines
4-7 The counsel is in error wiTh reguards To Rule 32 and
counsel 'is aware" of a possibal error by The courT and
counsel, on line 9-10 counsel shows Lack of consern
acTually insinuaTe's ThaT The defendanT should aquire
TranscripTs him self This in proof of counsets noT being
an advocaT for The defendanT
Line 1   I Looked Through The file buT could noT locaTe
a copy of The Plea AgreemenT

Line 4-7 wiTh regard To The presenTence reporT ThaT is
produced for The daTe of senTencing only ATTorneys
are noT permiTTed To make copys of iT nor To shair

iT with any one besides The client on The
sentencing date after which iT must be reTurned
To The Court  However if you have a copy of
your senTencing colloquy Than you can ~~can~~ revew iT
To see if The Court erred

Line 9-10    if you should as you would do so enforma
pauperis  so ThaT iT would be produced wiTh ouT any
cosT To you    (This is in consern wiTh Transcripts)
        "Before imposing SenTence The courT shall"
    Rule 32 (A) 1 A      The CourT Shall
(A) deTermin ThaT The defendanTs counsel or when The
defendanT acTing pro se The defendanT have had an
opporTuniTy To read The preisenTence invesTigaTion made
available prusuanT To subdivision (c)(3)
    Rule 32 (e)(3)

        Disclosure aT leasT  7 days before imposing senTence
The courT shall allow The defendanTs counsel and The aTTorney
Genral To read The presenTence reporT in cluding  The
informaTion required by Subdivision (c)(2) buT noT including any Final
recommendaTion as To senTence The courT <u>Shall</u> afford The
parTies an opporTuniTy To commonT on The reporT and in The
descreTion of The courT To presenT informaTion relaTing To any
alleged facTual inaccuracy  conTained in iT


        As I have shown  by The leTTer from counsel
compaired To The Rule 32 ThaT counsels Knolage

of proper   procedure   concerning   court procedures
Rule 32 (a)(A)   and Rule 32 (c)(3)   did in fact fall
Fare below   The strickland   standard

criminal Law    641.13(1)

To succeed on a claim. of ineffective assistance of counsel
defendant must not only make concreat allegations of cause and
actual prejudice but he or she also must substantiate them
        U,S,C,A, Const Amend 6
    Criminal Law        997.2

    Ineffective assistance of counsel constitutes "cause"
for failure to raise challenge prior to collateral review under
statute providing for correction of sentence
        28 USCA §2255       U.S,C,A, Const Amend 6
    Criminal Law 641.3

    Defendant is entitled to reasonably competant assistance
of counsel at each stage of the proceedings from pre plea
investigation to preparation to advocacy at sentencing
        U,S,C,A,    Const Amend 6


    As shown any reasonable counsel should have knolage to
defend their client, when counsel falls below a reasonable
standard of competence as it dose in the instant case
This affects professional decisions and legal choices that
prejudice the defendant in getting effective counsel and
prejudice the outcome of the sentence and plea and is against
the 6th Amendment and falls far below the Stric Tland standard

## Ground Four

Defendant argues That he was denied his right To effective assistance of counsel guaranteed by The Sixth Amendment of The United States Constitution during sentencing and under The Strictland standard

Where counsel Sheryl Rush-Milstead did at sentencing hearing fail To object or address The states failure To fulfill The agreement of recommendation set forth in The plea agreement, as a result The plea agreement was not fulfilled

The agreement of recommendation reads as fallows quote : The State agrees not To recommend more Than 10 yearlv at sentencing : (copy inclosed )

defendant as part of The inducement To accept The plea expected The state To fullfill This agreement where counsel (Beth Savitz esq) assured The defendant They would, and That The recommendation would help perswade The court in The defendants favor at sentencing

Where as described in ground (2) The state did not fulfill There agreement, and The defendant was sentenced To 13½ years over The agreed plea .

defendant realizing That The court is not bound by a recommendation when however There is such a agreement and That agreement is not fulfilled There is a reasonable

probability ThaT if iT had been fulfilled The senTence would had been differenT

defendanT ~~is~~ conTends ThaT if noT for The counsel's failure To invesTigaTe and develope a compleTe knolage of The insTanT case and plea agreemenT as well as The T.I.S. sheeT The ouT come of The senTencing would had been differenT as well as The Rule 32 wiTh draw of plea moTion.

These errors and omissions Leaves in quesTion of counsels effecTiveness under The sTrickland sTandard where These errors were apperanT and caused prejudice

The sTrickland courT acknowledged ThaT The sixTh AmendmenT imposes on counsel a duTy To invesTigaTe because reasonably effecTive assisTance musT be based on — professional decisions and informed leagal choices can be made only afTer invesTigaTion of opTions idAT 2060

Where The sTaTe may conTend ThaT The use of The word "noT" in The recommendaTion as a defence and conTend They fulfilled There agreemenT, This would only be evidance of Trickery To mislead or deceive The defendanT inTo accepeTing The plea and would go againsT The ~~spiriT~~ spiriT of The rule of law

14

defendant contends that the errors and lack
of profeshinal Legal decision's due to the lack of
proper investigation by counsel did cause prejudice
and did fall below an objective standard of
reasonableness and there is a reasonable probability that
but for counsels error the results of the defendants
sentence would have been different

F

Defendant argues That he was denied due
Process guarinteed by The FourTeenTh Amendment due
To ineffective counsel, gaarinTee of The SixTh Amendment
of The United STaTes ConsTiTuTion a defendanT is inTiTled
To effecTive counsel and SuperiorCounT Rule 11 (2)
where Counsel Failed To investigaTe and put FourTh To
The CourT as a advocaT For The defendanT miTigaTing
evidence, or acT as a advocaT aT any leveal

Criminal Law 641.3

Defendant is enTiTled To reasonably compeTenT
assisTance of counsel aT each sTage of The proceedings
From pre plea investigaTion and preparaTion To advocacy aT
senTencing          U.S.C.A.   ConsT Amend 6

Defendant argues ThaT due To counsel suppression of
favorable evidance and miTigaTing evidance did cause prejudice
and denial of due process righT aT and before senTencing

DefendanTs counsel made no aTTempT To investigaTe The
defendanTs back ground work hisTory. family hisTory or defendanTs
son nighbors or family To esTablish miTigaTing evidance To
supporT The defendanT aT senTencing   "record will show"

Counsel For The defendanTs Failure To investigaTe
These FacTs as well as Failure To investigaTe The informaTion wiThin
The presenTence reporT did allow For no miTigaTing evidence
To be presenTed aT senTencing as The senTencing order would
refllecT (inclosed) There For no posiTive informaTion was
made Known which did denie The defendanT effecTive counsel
as well as caused exTream prejudice aT

F

senTencing  hearing

Counsel for The defendanT did however order a
Psycho - Forensic EvaluaTion.  This was ordered "noT To
defend The defendanT" buT To show The defendanT had
no grounds To wiTh draw his plea  on moTion To wiThdraw.
as a resulT Counsel for The defendanT informs The courT
ThaT The defendanT was and did Knowingly accepT The plea,
where The defendanT made a clame of "emoTional disTress"
and "major depression" which affecTed his judgemenT counsel
denied ThaT FacT  (senTence Collique )

Where on page 2 of This reporT From 4/15/2004 Through
11/15/2004  The defendanT had soughT help from CaTholic
ChariTies  and was precribed medicaTion By Dr Borer for
depression anxieTy . and sTress .  The reporT sTaTes ThaT
quoTe : Mr Pepper was noT menTally or emoTionally sTable. Throug-
ouT This enTire period in facT CaTholic ChariTies indicaTed in
Their records ThaT he was sTill in need of TreaTmenT and medicaTion
aT The Time TreaTmenT TerminaTed  11/23/2004 :   ExZibiT (D)

Counsel for The defendanT only made <u>her</u> "opinion"
known noT The FacTs wiThin The  Psycho-Forensic EvaluaTion
Counsel made "<u>her own  opinion</u>" of The menTal sTaTe of
The defendanT . Counsel did noT make iT known ThaT The
defendanT was precribed  Paxial and Zyprexa (a anTi-
psychoTic agenT used To TreaT bi poler disorder)

Where= aT senTencing This psycho- Forensic Evaluation was again noT broughT To The attiTion of The CourT when facTs in The reporT could be help full Te The defence of The defendanT as To The miTigaTing FacTs

The SenTencing RecommendaTion in The reporT To was wiTh held from The courT where The EvaluaTer James F Dunn MHS, CAC-AD "did make a recommendaTion ThaT The defendanT be considered for The "minimum" senTence allowable by sTaTuTe"    ExzibiT D page 2

Counsels failure To effecTivly invesTigaTe and bring To The courT miTigaTing FacTs and evidence in The psycho-Forensic Evaluation as well as evidence ThaT an invesTigaTion of back ground of The defendanT would have added posiTive miTigaTing FacTs and evidance in favor To The defendanT This was no less Than ineffecTiveness by counsel and fell far below any reasonable sTandard and if iT werenT for counsel ineffecTiveness The ouT come of The moTion To wiTh draw plea as well as The ouT come of The senTence ThaT The defendanT recived would had been differenT

un like defense of duress To underlying criminal acTs allegaTion of coercion aT plea sTage gose direcTly To volunTariness of plea and is proper basis For collaTeral aTTack

