In The United States District Court

For The District of Delaware

Monty  Pepper
          Plaintiff

v

REDACTED

Thomas  Carroll

Bambi  Thomas

James  Gardels

Thomas  Seacord
          Defendants

C.A. No 05-084-JJF

FILED

FEB 28 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Plaintiff's Reply To Defendants objection To Plaintiff

motion for Temporary Restraining order without notice and

Preliminary injunction and notice of Emerengency indunction

and Summery Judgement/relife

Please Take Notice That The above mentiond is herewith

presented To The Court For Consideration

PlaintiFF in filing on or about Febuary 15 2005 a

complaint filed in Fedral District Court for The District of

Delaware against The abore Defendants in case

(D.I. 2) and amended complaints

PlaintiFF request a "Withdraw" of Motion

For Temporary Restrainting order with out notice"

February  24  2006

Monty  Pepper
1181 Paddock Rd
Smyrna Del 19977

To The Honorable Court

To The Court This reply is a redacted where
Plaintiff was refused access To law library on
Friday 24 Febuary 2006 . Plaintiff has supplyed
a explanaTion and affidavits . These are all originals
Plaintiff reTains no copys or was unable To supply
The DefendanTs wiTh Copys and was unable To
supply evidance To supporT his claim which he
dose posess . Plaintiff requesT The courT To
dockeT The reply and inform The PlainTiff of
approprioTe action To Take

MonTy Pepper
1181 Paddolock Rd
Smyrna Del 19977

Feb 24 2006

Plaintiff request The Honorable court To with draw
(D I 12) "Motion For Temparary ResTraining Order without
noTice" with Prejudice

Plaintiff has been moved From S.H.U. and
or M.H.U. where defendants work and such is not
in contact with Them
        Plaintiff has a fear of being moved form
Delaware CorrecTional Center (D.C.C,) because The Counsel
For The Defendants supplys with Their Objection a case
Law as (Slip Copy 2005  WL 2304327 (M.D. Pa.) ) which
Plaintiff see's as a ThreaT of moving The Plaintiff from
D. C. C. as a remedy
        As This remedy of moving The Plaintiff would cause
irreparable emoTional harm To The Plaintiff's son
m.      P      11 years old  and To The Plaintiff,
        Where both The Plaintiff and his son have ongoing
Physiological inTervenTion of Doctors and Counslers due to
The situation . Where The Plaintiff was a single Father of
of his son From 6 menTs on To 10 years old  he has no
moTher ThaT parTicipaTes or have ever parTicipaTing

in raising him . He presantly lives with Plaintiffs
mother and father   Esther Pepper Richard Pepper who are
both in their seventies . They are god sent

II   Plaintiff due To refusal of law library access on
Friday 24 Feb 2006 where Plaintiff only haveing five days
dead line could not copy evidance copy this reply To fallow
rules of proccedure . There for plaintiff can only file
This original with no copy's   letter affidavits supplyed
with an explantion

As To  III in defendants ansure To  DI 12  Defendants
claims That Tampering with lunches as well as Threats
That don't amount To imminent danger Plaintiff would
disagree   All Prisoners have The right To be protected
from constant Threats of violence , Terrer   physical
aggression and sexual assults from other inmates   639 F2d 559
10 cir 1980  450 us 1041  1981 .   This To extends To protection
from guards   as The   objective Component of The 8$^{Th}$Amd
allways are violated when prison officals maliciously

and sadisTically use force To cause harm
such force is repugnanT To The conscience of
mand kind" As To The calling The PlainTiFF
A Child MulesTer This To was a violaTion of
The 8th amendmenT as well as delebeate IndifFarance
where This puT The PlainTiFF in danger From
attack where inmates in ProTecTive CusTody move
ouT of ProTecTive CousTody (P.C.) on To compound and
other delaware Prison's. This was done purposly
To puT The PlainTiFF in danger where Bambi Thomas
did say"IF you werenT a child mulesTer you'ed sign
off" JusT as in waTson v Mc Ginnis 981 F Supp 815
(s.D.n.y 1997) Benefield v. McDowall 241 F3d 1267 (10Th cir
2001) To name a few found ThaT lableing a inmate
a sniTch would puT a inmate in danger and oFficers in
Knowing The end result of Their sTaTemenT did acT with
dellebrate Indifference. This is no difFerenT Than being
called a child mulesTer and probabily worse
    Again on 1/25/2006 a grearance was read
by grivance commiTTier and This was read in
fronT of Two inmaTes a romor Than insued on
The Tier ThaT The plainTiFF was on This was