USV Williams    838 F Supp 99    DC

18

mitigating evidence  That counsel failed To present To The court in a short form

defendant was a single Father of his 9 year old son from 1995 when his son was 6 monTs old unTill presant

defendant was buying his home

defendant son had a sTable enviromenT

defendant was and has been emploied

defendant did attend school funcTions Teacher meaTings ecT

defendant raised his son properly

and more These were JusT a few miTigaTing facTs The Counsel for The defendanT Failed To invesTigaTe There are many more noT lisTed

Also The defendanT did have a addicTion which also could be presenTed To The CourT buT was noT

Counsel's Failure To invesTigaTe These FacTs would had made compairing FacTs in The presenTence reporT impossibal

Counsels Failure To be an advocaTe where only evidence To defeaT The moTion To with draw plea was enTered inTo courT no miTigaTing evadence

As required by The 6 AmendmenT a advocaT is a person who pleads on behalf of The defendanT Counsel Sheryl Rush MilsTead did noT Fulfill This FuncTion required of her by law and The 6 AmendmenT

19

## Ground Six

The defendant argues That he was denied due process guarinTeed by The ConsTiTuTion FourTeenTh Amendment. due To prosicuTion misconducT

Where The defendanT's abiliTy To geT a Fair Plea from The ProsicuTion was prejudiced by ProsecuTorial VindicTiveness and misconducT

When on Feb    2004 where under agreemenT by defendanTs Counsel, Prosecution, and DecTive Wood of The sTaTe police The defendanT upon a warranT For his arresT on charges #0402012084 would be released on unsecured bail and noT have To posT bail, in exchange For The defendanT Turning him self in; Which The defendanT did. AfTer The defendanT was arresTed, booked, and prinTed, DecTive Wood informed The defendanTs counsel ThaT The ProsecuTion "reniged" would noT Fallow The agreemenT and wanTed a high secure bail

While aT Troop 3 on Video CourT counsel for The defendanT made The Judge aware of The agreemenT and The FacT The ProsecuTion was aTTempTing To "renige" on The agreemenT. DecTive Wood informed The Judge of The agreemenT and The FacT ThaT _he and The ProsecuTion_ wished To renige on The agreemenT. The Judge however enforced The agreemenT and The defendanT was released. TranscripTs will show

Where on 4/05/2004 case # 0402012084 The

F

Case was² Consolidated into This case. during That
hearing due To The ineffectiveness and misconduct of
The defendants counsel bail was incresed From 0 Te
30.000 secured. This is addressed in fallowing grounds of
ineffective Councel Ground (#) The defendant Lost placement
of his son at This point which devestaTed The defendant and
his son

On 5/13/2005 an Motion For Modification of Bail
counsel for The defendant at defendants request petitioned for
VisiTaTion of The defendants son Matthew Pepper 9 years
old

Prosecution in a manner which can only be described
as  <u>vicious</u>, <u>vindictive</u>, <u>abusive</u>, misconduct did in addressing
The court did commit "perjure", Lieing To The court while
at The same Time bending over at The defendant in
a ThreaTening and demenning manner directing The staTments
at The defendant insTead of The court This was witnessed
by The sitting Judge Freud Andrea Maybee, Counsel, parients of
The defendants, <u>counsel made no objection</u>"

Prosecution in a abusive Tone Tells The Court if Mr Pepper
would allow The state To quesTon his son The state would allow
mr Pepper To visiT his son at his (mr Peppers) mothers home but
mr Pepper has "refused" our requesTs To quesTon his son ;

This sTaTe ment was a Lie. The prosecution never asked
FurTher more DeTecTive Wood did quesTon The defendants
son illegaly during a search warranT, with out permissior
and asked sexual quesTons and quesTons abouT The insTanT
case This is addressed in ground (10) abuse of warranT

Prosecution "Then states That mr Pepper (The defendant) had over Two hundred imiages of " children haveing sex with adults" on his computer's again in a abusive Tone

"This Too was a Lie" where There were not Two hundred images of such as Prosecution describes as The Prosecution which had discovery on 3/19/2004 and had To know That There were not, and That all images in quesTon were deleated, and were not as Prosecution describes To deceive The Court in Favor of The prosecution "defendants counsel makes no objecTion"

This deception of The Court and The abusive behaviour directed aT The defendant was pure vindicTiveness FormThe defendant exerciseing his rights To request visiTaTion of his son who would be witness For The defendant

Prosecution after "The visiTaTion was granTed" did in The in The presence of The defendant, The defendants counsel, and The defendants ParanTs, Richard and EsTher Pepper again in a vicious, vindicTive, abusive, manner Tell The defendant ThaT quoTe : oh! By The way we have witnesses who have seen mr Pepper (defendanT) picking up his son aT The bus sTop : Then sTomped ouT of The courT room        This To was a Lie

"deFendanTs counsel did noThing"

ProsecuTions behaviour can only be described as vindicTive misconducT or ProsecuToral vindicTiveness and This vindicTiveness had a direcT "Prejudice" on The bargaining For a JusT Plea as well Prejudice any cooperaTion by

by The defendant and The State. Counsel for The defendant made
no attempt To object To lies or actions of Prosicution

Prosecution at first case review demanded 10 years
Level V defendant refused offer, There was no barguining
only a demand   Counsel

Prosecution at second case review againd demanded 10 year
Level V defendant refused untill defendants counsel
said There were no way To win and The defendant
would get 130 years in prison if The defendant Lost

Counsel for The defendant Than said That The
state would cap at 10 years no good Time on First
Two years and 90 days a year good Time after That
and defendant would only get up To 10 years if
The court agreed. and That The state would at
sentencing agree not To recommend more Than 10 year
. The defendant was Told with The states recommendation
The court would stick To The plea and That a
presentence report would help. and That I should
plea quility To The court and To The pre sentence
investigator

The defendant "did not" Tell The presentence
investigator That he put his hand on The victums
vigina or brest only That he Touched her. The defendant
could not say he had done what The victum said it is a lie

To verify what The defendant puts fourth we request a
hearing with Judge Andrea Maybee  Mr Richard and Esther
Pepper and Transcripts of hearing  and pre sentence report

ca 4 va 1994

In certain cases where detrimental action was
taken against defendant by government immediatly
fallowing defendants exercise of rights court presumes
improper vindictive motive on part of prosecutor
        US V Fiel        35 F3d 997

Presumption of prosecutorial vindictiveness generally
arises where defendant is reindicted after he or
she exercises her Legal right To Trial de-novo
Fallowing a successful post conviction appeal

not every improper remark by a prosecutor requires
reversal but only That which prejudically affects substantial
rights of The accused      Sexton v State Del Super 397 A2d 540
397 A 2d 540 (1979)  Hughes v State Del Super 437 A2d 559 (1981)

The prosecutions misconduct as shown caused extreim
prejudice in any bargening for a plea and The incffectiveness
of counsel allowed for This prejudice with out objection's of
any kind if not for prosecutions misconduct The outcome of
a plea agreement may have been different and counsels ineffective
behaviour added To defendants duress

## Ground Seven

defendant argues his rights To due process was denied as guarinteed by The United STates ConsTiTuTion

where The CourT Failed To Fallow rule 11 (f) in Superior CourT Rules denied due process, To The defendanT

Rule 11 (f)    DeTermining accuracy of plea not withStanding The accepTance of a plea of guilTy or nolo conTendere The courT should noT enTer a judgemenT upon such plea with out makeing such inquiry as shall saTisfy iT ThaT There is a FacTual basis For JudgemenT

The CourT Failed To esTablish FacTual basis where The defendanT did noT describe The acTs of The Charge of offence of Del Code 11 § 772 aT sentencing or before sentencing. The courT noT FulFilling Rule 32 (3) where The presenTence reporT which The CourT relied upon For The FacTual basis To be presenTed was noT and in The reporT The defendanT did noT admiT To The offence 11 § 772 as described by The vicTum. The defendanT said only quoTe I roled over and Touched her. The defendanT did noT say ThaT he Touched her vigina or any acT of peniTraTion. where ThaT was noT True and The vicTum is noT being TruThFull and was physically ThreaTend by her aunT "Anna" when she was coughT smokeing

25

## Ground Eight

Defendant argues that his right of due process of the Constitutions Fourteenth Amendment was denied and Double Jeopardy at sentencing under the Fifth Amendment of the United States Constitution

Where the courts error in not fulfilling Superior Court Rule 32 as described in Ground (1) The result was a deviation from the accepted plea and in proper use of sentencing guidelines.