reported To Mental Health . This was reckless
by any standard and will be addressed in The
(D I 2) complaint and amended complaints (DI,12 )
(DI 8 ) (DI 25) and is a ongoing issue
    Plaintiff still suffers mentaly and physically from
These acts and is in constant fear from acts of
all three defendants Thomas Seacord Bambi Thomas
James Gardels . where They have The ability To
call any institution and label The Plaintiff as
a Truble maker a child mulester or worse . This
is my fear of being moved also .
Plaintiff has documents as To all The acts
described . Also has witnesses inmates as well
as officers . where Wistle Blower Status will be
needed . Also Plaintiff would request United States
Attorney's involvement or Fedral Buro of Investigation
To queston witnesses
    Plaintiff as To letter and affidavit supplyed The
Plaintiff was refused law Library access and can
not supply copys of law or documents and grievances

furthe Plaintiff can show proof of retalation but will need subpoenas To aquire records, The fact in IV on razors Plaintiff can show That Defendants are lieing and asTo The link beTween ConsTiTuTional RighTs being denied and reTalaTion can be shown by evedance ThaT They extend direcTly from The PlainTiffs exercise of his ConsTiTuTional RighTs. WiTh The CourTs granT of Time and subpoenas To gaTher evidance

Plaintiff Presents This To The Honorable Court

monTy Pepper
1181 Padlock Rd
Smyrna Del
                        19977

Feb 24 2006

Plaintiff while in S.H.U. 18 B Tiear was The
same Time as Jermaine Wilson on 2/18/2005
he died from apparenT suicide. This I beleave
was with out doughT due To abuses as The defendants
describe as noT amounTing To a colorable offence
or a offence ThaT amounTs To crule and unusal TreaTmenT
or a imminenT danger To The PlainTiff or ThaT iT
amounTs To a 8Th AmendmenT Clame.

Plaintiff has shown whaT he can aT This poinT
and has shown ThaT iT Dose amounT To a 8Th AmendmenT
claim allso PlainTiff in grivances has asked for
criminal charges To be pressed and due To ThreaTs PlainTiff
did noT Fallow Through.

PlainTiff asserTs ThaT inmaTes on D Tiear and
Death Row as well as B Tier in buld 18 aT The hands
of The DefendanTs were abused in The same manner
There by PlainTiff will seek grivances and records
of aTTempTed suicides, as well as DocTors, Nurses,
who wiTnessed These acTs as To PlainTiff and oThers
where docTors some who are noT wiTh Prison Medical

any longer   Records will need To be aquired

These abuses are more Than JusT a baTTle of
words  and as puT in DefendanTs Memorandum of
PoinTs  PlainTiff recived 4 pices of crusT numours
Times  Food was Tampered wiTh  and PlainTiff could
noT eaT lunch For allmosT a monTh  and grivances
were egnored as well as leTTers To inTernal affairs
and wardon Carroll  LT Taylor  LT Seacord  LT Hokman
and oThers  counsler Sims  ,  There were noTes Taken
by indivedals who PlainTiff cannoT name For Their
safTy .  PlainT.ff also has copy's of leTTers To
Medical abouT The abuses  all were egnored or said
They could noT help  They were power less
          Things ThaT were puT Foward are The Tip
of The ice berg  PlainTiff will PresenT The
names of inmaTes who were aTTacked  These inmaTes
puT in grivances and were denied as well as recivcing
FicTiTious  wriTe ups  by guards Terri  LT Seacord
and were approved by LT Savage .
      The same as my FicTiTious wriTe ups in retalaTion
where a few days afTer wriTing Bambi Thomas