The Courts failure to include in the sentencing order mitigating facts or facts from the Pre Sentence report or any facts to support a increase of prison time Level V over and above the plea agreement

The Courts use of a aggravating fact of "crime against a child" is allready included in the charge of Rape 2 Del Code 11 § 772 and guide line was allready taken punshment into account, by adding this a second time is no less than Double Jeopardy where adding additional punshment for the same fact used for sentencing. This would be no different than being charged for the same crime twice and punshed twice against the fifth Amendment

This inproper use of the guide lines caused prejudice in the sentence the defendant recived as well as being unJust and unfair and unConstitutional

This error and The Lack of reasoning of FacT in The senTencing order dose indicate    a courT with a closed mind which violaTes The inTenT purpose and speriT of Rule 32

Del super 450 A2d 400 (1982)

Del Code 11 § 772    reads as Fallows

(h) The vicTum has noT yeT reached his or her sixTeenTh birTh day and The defendanT sTands in The posiTion of TrusT authorTy or supervision over The __child__ or is an inviTee of designee of The person who sTands in TrusT auThorTy or supervision over The __child__

SENTAC    under  11s 772 Del Code Takes inTo accounT seperaTly Sub secTion (h) with a  10 year senTence where  Del Code 11s772 is a crime againsT a child as iT decribes  and adding a second aggravaTing FacT of crime againsT  is a second punshmenT For The same crime .

ie " unlike LeTs say assulT or robbery where The crime descripTion dose noT include a age limenT and involvemenT of a child There The added  FacT used in senTencing "a crime againsT a child" would noT be a FiTh AmendmenT yeT would sTill have To be proven or admiTTed To under The sixTh AmendmenT as a " FacT of a crime" and as a FacT of a crime a crime againsT a child is a FacT of The crime under Del Code 11-772 (h)

Double Jeopardy    Clause

no person shall be subject for the same offence
to be twice put in jeopardy of life of limb against
reprosecution for the same offence after aquattel protects
against prosecution for the same offence after conviction
protection against multiple punshment for the same
offence    U.S.C.A. Const Amend 5


9002 Definitions "Child" shall mean an unmarried
person who is under 18 years of age and shall include
the stepchild foster child or adopted child of the victom or
conceived prior to but born after the personal injory ordeath of
the Victom

11 1103    Definitions relating to children
(e)    Child shall mean any individual 18 years of age
or less for the purposes of §§ 1108 1109 1110 1111 and 1112a
of this Title " child " shall also mean any individual
who is intended by the defendant to appear to be 14
years of age or less


Del Code 11 § 778 (h) reads as fallows
(h) The victom has not yet reached his or her sixteenth
birthday and the defendant stands in the position of Trust
authority or supervision over the Child or is an invitee    or
designee of the person who stands in Trust authorty or
supervision over the Child


This describes a a crime against a child and

2

as a fact of The crime and a punshment of That crime includes The fact of "crime against a child" This can not be a added fact where aggervating Factors are just That Facts and as The sixth Amendment requires any evidence or uncorrabated evidence must be presented To The defendant, if it is used To or at sentencing

# Ground Nine

Defendant argues That his right To effective assistance of counsel was denied That is guarnteed by The sixth amendment of The United STates ConsTiTuTion

defendant conTends ThaT counsel had knolage of The defendanTs menTal condiTion and Failed To Toke The proper acTion To assure a Fair JusT plea, by noT invesTigaTing The defendanTs menTal healTh even Though counsel was informed ThaT The defendanT was beeing seen by a psychiaTric DocTor AT CaTholic ChairiTies where The defendanT was diagnosed wiTh Major Depressive Disorder, Severe, wiTh ouT PsychoTic FeaTures he was proscribed PAxil and Zyprexa (an anTi psycoTic agenT also used To cTreaT bi poler disorder) This Leaves in quesTon The knowlingly oF accepTing The plea    ExzibiT D

As The sixTh AmendmenT requires ThaT counsel will be advocaT For The defendanT where BeTh SaviTz Failed To File under Superior CourT Criminal Rules 12.2 (B) where The condiTion of The defendanT was evidanT

on or around 4/13/2005 The new appoinTed Counsel had a Psycho-Forensic EvaluaTion done in The reporT The evaluaTor James Dunn MJ,S, C.A.C. A.D. invesTigaTed The condiTion oF The defendanT during The summer oF 2004 From 4/15/2004 To 11/23/2004 The conclusion ThaT The evaluaTor came To is quoTe Based on The records From CaTholic ChairiTies iT appears ThaT despiTe receiving TreaTmenT Mr Pepper was noT menTally or emoTionally sTable ThroughouT This enTire period

58

As The report shows ThaT The Superior Court
criminal Rule 32 is in question where The defendants
menTal state was noT in The state required To
understand The Law or The Law when iT preTains To
The plea due To duress menTal stability

As The defendanT has shown in other grounds ThaT
now he understands more clearly whaT he is being charged
with and as other grounds show The error of Rule 32(3)
errors with senTence recommendaTion The error of counsel in
objecTing or aTTacking These errors JusT as The menTal sTaTe
only now dose The defendanT understand The errors

Even with The charge under 11$1109 dealing in is
a crime ThaT The defendanT is noT guilTy of and eridence
will prove ThaT FacT dealing is a acT oF sending TransmiTTing

defendanT conTends ThaT if counsel had soughT ouT
a medical evaluaTion in lines with Super CorT Rule 12.2.(B)
The plea would had been delayed To sTable lize defendanTs
condiTion The defendanT did Loose his son during This Time
which devesTaTed The defendanT being he was a single FaTher
This caused prejodice where The plea was accepTed wiTh ouT
The proper knolage and Knowling due To The Paxial and
Zyprexa where The plea sTaTs There was no medicaTion
counsel knew defendanT was on and counsel Filled ouT
T.I.S. sheeT with Her BeTh SaviTz hand wriTing The defendanT
could noT fill iT ouT due To emoTionall disTress yeT
counsel did noT cair of The condiTion of The defendanT
againsT professinal ConducT rules of aTTernies

F

if not for the ineffectiveness of Beth Savitz est
and the lack of investigation into the mental well being
of her client after knowing the condition of her
client This was unexcuseable and fell far below any
standard of reasonableness expected of a attorney defending
there client and if not for this behaviour of counsel
the defendant would probably not have accepted the
plea and may had went to trial in stead

   The defendant would not have plead guilty to the 15 Teen
charges under 11 s 1109 Del Code

   Attonney and Client 106

       Defence counsel is expected to be an advocat for his client
in any adversary proceeding but must function as a counsler as well
U.S.C.A, Const Amend 6

   criminal law 641.3

   Defendant is entitled to reasonably competent assistance of
counsel at each stage of the proceeding from pre plea to advocacy
at sentencing          U.S.C.A. Const Amend 6

       Superior Court Criminal Rule 12.2 B

   Expert Testimony of Defendants mental condition if a Defendant
intends to introduce expert Testimony Relating to a mental illness
Defect Psychiatric Disorder or any other mental or emotional condition
of the defendant Bearing upon the issue of guilt The defendant shall
within the time Provided for the filing of Pretrial motions or at such Later
Time as the court may direct Notify the attorney genral in

32

in writing of such intention and file a copy of such notice with the Prothenotary The court may for cause shown allow late filing of the notice or grant additional time to the parties to prepare for trial or make such other order as may be appropriate

F

33

## Ground Ten

defendant argues his right To effective Counsel guaranTeed by The sixTh AmendmenT was denied and as so did cause prejudice To The ouT come of The defendanTs case where werenT For The errors of counsel BeTh SaviTz esq  The defendanT may noT had Taken The plea or The ouT come of The plea would had been differenT and The evidence in The Search WarranT should had been suppressed

Counsel BeTh SaviTz esq did Fail To invesTigaTe and file suppression of evedance where during The execuTion of a Search WarranT on Jan 22 2004 DeTecTive Wood of The Delaware STaTe Police did abuse The parTiculariTy of The rules and law under The FourTh amendanT search and seizur

As The Supreme CourT has receaTly added The uniformly applied rule is ThaT a search conducTed pursuanT To a warranT ThaT fails To conform To The parTiculariTy of The FourTh AmendmenT is unconsTiTuTional Del Code 11 2301

As To whaT is To be Taken noThing is To be LefT To The descreTion of The officer execuTing The warranT

DecT Wood did during The search warranT seized/ deTain The defendanTs son 9 year old MaTThew Pepper againsT The will of The defendanT wiTh no permission againsT The will of The child did quesTon The defendanTs son asking sexual quesTons as well as quesTons abouT The

34

victum in the instant case asking were people slept weather they were there and queston's about porn. "Afidavid inclosed"

Where the defendants son was a the only witness for the defendant and the unlawfull questoning was "Rummageing for information". Detective Wood as a experanced officer had to know that the questoning would be suppressed in a trial, and that fact "proves" that the intent was not for the defendants son's welfair, but was pure "rummaging, a fishing expidition" to gather any information he could. as the type of questons asked would show that intent and conspiracy to "seize information"

This inappropriate questoning did cause exterime prejudice to the defendant as well as against the scope of constitutional search warrant under the fourth Amendment

Where the close relation ship between the prosecution and detective Wood as ground (6) would show, the ansures or questons can be use to "coach" the victum/plaintiff for a trial where the defendants son is a witness for the defendant