up for abuses   These are included with Their motion and (exhibit A)   where first The S.H.U. is Secure Housing Unit   This is The Maxmum Security cups and Bowls  Can not fiT under doors. These can only be given by guards    shake down Records will show shake down.  DefendanT Bambi lies To stateMenT "Someone should slap That bitch"  This is a woman statement not a man first  2end PlainTiFF has affidaviT That was refused and witnessess That were refused as whell as being denied a chance To appeal as (ExhibiT B) shows PlainTiFF asked and was refused  PlainTiFF was given 15 days in The hole which is reTalation where compairing punshmenTs will show, and where LT Savage was laffing and would allow no affidaviTs or witnesses This is common place for This Disciplinary SysTem where iT is as corupTas The Grevance sysTem "This canTo be realoved by video Taped and voice within The prison" would eliminaTe any abuse by This system, fuTher DefendanT says PlainTiffs Cell (stmT 11) Smelled however if PlainTiff was being supplyed cleaning materal how could This be True(11). Also statement That The cell was Full of Trash(11)  This is The S H U only what guards give inmaTes is whaT They have PlainTiFF Cell could"noT" have been Full of Trash

only what was given To PlainTiff

FurThe PlainTiff was written up for "Carbon Paper" when They Found out PlainTiff was making copies of grivances and sick call and leTTers

DefendanT Bambi Thomas Looked Through PlainTiff Legal papers with out PlainTiff present and never asked PlainTiff if he had carbon Paper PlainTiff recived This in legal work From some one. This gave The PlainTiff a write up where again LT Savage gave The PlainTiff 15 days confinement exTream for offence as well as The oTher write up was excessive and can be proven as such..

Because PlainTiff can noT supply addiTional inFormaTion aT This Time PlainTiff has leTTers grivances as well as medical which documenTs all The abuses described as well as more and afTer aquiring evedance as in grivances medical and wiTnesses PlainT. Ff will Prove with out a doubT ThaT This Type of Abuse was normal for Buld 18 when The DefendanTs and oThers were in charge

MonTy Pepper

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

MONTY C. PEPPER,                      )
                                      )
        Plaintiff,                    )
                                      )
    v.                                )    C.A. No. 05-084-JJF
                                      )
Warden THOMAS CARROLL, C/O            )
BAMBIE THOMAS, C/O JAMES              )
GARDELS, C/O THOMAS SEACORD           )
                                      )
        Defendants.                   )

### AFFIDAVIT OF BAMBIE THOMAS

        I, Bambie Thomas, having been duly sworn according to the law, do hereby depose and state the following:

1.      I am employed by the State of Delaware, Department of Correction at the Delaware Correctional Center ("DCC") near Smyrna, Delaware as a correction officer. I have been employed by the Department of Correction for ten years.   My rank is Correctional Sergeant and in addition to the general duties of a correction officer I also monitor the everyday activity in the housing unit.   I have held this position since March, 2002.

2.      In response to a request from the State of Delaware Department of Justice, I am providing the following information regarding allegations made by Monty Pepper in his Motion for temporary Restraining Order Without Notice and for Preliminary Injunction.

3.      I work only in the Security Housing Unit ("SHU") at DCC.  I occasionally work overtime when frozen within the institution. I do not work overtime in any other housing unit in the institution.  Since Monty Pepper left the SHU I have not had any contact with

him. On August 2, 2005, Inmate Pepper was moved to V Building, a ▓▓▓▓▓▓▓▓▓▓▓▓ housing unit.

4.      I do not recall Inmate Pepper requesting any legal phone calls in May, 2005. In the autumn of 2004, he did request legal phone calls, which the corrections staff attempted to place for him. However, the calls to his attorney were refused by the attorney's office, and the call to the Public Defender was also refused.

5.      On Tuesdays and Fridays the inmates in the SHU receive razors with breakfast, and the razors are picked up when the lunch trays are picked up. Because the razors are picked up on the same day they are issued, Inmate Pepper would always be expected to give his back. If he had to give back the razor, then it is accounted for, making it very difficult to "plant" a razor. I deny ever saying anything to Inmate Pepper about putting a razor in his cell.

6.      I have no recollection of calling Inmate Pepper a child molester at any time.

7.      In the SHU inmates are required to shower three times per week. I do remember requiring Inmate Pepper to shower as he had particularly bad body odor. He refused, saying that he had no towel. As there were no towels on the housing unit at that time, I offered him a sheet to dry off with. Some inmates do "air dry" after their showers. It is not unusual for them to do this. I never called Inmate Pepper a "stinking bitch" as he claims. I do recall Inmate Pepper saying, "some one should slap that bitch."