Counsels failure to address the abusive way the son of the defendant was seperated, where there was no arrest, to the secreat questoning, to no other adult present, no permission and when asked to stop by the defendants sister he refused actually grabing the coat of the defendants son. This was not investigated or the possibal use of the information was not questoned by counsel Beth Savitz esq or Sheryl Rush-Milstead esq and this caused prejudice where the search warrant should have been found Unconstitional under the fourth Amendment if it werent for the error's of counsel Beth Savitz esq

when law enforcement officers grossly exceed the scope of a search warrant in seizing property the particularity requirement is transformed into a general warrant there by requiring suppression of all evidence seized under that warrant

   10th cir    842 F2d 1194-1198

Whole sale suppression is appropriate under the flagrant disregard standard when the officers tranceform the search warrant into an impermissible "genral search" by ignoring the terms of the warrant and engaging in indiscriminate fishing

   979 F2d 714  717  (9cr 1992)

Constitutional law

   The Fourth Amendment confines an officer executing a warrant strictly with in the bounds set by the warrant

   403 US  388-394

a search warrant authorizing seizure of materials protected by the First Amendment must at the verry least describe those materials with scrupulous exactitude in order to be constitutional Del Code 1-1- 2301

   As to what is to be taken nothing is to be left to the descretion of the officer executing the warrant 11-2301 This rule was broken and counsel failed to attack or attempt to suppress This is represehtation that fell far below the strictland standard and if it werent for counsels error there no queston the out come would had been different

   a seizure within meaning of the 14 Amend occurs when a subjec or suspect is physically forced to stop or when a subject submits to a show of aothority by the police

   Quarles V State  696 A2d  1334  Del 1997

36

When evaluating weather a seizure has occured a reviewing court looks to see if under all of the circumstances surrounding the encounter the police conduct would have communicated to a reasonable person that he/she was not free to terminate the encounter with the officers

114   696 A2d 133

The essential purpose of the prescriptions in the fourteenth Amendment is to impose a standard of reasonableness upon the exercise of discretion by government officials including law enforcement agents inorder to safeguard the privacy and security of individuals against arbitrary invasions

Delaware V Prouse    440 US 648  99 sct

59 L Ed 2d 660   1979

When detective wood held the coat of the defendants son and when the seperation occured seizure occored and was a illegal seizure Property had not been removed by this time

The wording in the search warrant was possibley too broad

defendant has been unable to get transcripts from counsel or Prothontary's Office

F

37

## Ground Eleven

defendant argues That he was denied his right
To effective assistance of counsel guaranteed by The
sixth Amendment due To counsels failure To investigate
The evidance That was at Troop 3 State Police

defendant conTends That counsels Failure To preform
a "reasonable substanTial investigation" as required by The
sixth Amendment decribed #1 by The United Supreme Court
where only after such an investigation can counsel make a
straTegic choices To defend The cliant. Defendant conTends
ThaT he is not guilTy of 11s1109 Evedance will show. (rePage 5)

defendant conTends That counsel BeTh Savitz esq
did not Look aT The phoTo evidence or daTa conTained
in The compuTer or hire a compuTer specalist To preform
The duTy for her and failed afTer repeaTed requesT of
The defendant To viewe The phoTo evidence To Take The
defendant To Troop 3 and viewe The evidence
"Troop 3 Log book will Prove This"

Where The state conTends ThaT under The Charge
Del code 11 s 1109 unlawfull use of CompuTer To DepicT
a child engageing in a prohibiTed sexual acT

where 11s 1109 states 1 a person is guilTy of dealing
in child porn. This sTaTemenT seTs The ThrusT for The resT
of The Law. when The defendant is charged with quoTe" by
means of a compuTer inTenTionally TransmiT an image" ---.
This is ambiguous where 11 s 1109 is a law which
perTains To one dealing in child porn not depicT

F

38

and Further where defendant is charged with The use of a computer To "Depict" This word Depict infers ThaT one made The image or photo noT download. Then FuTher The use of a computer To TransmiT an image of a child --- under Del Code 11 1109 This is a law For The purpose of "dealing in child pornography" noT downloading and FuTher The sTaTuTe includes The crime of possession as also in Del Code 11 § 1111 where iT says "did Knowingly possess a visual depiction" This is covered in Del Code 11 § 1109 (3) --- such an acT The possession or shawing of such moTion picTure' and in 11 § 1109 (4) or oTherwise possesses any phoTo graph, These are ambigious and over broad. These are covered in ground (15) and 11§1111 is a lesser included crime in 11§1109

The quesTon of law presenTed is a quesTon ThaT counsel should have seen where The defendant did "noT deal in child porn" yeT was charged under a sTaTuTe ThaT can only be inTerpeTaTed as dealing Also The sTaTuTe is no differenT Than possession and would consTiTuTe "doubel Jeoperdy" if used as broad as The STaTe uses iT To charge The defendanT and did cause presjudice where The defendanT received prison Time

IF BeTh SaviTz counsel had invesTigaTed The law This would be apperanT and a quesTon of The ambiguaiTy and overly broad inTerpeTaTion of These laws would been quesToned buT They were noT invesTigaTed

F

3-7

## Ground Twelve

DeFendanT argues ThaT he was denied his right To effective Counsel as required by sixTh Amendment oF The UniTed STaTes ConstiTuTion

Due To BeTh SavaTz counsel for The defendanT Failure To properly invesTigaTe The charges The defendanT was charged and inTicTed unjusTly and unconsTiTuTionaly

Where charge oF unlawfull use of compuTer To DepicT a child engageing in a prohibiTed sexual acT violation of TiTle 11 secTion 1109 of Delaware Code is noT The crime described by Del Code 11 § 1109 where " To use a compuTer To depicT " is noT a crime under 1109    ExzibT (E)

11§1109 Del Code is a sTaTuTe oF Dealing in As Fallows 1109 Unlawful Dealing in maTeral depicting a child engageing in a prohibiTed sexual acT ' , #amended

Due To counsels ineffecTiveness and The lack of simply reading The Del Code This caused The defendanT exTream prejudice where if noT For counsels negelecT The defendanT would had never Taken a plea because The defendanT did noT "deal" or "Trans miT" as required To Find guilT under 11§1109 BuT where The charge in The indicTmenT decribes only "To DepicT" This is noT The crime 11§1109

40

where  counsels  effectiveness  fell far below
The  Strictland  standard

where  wasn'T  for  counsels  ineffectiveness  The
15  Charges  under  Del Code 11  1109  would had
been  dissmessed  by  Grand Jury  and  if  noT The
defendanT  would  noT  have  plead  GuilTy  To  The
offence's   The  evidence  will  show  ThaT  The defendanT
did noT  "Transmit"  any  image  as  described  by
The  indicTmenT  only  due  To  Counsel  failure  To
inform  The  defendanT  of  The  law  did resulT  in
This  error

Thus caused  The  defendanT  To  recieve  a  plea  ThaT
was  unfair  and  a  unjusT  senTence

41

## Ground Thirteen

Defendant argues that his rights were denied under the "Fith Amendment" where the defendant was denied access to the Rules and law pertaining to Grand Jury where, counsel failed to informe the defendant of his rights or inform the defendant of law or to charges that were to be presented to the Grand Jury and the right to due process under the "Fourteenth Amendment" were denied

Counsel Todd the defendant that he did not need to be at the Grand Jury hearing and that it wasn't that important to be there This caused the Grand Jury to decide on a unknown charge

The fact that indictments 1K04030351 — Through 1K04030365 and indictments 1K04030366 — Through 1K0403080 are in fact double Jeopardy where 1K04030366 → 80 are included and lesser crime of 1K04030351 → 65 if interpretated as 11 § 1109 Del Code describes not as indictment words it

Also The fact that 1K04030351 → 65 are not written in plain concise or definitly Language and The defendant can not by The Language weather he is being charged with depiction, Transmitting, or dealing it is not clear enuff to prevent a clame of double Jeoperdy or show evidance EXZIBT (E) EXZIBT (F)

And The grand Jury could not have ruled as to The charge properly or Justly as written

Where 11§1109 should be "Transmitting for The purpos of Dealing" This fact was not shown because The defendant did not Transmit any image evidance will prove This.