8.      When trays come to the SHU, the staff put the bread and juice on the trays and give them out. The bread comes packaged like the loaves of bread at the store. When staff put bread on the trays, some one will get as one of the slices, the end piece of the loaf. The trays are then passed out in no special order. With several people giving out

trays, there is no way to be certain which tray any inmate will receive at the start of tray distribution. Inmate Pepper may have received slices that were the end of a loaf of bread by chance from time to time. However, not all of the slices he would get at each meal would be the ends of the loaf. Because several people distribute the trays randomly during the meal service, there is no way to ensure that a particular tray will be given to Inmate Pepper.

9.      Inmates know that the mail is collected and goes out on the 4 P.M. to 12 A.M. shift. I work the day shift. The 4 – 12 shift takes the mailbag out to the mailroom at the end of the shift. I have not picked up any mail from Inmate Pepper.

10.     Saturdays in the SHU are supply days. The inmates are instructed to turn over the cardboard toilet paper roll in order to get a new roll of toilet paper. Often, even if an inmate does not turn over the cardboard roll, he will be given a new roll and reminded of the rule. On occasion, inmates who have not turned over the cardboard roll or who are asking for increased amounts of toilet paper will be given some paper, but not an entire roll. There is no reason for Inmate pepper not to receive toilet paper.

11.     Inmate Pepper's cell was frequently dirty, smelled bad and was filled with trash. Far from refusing him the opportunity to clean his cell, he has been instructed to clean the cell. On one occasion I even went into his cell and put Comet cleanser in his toilet because it was dirty and smelled bad. I then ordered Inmate Pepper to clean his cell while I was standing there and provided him with a broom and a mop. Inmates in the SHU are to ask for the cleaning supplies prior to their recreation day.

12.     I have made these statements based upon my personal knowledge, specialized training, and experience as an employee of the Department of Correction.

_Bambie Thomas_
Bambie Thomas

SWORN TO AND SUBSCRIBED BEFORE ME THIS _16th_ DAY OF _February_

2006.

_Brian D Engelman_
NOTARY

DR #
701.7654

Date: 6/8/05

DCC Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

## DISCIPLINARY HEARING DECISION

☑ Class I (Major)    ☐ Class II (Minor)    ☐ Summary (24 Hour LOAP)

Inmate: _Pepper_  _Monty_  SBI#: 00 _156920_
Institution: Delaware Correctional Center    Hearing Date: _6/8/05_  Time: _1255_
_cont'd 6/10/05_

Inmate Present: ☑ Yes   ☐ No

Reason (If No): _____

Violation: _200, 203 D, T B    200.106    200.10 S_
Inmate Plea: _Not Guilty_
Inmate Statement: _There was my newspapers. I didn't
say what she said I did. Inmate said
it's not retaliation, retaliation._

Witness Name: _____
Testimony: _____

Witness Name: _____
Testimony: _____

Witness Name: _____
Testimony: _____

Decision: ☑ Guilty   ☐ Not Guilty   ☐ Further Investigation
Rational: _Inmate confrontation w/ others, another inmate
called her the name, she reported her for
report to confrontation inmate found guilty
of all charges._

Sanctions: _15 days isolation To be scheduled_

Hearing Officer's Signature _Lt. Lorren Dauhs_

I understand that I may appeal the decision of the Hearing Officer (or Shift Supervisor in the case of a Summary Sanction) to the Commissioner of Correction or his designee. I must complete a Disciplinary Appeal Form within 72 hours immediately following the hearing and mail it to the DCC Hearing Office.

☑ I do intend to appeal.

☐ I do not intend to appeal.

_inmate unable to sign cuffed_
_in slave_
Inmate's Signature

## ORDER TO IMPLEMENT SANCTIONS

☐    Inmate does not wish to appeal        ☐  Appeal has been denied by Commissioner or Designee

☐    Sanctions have been modified          ☐  Time Limit (72 hours since hearing) for appeal has expired

Modifications: _____
It is hereby ordered to implement the sanctions or modified sanctions on  Date: _____  Time: _____
Form 121 - May 30, 2003 - 2 pt, NCR  DACS

DR #
*1017654*

Date: 5/30/05

DCC Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

## NOTICE OF DISCIPLINARY HEARING – FOR MINOR/MAJOR OFFENSE

To: Inmate: Pepper, monty        SBI#: 00 _156 920_ Housing Unit: _SHU_ 18

1. You will be scheduled to appear before the Hearing Office to answer charges pending against you. (Staff are to explain the charges as listed on the 122).

2. At that time, a hearing will be held to determine whether you violated Institutional Rule(s) as alleged in the attached Disciplinary Report.