## Ground Fourteen

Defendant argues that he was denied his rights under the Fifth Amendment of the United States Constitution and failure of the indictment to meet the requirements of Superior Court criminal Rule 7 (C)(1) did cause prejudice where the citation was misleading as to the statute, and was not plain, concise, or definitly written, as required. Where the indictment failes to define Delaware Code 11 § 1109 as it was intended by Legislation and the statute

The indictment as written failes to state the essential facts constituting the offense charged (dealing)
The indictment fails to be concise enuff to inform the defendant of what charge that the defendant may prepare a defense or invoke the Double Jeopardy Clause when appropriat

The indictment failes to state the material element of the offence

The indictment reads as fallows

Unlawfull use of Computer to Depict a child engaging in a prohibited sexual act a felony in violation of Title 11 section 1109 of The Delaware Code of 1974 as amended

Monty C Pepper on or between the 9th day of January 2004 and the 22 day of January 2004 in the County of Kent State of Delaware did by means of a computer intentionally "Transmit" an image of a child engaging in a prohibited sexual act or the simulation of same

43

The statute Delaware Code 11 § 1109 reads as fallows

Del Code 11 § 1109 "Unlawfully Dealing" in child pornography - amended 72 Del law 48 substituted child pornography for "material depicting a child engageing in a prohibited sexual act" in the introductory language

The indictment makes no mention of "Unlawfully Dealing" which is the crime as described by 11 § 1109

The wording "unlawfull use of Computer" To depict or "intentionally Transmit an image of a child engageing in" is not and dose not describe dealing in any fasion

depict     EXZIBT (E)

Futher depict is defined as one makeing a photo drawling picture ect. and Transmit means "To send"

These descriptions are not sufficiently specific To enable defendant To plea double jeopardy or defend him self or for Grand Jurys determination

The Grand Jury is in queston where what Facts did They relied on by The wording of The indictment would be Far less Than The "Unlawfull Dealing" which would require more Than mear possession and even Transmit would require a digital evedance of sending information To some other party not mear possession  defendant request Grand Jury Transcripts and number of Jurgs and who were Jurgrs

44

Due To The States wording The grand Jurys decision To indict The defendant under Del Code 11§1109 is Tanted and in error

Where if The Jury had investigated 11 1109 They could had concluded That The indictment language was not clear or concise and no evidence To support The indictment

And That use a computer To "depict" and "Transmit" are not one part of The STATUTE, when iT comes To use a computer To dipicT' as in possesion 11§1111

And evidance could not support "TransmiT" because There would have To be a reciever of The Transmition and under 11 1109 There would have To be a inTenT or fact of Dealing and There was not

The defendanT "did noT" TransmiT or Deal in child pornography As STATUTE 11§1109 describes BuT The indictment Failes To describe

There for The indictmenT is Flaued The crime is not defined To The Grand Jury and Failes To comply To Superior Court Criminal Rule 7(c)(1) and should cause The charge To be dismessed where The defendanT recived prison Time For This error of The court and of Defendants Counsel

# Ground Fifteen

Defendant argues That he was denied his rights To due Process of The FourTeenTh Amendment and Double Jeoperdy of FiTh Amendments double Jeperdy clause . where Del code 11 § 1111 is a same included offence as described in Del code 11 § 1109 and is ambiguous and is a lesser included There for and prejudice The defendant by being senTenced by more add offences

STaTuTes Key 19

when There is more Than one reasonable inTerpreTaTion of a sTaTuTe The sTaTuTe is ambiguous

STaTuTes Key 184 215

Ambiguous language requires not only The ordinary meaning of The words but also how it relaTes To The over all meaning . seTTing and purpose of The acT

Del code 11 § 1109 Unlawfully dealing in child pornography

aT The begining of each secTion and subsecTion The ordinary meaning and LegislaTive inTenT is made clear as well as The code heading "Unlawfully Dealing" This Language of each subsection and inTenT is written as fallowes

A person is guilTy of dealing in child pornography when:
(1) The person knowling ships TransmiTs Mails or TransporTs by any means - - -

This clearly means 'sending' where each word is and has a clear definiTion of Send and The opposiT is used in 1109 (2) and subsecTion (4)

46

(2) a person knowlingly receives for The purpose of selling or sells any ---

This section can only be interpreted as it says in it own meaning "For The purpose of selling"

(3) The person knowingly "distributes or disseminates" by means of computer or any other electronic or digital method or by "shows or viewings" any motion picture video or other visual depiction of a child engaging in a prohibited sexual act or The simulation of such an act The "possession" or showing of such motion picture shall creat a rebuttable presumption of ownership Thereof for The purposes of distribution or dissemination:

This section can only be interpretated as it says a person (distributes) meaning "To devide and give or shair or deal out" or (disseminates) meaning "To spread"

by (shows or viewings) meaning "To allow To or cause To be seen To offer for inspection or viewing"

(Possession) meaning "To become The owner or possesser of" This is and has The same meaning of Del Code 11 § 1111 where 11 § 1109 does dose include "other visual depiction" but Then describes The ownership For The purposes of distribution or dissemination

where Possession is The presumption of ownership in 1109 (3) Fn describes "The possession" and in 1109 (4) or otherwise possesses. This is no different Than Del Code 11 § 1111 possession and is a lesser included crime

4

(4) The person by means of a computer intentionally compiles enters accesses transmits receives exchanges disseminates stors makes prints reproduces or otherwise possesses any photograph image file data or other visual depiction of a child engaging in a prohibited sexual act or in the simulation of such a act For the purposes of this subsection conduct occuring outside the state shall be sufficent to constitute this offence if such conduct is within the terms of § 204 of this Title or if such photograph image file or data was compiled entered accessed transmitted received exchanged disseminated stored made printed reproduced or other wise possessed by through or with any computer located within Delaware and the person was aware of circumstances which rendered the presence of such computer within Delaware a reasonable possibility or (5) The person knowingly advertises promotes presents describes transmits or distributes any visual depiction exhibition desplay or preformance with intent to creat or convey the impression that such visual depiction exhibition desplay or preformance is or contains a depiction of a child engaging in a prohibited sexual act or in the simulation of such an act

72 Del laws c 480 substituted child pornography for material depicting a child engaging in a prohibited sexual act. In the section heading in the introductory langage and in the second paragraph in (4) rewrote (1) inserted or knowingly receives for the purpose --- simulation of such an act' fallowing "such an act in (2) substuted "computer or any other electronic --- for shows or viewings any motion picture which shows" in (3) substuted data or other

48

Defendant received 3 counts and added prison Time
Defendant is not Guilty of Dealing.
Defendant is not Guilty of Transmitting where
Transmitting is "sending" where under 1109 (2) and 1109(4) both
describe recesives as its meaning is clear "To get To Take or accept
Take possession" Transmitting "To send out To Transfer from
one person or place To another "Foward" send To a receiver

If Beth Savitz esq counsel for The defendant had effectivly
investigated The evedance will show That The defendant "did
not" Transmit any image The digital evedance will prove
The fact with out dought

Del Code 11 § 11[14]  Possession of

A person is guilty of possession of child pornography when
(1) The person Knowingly possesses any visual depiction of a
child engaging in a prohibited sexual act or in The simulation of
such an act or
(2) The person Knowingly possesses any visual depiction which
has been created adapted modified or edited so as To appear
That a child is engaging in a prohibited sexual act or in The
simulation of such an act    possession of child pornorghpy is a F Felony
   Amendments
added "or any Computerized file"--- simulation of such a act in The first paragraph
and substitutes "class G Felony" for "Class A misdemeanor" in The second paragraph

Evedance will show facts put forth  Grand Jury was in
error due To Language error  The defendant did not send

## Ground Sixteen

Defendant argues That he was denied his right
To effective Councel where The sixth Amendment
guarntees The right To effective counsel under The
United States ConsTiTuTion where Counsel was unexperanced

Defendant conTends Beth Savits esq amiTTed
To The defendant ThaT she had never handeled a
case such as the defendanTs case and Told
The defendant ThaT she could handel iT

defendant conTends ThaT due To all The errors
and ommiTions and failure To invesTigaTe aspecTs of
The insTanT case did cause prejudice in The ouT come
of The defendanTs case and The grounds puT forTh in
The PosT ConvicTion MoTion 61 proves her abbiliTys fell
i below a reasonable sTandard described in sTricT land
and if noT for counsels ineffecTiveness errors and failure To
File proper moTions The ouT come of The defendanTs case
would had been verry differenT

Counsel BeTh SaviTz esq should had noT Taken This
case and The $7000⁰⁰ paid To beTh was noT JusTified
by The defence she puT forTh on The defendanTs behalf
Counsel should had wiTh drawn From The case early on
when The firsT misTakes in courT were made

Where at The First preliminary hearing counsel
was unprepaired and gave The defendant a pencel To
write questons down because counsel did not Take The
Time needed and required To present proper questons
and at The same hearing made shocking actions after
unexpected ansures by Detctive Wood and The failed
To fallow up with proper questons after That counsel
allowed a lie by Detcteve Wood where he said he did
not know where The files were stored when he had To know
where The were They all were deleated

Then in visiTiTaTion Modification of bail counsel failed To
object To lies by prosecution

# Ground SevenTeen

57

Defendant argues his right To effective counsel under The Sixth Amendment of The United States ConstuTion was denied where Counsel For The defendant refused To conTacT or accepT calls From The defendant by way of D.C.C. Phone collecT call

where defendant made dozens of aTTempTs To conTacT BeTh SaviTz as afiTdavids ( ) shows ThaT BeTh SaviTz reFused To conTacT and basicly said she was Too busy To Talk To The defendant if infacT whaT The DCC officers ConTend as True in afiTdavids in a civil case againsT D.C.C. EXZiBT(G)


defendant on OcT 24 2004 informed Counsel BeTh SaviTz esq ThaT he wanTed To replace her as Counsel due To he numours errors and with draw his plea . From ThaT pointT unTill a hearing on 2/01/ 2005 where she was allowed To withdraw during This peroid counsel would noT ansure requesT For reasons For The delay and ThaT caused exTream prejudice where being preTrial and being in segeraTed ProTecTive CusTody where aTTempTs To gather Leagal information was impeaded

defendant senT Three leTTers To The CourT James T Vaughn which were egnored and unansured relaiTing To The denial To courTs and counsel