    How do you plead?  ☐ Guilty   ☒ Not Guilty

3. A "Minor Offense" is a rule violation in which the extent of the sanction to be imposed shall be restricted to:
    a. Written Reprimand.
    b. Loss of one or more privileges for a period of time **of more than 24 hours but less than 15 days**.

4. A "Major Offense" is a rule violation in which the extent of the sanction to be imposed shall be restricted to:
    a. Loss of one or more privileges for a period **of more than 15 days but less than 60 days**.
    b. Confinement to assigned quarters for a period of time not to exceed 30 days.
    c. Isolation confinement for a period of time not to exceed 15 days.
    d. Loss of good time for a period of time not to exceed 30 days. (Forfeiture of accumulated good time shall be subject to the approval of the Commissioner or his designee.)

5. You have the rights in the disciplinary process as stated on the lower and back of this page. These have been fully explained to you at the time of this notification.

6. Counsel requested?  ☐ Yes   ☒ No   Name of Counsel: _____

7. Confront accuser?  ☒ Yes   ☐ No

8. Witness requested?  ☐ Yes   ☒ No   Name of Witness: _____

_____

I certify that on _5/30/05_ at _1400_ ,
             (Date)          (Time)

I served upon the above inmate this notice of
Disciplinary Hearing for Minor/Major Offense
and the Disciplinary Report is attached hereto.

_____
(Employee's Signature & Title)

I have received copies of 122 & 127 and
understand my rights as Form #127 has
been read to me.

_____
(Inmate's Signature)

Page 1

Form 127: May 30, 2003   DACS

Incident#
1022350

**DCC Delaware Correctional Center**
**Smyrna Landing Road**
**SMYRNA DE, 19977**
**Phone#: 302-653-9261**

# INCIDENT REPORT

| Group#: N/A | Type: Inmate Involved | Incident Date: 05/11/2005 | Time: 09:45 | Confidential: No |
|---|---|---|---|---|

**Facility:** DCC Delaware Correctional Center

Followup Required : No

**Associated Disciplinary Report #(s):** 1017654

**Incident Location:** Bldg. 18 B Tier

**Location Description:** BL9

**Violated Conditions:** 1.06/200.203 Disorderly or Threatening Behavior
2.03/200.106 Creating a Health, Safety or Fire Hazard
2.06/200.108 Failing to Obey an Order

**Description of Incident:**

On 11 May 05 at 0945 while conducting a routine shakedown I Sgt. B. Thomas found a large ammount of trash in inmate Pepper's cell. This excess trash is against the housing rules on page 1D. Along with the trash he was in possession of 1 extra cup, 1 extra coffee cup, 1 extra bowl and lid. These extra items are against the housing rules according to page 30E. Inmate Pepper also became disorderly by stating " Someone should slap that bitch".

| Injured Persons | Hospitalized | | Nature Of Injuries |
|---|---|---|---|
| N/A | N/A | N/A | |

**Evidence Type:** N/A

Date Collected: N/A

**Discovered By :** N/A

Secured By: N/A

**Type of Force Used:** [ ] PHYSICAL [ ] CHEMICAL [ ] STUN [ ] OTHER [ ] CAPSTUN [X] NONE

**Restraints Used :** N/A

**Immediate Action Taken:**
N/A

**Individuals Involved**

| Person Code | Name | SBI# | Title |
|---|---|---|---|
| Staff | Bambie, Thomas | N/A | CO Corporal/Sgt. - Large Inst. |
| Inmate | Monty, Pepper C | 00156920 | N/A |

**Reporting Officer:** Thomas, Bambie (Co Corporal/Sgt. - Large Inst.)

**Entered By:** Thomas, Bambie (Co Corporal/Sgt. - Large Inst.)

**Approval Information**

[ X ] Approved [ ] Disapproved **Date:** 05/16/2005 **Approved by:** Seacord, Thomas J (Staff Lt./Lt)

**Comments:** N/A

Disciplinary #
1017654

## DISCIPLINARY REPORT

18 BL8

| Disciplinary Type: Class1 | | Housing Unit: Bldg 18 | | IR#: 1022350 | | |

| SBI# | Inmate Name | Inst. Name | Location Of Incident | Date | Time |
|---|---|---|---|---|---|
| 00156920 | Pepper, Monty C | DCC | Bldg.18 B Tier | 05/11/2005 | 09:45 |