This peroid went from oct - 2/1/05 and counsel
Though Fired did not Fulfill her duties where
counsel haveing a paid Client could had I and should
had exhausted he duties To her client before moving
on To a case where her client suffered denial
of his constitutional right from Delaware Department
of Correctons namely Delaware Correctional Center in
smyrna where counsel either refused To aid The defendant
when she knew The defendants rights were being denied
    as well as The Court ThaT recieved letTers describing
The abuses To The defendant and both Counsel and
The Court egnored

    LetTers sent To The Court on 11/22/2005
1/31/2005    2/16/2005    ThaT informed The court of
The abuses of councel and abuses of D.C.C. To The defendant
a Pre Trial deTainee
    Futher more new counsel Sheryl Rush-MilsTead refused
To defend her cliant when she was informed of The abuses
in Delaware CorrecTonal Center saying her boss would not allow
her To invesTigaTe The abuses as a pre Trial deTainee This
was a denial of ConTiTuTional right and caused The defendant
menTal and physical duress. and if either counsel or The Court
had invesTigaTed The Prison Could had been held accounTable
and The defendanT could had gotTen relife
    This abuse was unconsTiTuTionaly egnored by The court
where by letTer and in court on          2005

53

where The Court has a duty To uphold The law
refused To hear The defendants plea for help
This was nothing less Than abuse by The court when
They were made aware of a injustice and denial of
constitutional rights To a pre Trial non sentenced
defendant and as so showed prejudice Towards The
defendant, The responsibility of The court is ThaT The
defendant is TreaTed Justly in all respects including
incarcation when The defendant has not been sentenced

    Counsel's failed To fulfill her dutys as a advocat
for The defendant  neither counsel demanded a investigation
of abuses To The defendant

54

## Ground Eighteen

Defendant Contends That he was denied due process under The United States Constitution 14th Amendment

The Classification of "violant" crime is more Than a simple Classification it is a Fact of a crime

Where The states Trys To make a genral Classification of "Violant" crimes where The act of violance has not occured

As in Del code 11 § 772 part 2 makes mention of different Levels of violance and distinguish This violance in 11§772 (2) A as well in Del Code 11§1111 and 11§1109 The statute is ambigous and unconstitutional because it carries with it a "punshment of its own" where under sentencing guidelines The classification would cause prison Time over rehibilatition and increase in Time of sentence Leinth and higher Level of security while in Level 5. which is not a proven Fact of a crime as required by The 6 amendment and 14th Amendment

The violant Classification under Del Code 11 § and as a law and statute when a person is charged with a crime he must be afforted an oppurtunity To defend himself. The defendant was convicted with out a oppurtunity To Rebut The facts That The court uses To sentence him

Ground Nine Teen

Defendant rights were denied under The
First Amendment and Fifteenth Amendment and The
Twenty Fourth Amendment where defendants right To vote
was abridged by The State of Delaware against The
Constitution of The United States

defendants right To vote was denied by state
law (        ) and is a punshment not a consequence of
a crime in Delaware where denial or restrictions of ones
rights can only be done with due Process and only Taken by
That process, Further more under Delaware Code These are
added punshment And This punshment is not assoacited with
The crime's in queston and is applied To a broad population of
citizens and denies Them The moast Fundamental form of
Free speech of the First Amendment and The Court failed
To present This as a punshment at any stage of The proceeding
This implicates The FourTheenth Amendments due Process

The statute conserning denial of the right To Vote dose
not conform To, or fall within The Compelling interest
Standard

Compelling interest Standard
Under The compelling intrest Standard a challenged law
must be precisely Tailored To The objective and even if The
classification drawn may have some Tendency To promote a

5

permissible inTresT  The law can noT sTand if iT excludes Too many people who should noT and need noT be excluded
343 F supp 143  DeloT 1972

Where The defendanT along with possibly millions or aT leasT hundred of Thousands of ciTizens in Delaware have been denied The most FundimenTal righT where as The consTiTuTion sTaTes in The FirsT AmendmenT (From 1970 To daTe

Congress shall make no law respecTing an esTablishmenT of religion or prohibiTing The Free exercise There of or "abridging The Freedom of speech" or of The press or The righT of The people peaceably To assemble and "To peTiTion The GovernmenT For a redress of grievance."

This sTaTuTe denieing The righT To VoTe (     ) also noT only denies The FundamenTal righT To Free speech iT denies The defendanT The righT To peTiTion The GovernmenT For a redress of grievance's, under The FirsT AmendmenT

For The defendanT To exercise The righT To redress he musT reTain The righT To voTe or The righT To redress as well as Free Speech would be meaningless where The only consequence a GovernmenT or GovernmenT officals can endure is one From The voTer

A democraTic processes are legiTimaTe only if The ingredienTs of Free and Fair elecTons are secured These ingredienTs are secured and ProTecTed by The righT To voTe and Freedoms of speech press and assembly
ConsT 1sT AmendmenT U.S.C.A. law

The denial of The righT To voTe denies The FundamenTal democraTic processes and creaTs a

Form of Government not intended under The Constitution &
where The minority can not partisipate in The
democratic process To stop unjust laws That
affect There Freedoms and libertys directly against
The intent of The Founding Fathers and The Constitution

Futher more The Fifteenth Amendment states The right
To vote shall not be denied or abridged by The United States or
by any State on account of race color or previous condition of
servitude. The language is clear That The intent of a
democratic government is citizen partisipation, Further proof
of The intent of The Constitutions right To vote as speech
can be found in Article 1 section 2  "By The people"
Article 2(1)   Article 4 section 2   Article 5  and in
17th Amendment "elected by The people" 19 Amendment
24th Amendment   26th Amendment. All of which makes
cdasses of citizens who were denied The participation in
The democratic process elegable To vote and participate

The statute To denie a citizen The right To vote has
only one "rationally related state intrest"
        That intrest is To prevent citizens from changeing
or challangeing The elected representative's, who only by
voting can one change, prevent, or uphold a law That
seeks To oppress The Free speech or liberty, even The
right To vote of a citizen who may disagree and can
vote The oppresser out of office and replace The representative
with one who Thinks as They do as The Constitution intended

6

This sTaTe inTresT To prevenT ciTizens From Freeing
Them self From oppression ic "Laws oF a STaTe" by The
means inTended by The ConsTiTuTion and democracy is
iT self a denial oF democracy and is illogical
unreasonable and inconsisTenT wiTh inTenT oF a democracy

This is proof oF Prejudice in The defendanTs case
where wiThouT The righT To voTe The defendanT can noT
challange The law or punshmenT oF The STaTe oF Delaware
and is unConsTiTuTional under a Fair and Equal Democracy

To JusTiFy The sTaTe in      iT's aThoriTy in behalF of
The public iT musT appear ThaT The inTresT oF The public as
disTinguished From Those oF a parTicular class demand such
inTerFerence ThaT The means employed are reasonable nesessary
For The accomplishmenT oF The purpose and ThaT They are noT
unduly oppresive oF individuals      sTaTuTes

The sTaTuTe in quesTon is unduly oppresive

FuTher_ The Equal ProTecTion Clause involve charges oF singling
ouT members oF a volnerable group. For unequal TreaTmenT
or charges ThaT a law or policy makes irraTional disTincTions
beTween groups oF people 36763d703   53 F 3d 176-178 7Th cir 1995

Takeing The righT To voTe away From The defendanT in
The insTanT case is illegal and unConsTiTuTional as puT foorTh
and defendanT is inTiTled To a reversal oF ThaT punshmenT

## Ground Twenty

Defendant argues his rights were denied under the due process clause of the Fourteenth Amendment and equal protection clause of the where the court revoked the drivers license of the defendant

defendant contends That at no point did the Court on record make the defendant aware of the punshment of revoction of Delaware Drivers license nore did counsel for the defendant make him aware of the loss of lisence as a punshment. denieing due Process

defendant contends That only on the T.I.S. sheet did the revoction of license appear and counsel said that did not pretain to the defendant

defendant contends That the statute is ambigious and used with out discretion with just cause and without a rational relation to the crime in the instant case or without rational relation to the actions or inactions of the defendant and goes against the Equal Protection Clause where the courts impresson of the offence appears to be the only reason for the revoction of Delaware Driver license

The statute has no ligitiment relation to the offence in the instant case and there is no rational in connecting a drivers license with a criminal act not involveing a trafic statute or a vehiceal statute. it appears to be more in a vindictive nature than justice and a added burden on the defendant unjustly applied



# PUBLIC DEFENDER OF THE STATE OF DELAWARE
### SYKES BUILDING
### 45 THE GREEN
### DOVER, DELAWARE 19901

LAWRENCE M. SULLIVAN
PUBLIC DEFENDER

ANGELO FALASCA
CHIEF DEPUTY

SHERYL RUSH-MILSTEAD
ASSISTANT PUBLIC DEFENDER

TELEPHONE
(302) 739-4476

**October 20, 2005**

**Monty Pepper**
**SBI# 156920, Unit V**
**DCC**
**1181 Paddock Road**
**Smyrna, DE 19977**


**Dear Mr. Pepper:**

**I looked through the file but could not locate a copy of the Plea Agreement, so by copy of this letter to my legal assistant, I will ask her to locate one and send it off to you, without need of further communication to slow the process down.**

**With regard to the Pre-Sentence Report, that is produced for the date of sentencing only. Attorneys are not permitted to make copies of it, nor to share it with any one besides the client on the sentencing date, after which it must be returned to the Court. However, if you have a copy of your sentencing colloquy then you can review it to see if the Court erred. I will also ask my legal assistant to procure a copy of the Sentencing Order, and if it appears that you need a copy of the actual proceeding, I will see if our office will request it or if you should, as you would do so *en forma pauperis*, so that it would be produced without any costs to you.**

**I apologize for the tardiness in responding, but I was hospitalized with appendicitis on 08.28, wasn't released from hospital until 09.04, and just returned to work this week.**

Monty Pepper
October 20, 2005
Page 2.