**Violations:** 1.06/200.203 Disorderly or Threatening Behavior, 2.03/200.106 Creating a Health, Safety or Fire Hazard, 2.06/200.106 Failing to Obey an Order

**Witnesses:** 1. N/A          2. N/A          3. N/A

### Description of Alleged Violation(s)

On 11 May 05 At 0945 While Conducting A Routine Shakedown I Sgt. B. Thomas Found A Large Ammount Of Trash In Inmate Pepper'S Cell. This Excess Trash Is Against The Housing Rules On Page 1d. Along With The Trash He Was In Possession Of 1 Extra Cup, 1 Extra Coffee Cup, 1 Extra Bowl And Lid. These Extra Items Are Against The Housing Rules According To Page 30e. Inmate Pepper Also Became Disorderly By Stating " Someone Should Slap That Bitch".
**Reporting Officer:** Thomas, Bambie (CO Corporal/Sgt. - Large Inst.)

### Immediate Action Taken

Immediate action taken by: Thomas, Bambie -CO Corporal/Sgt. - Large Inst.

N/A

### Offender Disposition Details

**Disposition:** N/A          **Date:** N/A       **Time:** N/A       **Cell secured?** No

**Reason:** N/A

**Disposition Of Evidence:** N/A

### Approval Information

**Approved:** ☑       **Disapproved:** ☐       **Approved By:** Seacord, Thomas J (Staff Lt./Lt)

**Comments:** N/A

### Shift Supervisor Details

**Date Received:** 05/30/2005       **Time:** 14:56       **Received From:** Seacord, Thomas J

**Shift Supervisor Determination:**

[ ]    Upon reviewing this Disciplinary Report, I conclude that the offense may be properly responded to by an immediate revocation of the following privileges(see reverse side) for _____ hours not to exceed 24 hours)

[X]    Upon reviewing this Disciplinary Report, I conclude that the offense would be properly responded to by Disciplinary Hearing

Seacord, Thomas J (Staff Lt./Lt)

I have received a copy of this notice on DATE:_____ TIME: _____ and have been informed of my rights to have a hearing and to present evidence on my own behalf. I understand, if found guilty, I will be subject to imposition of sanctions outlined in the Rules of conduct.

**Preliminary Hearing Officer:** Seacord, Thomas J                **Offender:** _____
                                                                                  Pepper, Monty C

DELAWARE CORRECTIONAL CENTER
Smyrna Landing Road
SMYRNA DE. 19977
Phone No. 302-653-9261

## DISCIPLINARY HEARING DECISION

| | |
|---|---|
| Inmate : Pepper, Monty C | SBI#:00156920    Type: Class 1 |
| Institution: DCC  Delaware Correctional Center | Hearing Date: 06/16/2005    Time: 10:30 |

Inmate Present: Yes      Reason(If No): N/A

Violation: 1.06/200.203 Disorderly or Threatening Behavior, 2.03/200.106 Creating a Health, Safety or Fire Hazard, 2.06/200.108 Failing to Obey an Order

Inmate PLEA: Not Guilty

Inmate Statement: Trash was my newspapers. I didn't say what she said I did. Inmate said its retaliation.

Decision :Guilty

Rational : During confrontation c/o Thomas said inmate called her the name she reported. Per report and confrontation inmate found guilty of all charges.

Sanctions: N/A

### HEARING OFFICER'S SIGNATURE

Savage, Larry

I understand that I may appeal the decision of a Class II Hearing to the Class I Hearing Officer. I may appeal the decision of a Class I Hearing to the facility administrator. I also understand that I have 72 hours to submit my notice of appeal in writing to the Class I Hearing Officer if I am appealing a Class II Hearing decision or the Warden if I am appealing a Class I Hearing decision.

I [X]  DO   [ ]  DO NOT INTEND TO APPEAL

INMATE's SIGNATURE

### ORDER TO IMPLEMENT SANCTIONS

[X]  Inmate does not wish to appeal          [ ]  Appeal has been denied by Commissioner or Designate

[ ]  Sanctions have been modified           [ ]  Time Limit(72 Hours since hearing) for appeal has expired

It is here by ordered to implement the sanctions:

| Sanctions | Start Date | Days | End Date |
|---|---|---|---|
| 1. Isolated Confinement | | 15 | |