Sincerely,

Sheryl Rush-Milstead


SR-M/wp

exzib  B

# TRUTH-IN-SENTENCING GUILTY PLEA FORM
## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
### IN AND FOR _KENT_ COUNTY

STATE OF DELAWARE ) ID: 0402012084-0401017318

v. PEPPER, MONTY C. )

) CRA: IK-04-03-0751 → 0380; IK04-02-

*The defendant must answer the following questions in his or her own handwriting.*

Date of Birth _032859_    Last grade in school completed _11th grade_

|  | Yes | No |
|---|---|---|
| Have you ever been a patient in a mental hospital? | | ☒ No |
| Are you under the influence of alcohol or drugs at this time? | | ☒ No |
| Have you freely and voluntarily decided to plead guilty to the charges listed in your written plea agreement? | ☒ Yes | |
| Have you been promised anything that is not stated in your written plea agreement? | | ☒ No |
| Has your attorney, the State, or anyone threatened or forced you to enter this plea? | | ☒ No |

Do you understand that because you are pleading guilty you will not have a trial, and you therefore waive (give up) your constitutional right:
(1) to be **presumed innocent** until the State can prove each and every part of the charge(s) against you beyond a reasonable doubt;
(2) to a **speedy and public trial**;
(3) to **trial by jury**;
(4) to **hear and question the witnesses** against you;
(5) to **present evidence** in your defense;
(6) to **testify** or not testify yourself; and,
(7) to **appeal to a higher court**?    ☒ Yes ☐ No

| OFFENSE | STATUTORY PENALTY Incarceration | Amount of Fine (range if applicable) | TIS GUIDELINE |
|---|---|---|---|
| Rape 2° | 10-25y | discretion | 2-5y L V/10yr |
| Use Computer for Child Exploit (2x) | 0-8y (x2) | discret | up to 62y L V |
| Poss Child Porn (3x) | 0-3y (x3) | discretion | up to 9m L V |

**TOTAL CONSECUTIVE MAXIMUM PENALTY:** Incarceration: _50y._ Fine: _discretion_

*NON-CITIZENS: Conviction of a criminal offense may result in deportation, exclusion from the United States, or denial of naturalization.*

| | Yes | No |
|---|---|---|
| Do you understand that, if incarcerated, you will not be eligible for parole, and the amount of early release credits which you may earn will be limited to a maximum of ninety (90) days per year? | ☒ Yes | |
| Is there a **minimum mandatory penalty**? | ☒ Yes | |
| If so, what is it? _10yr_ | | |
| Is there a mandatory revocation of **driver's license** or privileges for this offense or as a result of your plea? | | ☒ No |
| If so, what is the **length of revocation** _____ years | | |
| Has anyone promised you what your sentence will be? | | ☒ No |
| Were you on **probation or parole** at the time of this offense? (A guilty plea may constitute a violation.) | | ☒ No |
| Do you understand that a guilty plea to a felony will cause you to **lose your right to vote, to be a juror, to hold public office**, and other civil rights? | ☒ Yes | |
| Have you been advised that this is an offense which results in the loss of the **right to own or possess a deadly weapon**? | ☒ Yes | |
| Have you been advised that this is an offense which requires **registration as a sex offender**? | ☒ Yes | |
| Are you satisfied with your lawyer's representation of you and that your lawyer has **fully advised you of your rights** and of your guilty plea? | ☒ Yes | ☐ No |
| Have you **read and understood** all the information contained in this form? | ☒ Yes | ☐ No |

Defense Counsel    Date 081604    Defendant

Print name: _BEN DEBORAH SAVIN_    Print name: _Monty Pepper_

Copies: Superior Court, Attorney General, Attorney for Defendant, Defendant

Document No.: 02-03-10-00-05-01 (Rev. 03/09/00)

Exib C

Superior Court of the State of Delaware, ___KENT___ County

# PLEA AGREEMENT

State of Delaware v. __Manty C. Pepper__

0402012084

Case No(s): __0401017318__  Cr.A.#s: _____

☐ Title 11 HAB. OFFENDER _____    ☐ BOOT CAMP ELIGIBLE    ☐ INELIGIBLE
☐ RULE 11(e)(1)(C) — If out of guideline, reason is as follows: _____
☑ Title 11, §4336, sex offender notification required    ☐ Title 11, §9019(e), forensic fine ☐ $100(F), ☐ $50(M)

**Defendant will plead guilty to:**

| Count | Cr.A.# | Charge [LiO if applicable] |
|---|---|---|
| 1 | K04-02-0594 | Rape Second Degree |
| 3 | K04-03-0351 | Use of Computer for Child Prohibited Sexual A |
| 4 | K04-03-0352 | Use Computer Child Prohibited Sexual Act |
| 14 | K04-03-0366 | Poss Child Pornography |
| 19 | K04-03-0367 | Poss Child Pornography |
| 20 | K04-03-0368 | Poss Child Pornography |

Upon the sentencing of the defendant, a nolle prosequi is entered on ☑ the following charges/☐ all remaining charges on this indictment: 0401017318 & 0402012084

| Count | Cr.A.# | Charge |
|---|---|---|
| | | |

Sentence Recommendation/Agreement: ☑ PSI  ☐ Immediate Sentencing
State agrees not to recommend more than 10 yrs. at Level V at sentencing

**State and Defendant agree to the following:**
☐ Restitution: _____
☑ No _____ contact w/ Brittany Bartsch & her son
☑ Other Conditions: forfeit computers; no access to computers; to have no contact with children < 18 yrs - extent type of contact w/ his son, Matthew, to be determined by the Court @ PSI.

DAG: _Marie O'Connor Grahan_    DEF. COUNSEL: _Beth DeBorait Savier_
PRINT NAME: Marie O'Connor Grahan    PRINT NAME

Date: __051607__    DEFENDANT: ☒

XC: Attorney for Defendant, Defendant    Page 1 of 1
   Attorney General, Attorney General Worksheet



# PUBLIC DEFENDER OF THE STATE OF DELAWARE

Sykes Building
45 The Green
Dover, DE 19901

LAWRENCE M. SULLIVAN
PUBLIC DEFENDER

ANGELO FALASCA
CHIEF DEPUTY

JAMES F. DUNN, MHS, CAC-AD
PSYCHO-FORENSIC EVALUATOR

TEL: (302) 739-4476 ext. 217
FAX: (302) 739-7213

### Psycho-Forensic Evaluation

**Client:** Monty Pepper

**DOB:** 03/28/1959

**Age:** 46

**Pending Charges:** Rape 1st, Endangering the Welfare of a Child, and Tampering with a Witness

**Evaluator:** James F. Dunn, MHS, CAC-AD

**Date of Report:** 04/13/2005

**Referral Information:** This client was referred for a psycho-forensic evaluation by his attorney, Sheryl Rush-Milstead, Esq.

**Current Status:** Mr. Pepper is a 46 year-old, single, Caucasian, male. He is currently incarcerated that the Delaware Correctional Center (DCC). He states that he did not commit the crimes for which he is accused. He admits that he had a serious addiction to adult pornography but believes that, because this information came out, it is being used to charge him with things that he never did. He denies viewing child pornography on the Internet purposefully. He states that, every once in awhile, while viewing pornographic images on the Internet, a child pornography site would "pop-up" on his screen, but he is adamant that he never tried to view child pornography and he has never molested or otherwise harmed a child.

**Medical Status:** Mr. Pepper states that he is in good general health and is not currently taking medications for any physical health problems.

**Mental Health Status:** Mr. Pepper was given a psychiatric evaluation at Catholic Charities, 1155 Walker Rd., Dover, DE 19904. At that time he was diagnosed with Major Depressive Disorder, Single Episode, Severe, without Psychotic features. He was started on Paxil (an anti-depressant also used to treat anxiety) and Zyprexa, (an anti-psychotic agent also used to treat bi-polar disorder) and appeared to make some progress although he

still experienced obsessive thoughts about his legal problems. During the entire summer of 2004 he appears to have been experiencing a great deal of stress and anxiety over his legal problems and the possibility that he may have to go to jail. Progress notes dated 4/15/2004, 4/28/2004, 5/18/2004, 5/26/2004, 6/3/2004, 6/10/2004, 6/24/2004, and 7/15/2004 appear to indicate that he was not doing well with resolving these issues. His last face-to-face contact with Catholic Charities was on 7/15/2004. Records indicate that he was compliant with treatment recommendations and medications prescribed by Dr. Borer and that he participated in his therapy sessions. He was officially discharged from Catholic Charities on 11/23/2004. The reason for the discharge is listed as "Client refused additional treatment." However, Mr. Pepper states that this is not accurate. The reason treatment ended when it did was because he had been arrested and incarcerated. Based on the records from Catholic Charities, it appears that, despite receiving treatment, Mr. Pepper was not mentally or emotionally stable throughout this entire period. In fact, Catholic Charities indicate in their records that he was still in need of treatment and medication at the time treatment terminated.

**Substance Abuse:** Mr. Pepper states that he began smoking marijuana at age 15. He admits that he used cannabis on a regular basis "for years" but he denies that he has a drug problem and does not feel that he needs treatment for substance-related issues. No other use reported.

**Family:** Monty Pepper was raised in an intact family. He reports that he is an only child. He characterized his childhood as "happy and peaceful." He states that he currently still has good relationships with his parents and describes them as "very supportive." Mr. Pepper has one son, Matthew Pepper age 10, and states that his relationship with his son is "very strong." He denies any history of physical or sexual abuse.

**Summary:** Monty Pepper presents as an intense, nervous individual with a tendency toward obsessive/compulsive thoughts and behaviors. Based on an interview conducted with Mr. Pepper at DCC on 03/21/2005, he appears to be experiencing ongoing symptoms consistent with clinical depression and anxiety. A short screening for competency appears to indicate that he understands the nature of the charges he is facing, the possible outcomes if he is convicted, and the roles of judge, prosecutor, and defense attorney in the legal process. While Mr. Pepper does appear to be experiencing ongoing mental health problems, he states that they are related to his legal issues, and that he does not believe that they will continue once his case is resolved. This may not be entirely valid based on the client's history of obsessive thoughts about pornography and compulsive behavior related to those thoughts. He appears to lack insight into his own mental health issues. Based on this information, it appears that Mr. Pepper is still in need of treatment for mental health issues.

**Sentencing Recommendation:** Given the current pending charges, it is my respectful recommendation that Monty Pepper be considered for the minimum sentence allowable by statute. In addition, he should have a mental health evaluation and comply with any medication/treatment recommended.

Respectfully submitted,


James F. Dunn, MHS, CAC-AD
Psycho-Forensic Evaluator
Office of the Public Defender

Exzibt (E)

### COUNT 3                              ✓ K04-03-0351

UNLAWFUL USE OF COMPUTER TO DEPICT A CHILD ENGAGING IN A
PROHIBITED SEXUAL ACT, a felony, in violation of Title 11, Section 1109 of the
Delaware Code of 1974 as amended.

MONTY C PEPPER, on or between the 9th day of January, 2004 and the 22nd
day of January, 2004, in the County of Kent, State of Delaware, did, by means of a
computer, intentionally transmit an image of a child engaging in a prohibited sexual act
or the simulation of same.

### COUNT 4                              ✓ K04-03-0352

UNLAWFUL USE OF COMPUTER TO DEPICT A CHILD ENGAGING IN A
PROHIBITED SEXUAL ACT, a felony, in violation of Title 11, Section 1109 of the
Delaware Code of 1974 as amended.

MONTY C PEPPER, on or between the 9th day of January, 2004 and the 22nd
day of January, 2004, in the County of Kent, State of Delaware, did, by means of a
computer, intentionally transmit an image of a child engaging in a prohibited sexual act
or the simulation of same.

Exz1 BT (F

COUNT 26                    ✓ K04-03-0374

POSSESSION OF CHILD PORNOGRAPHY, a felony, in violation of Title 11,

Section 1111 of the Delaware Code of 1974 as amended.

MONTY C PEPPER, on or between the 9th day of January, 2004 and the 22nd

day of January, 2004, in the County of Kent, State of Delaware, did knowingly possess

a visual depiction of a child engaging in a prohibited sexual act or in the simulation of a

prohibited sexual act.

COUNT 27                    ✓ K04-03-0375

POSSESSION OF CHILD PORNOGRAPHY, a felony, in violation of Title 11,

Section 1111 of the Delaware Code of 1974 as amended.

MONTY C PEPPER, on or between the 9th day of January, 2004 and the 22nd

day of January, 2004, in the County of Kent, State of Delaware, did knowingly possess

a visual depiction of a child engaging in a prohibited sexual act or in the simulation of a

prohibited sexual act.

COUNT 28                    ✓ K04-03-0376

POSSESSION OF CHILD PORNOGRAPHY, a felony, in violation of Title 11,

Section 1111 of the Delaware Code of 1974 as amended.

MONTY C PEPPER, on or between the 9th day of January, 2004 and the 22nd

day of January, 2004, in the County of Kent, State of Delaware, did knowingly possess

a visual depiction of a child engaging in a prohibited sexual act or in the simulation of a

prohibited sexual act.

EXZIBT (G)

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

MONTY C. PEPPER,                    )
                                    )
        Plaintiff,                  )
                                    )
    v.                              )    C.A. No. 05-084-JJF
                                    )
Warden THOMAS CARROLL, C/O          )
BAMBIE THOMAS, C/O JAMES            )
GARDELS, C/O THOMAS SEACORD         )
                                    )
        Defendants.                 )

### AFFIDAVIT OF BAMBIE THOMAS

I, Bambie Thomas, having been duly sworn according to the law, do hereby depose and state the following:

1.      I am employed by the State of Delaware, Department of Correction at the Delaware Correctional Center ("DCC") near Smyrna, Delaware as a correction officer. I have been employed by the Department of Correction for 10 years. My duties include Correctional Sergeant. I have held this position since March 2002.

2.      In response to a request from the State of Delaware Department of Justice, I am providing the following information regarding inmate Monty Pepper's legal phone calls.

3.      The procedure for an inmate requesting legal phone calls to an attorney involves three steps. First, the inmate writes the attorney's name and phone number on a piece of paper, there are no specific forms for requesting legal phone calls, and the inmate then gives the paper to the lead worker, usually a Sergeant and then forwards the request to the Lieutenants office. Second, the Lieutenant or his designee (lead worker) then calls the attorney to set up a time for the attorney and inmate to speak on the phone. This is done to ensure that the attorney will be

EXZIBT (G

available when the inmate is taken from his cell to the room where he can speak privately with the attorney. After the phone appointment has been scheduled, the inmate is notified. At the time of the appointment, the connection is made with the attorney and the inmate is taken to the recreation room where he can have a private conversation alone.

4.    In the autumn of 2004, inmate Pepper made a request for a call to attorney Beth Savitz. According to procedure for assisting inmates in making calls to their attorneys, I first called Ms. Savitz's office to arrange an appointment for her to speak with inmate Pepper over the phone. Ms. Savitz's secretary stated that Ms. Savitz was involved in a murder trial and would not be able to speak with inmate Pepper for several weeks. This response was reported to inmate Pepper.

5.    On another occasion, after the first call to Ms. Savitz, inmate Pepper requested another call to the attorney. This time, when I placed the call to Ms. Savitz's office, I was informed that Ms. Savitz filed a motion to withdraw as inmate Pepper's attorney. Therefore, she was not going to arrange to speak with him. This response was reported to inmate Pepper.

6.    Inmate Pepper continues to have access to legal phone calls if he has an attorney who will accept his calls.

7.    I have made these statements based upon my personal knowledge, specialized training, and experience as an employee of the Department of Correction.

Bambie Thomas
Bambie Thomas

SWORN TO AND SUBSCRIBED BEFORE ME THIS 26th DAY OF January

2006

State of Delaware        )
                         ) SS.
County of New Castle     )

Affidavit of: Monty Pepper
Dated: Jan 31 2006

## AFFIDAVIT

I, Monty Pepper _____, being first duly sworn deposes and says that the foregoing statement is a true and correct observation of what occurred on the above date herein at/in _____ located in the Delaware Correctional Center, Smyrna, Delaware, in that I was a part of or witnessed the incident described herein. I would clearly state under penalty of perjury of the laws of the State of Delaware.

On January 22 2006  During The exicution of a search Warrant detective Wood of State Police did use his police power To seperate me From my son matthew Pepper 9 years old  Detective Wood did not enforme me That I was being detained or arrested no meranda rights were given. When my sister came To pickup my son  As I was getting my son ready To walk out To her car detective Wood said he would I said That I would detective Wood Than with a force full voice said no you will stay here and he would walk him (my son) out To my sister against my will and son's will. After getting out side Detective Wood started quesToning my son without permission Asking a wide range of quesTons from quesTon about The Plaintiff The weekend in quesTon To sexual quesTons. This he attempted To do in secrat and was coughT by my sister Donna Anshbach who attempted To sTop him aT one poinT DecT Wood. holds my sons coaT To sTop my son from going To my Sisters car

Affiant

Signature _____

Print Name Monty Pepper
Delaware Correctional Center
Smyrna, Delaware 19977

SWORN TO AND SUBSCRIBED before me this 2 day of Feb , 2006.

My Commission Expires: Oct, 2006

Notary Public _____