**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MONTY C. PEPPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-084-JJF |
| | ) | |
| Warden THOMAS CARROLL, C/O | ) | |
| BAMBI THOMAS, C/O JAMES | ) | |
| GARDELS, C/O THOMAS SEACORD | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THEIR MOTION TO DISMISS**

COME NOW, Defendants Thomas Carroll, Bambi Thomas, James Gardels, and Thomas

Seacord, through the undersigned counsel, and reply to Plaintiff's Answer to Defendants' Motion

to Dismiss as follows:

1.      Plaintiff continues to make the same allegations regarding legal phone calls, without

providing any evidence that he was denied any phone calls.  As stated in Defendants' Motion to

Dismiss[1], to state a cognizable claim for violation of the right to access to the courts, a prisoner

must allege and *offer proof* that he suffered an "actual injury" as a result of the denial. *Oliver v.*

*Fauver,* 118 F.3d 175, 177-78 (3d Cir. 1997) (emphasis added).  Plaintiff's  continued

allegations are not proof  of a violation of his constitutional rights.  Plaintiff appears to be

claiming that without being given a specific form to use to request legal calls, he has been denied

access to an attorney and the courts.  Yet he admits in his Complaint that he was told to write his

request on a piece of paper and submit it.  Affidavits submitted by Defendants in to Motion to

---

[1] . This Reply Memorandum incorporates by reference the arguments as set forth in the initial Motion to Dismiss
(D.I. # 33) and the Opening Memorandum of Points and Authorities (D.I. # 34) filed in support of the instant motion
to dismiss.

Dismiss explain that legal call request are submitted on plain paper and that they do not use legal call forms.

Plaintiff  presents the Court with one copy of a legal call request form, and alleges that Defendants are liars who throw away any request not made on the forms.  However, all that Plaintiff has demonstrated with this form is that some one actually did make a phone call to attorney Savitz on November 11, 2004.  (*See* call form, attached as Exhibit "A").  The print shop at DCC has not printed the legal call form since December, 2003, because there is no demand for them.  (*See* Affidavit of Ed Moore attached as Exhibit "B").   This form has not been used in the SHU since 2003. (*See* Affidavit of Thomas Seacord, attached as Exhibit "C").  Plaintiff does not identify who gave him the form.  Inmates are instructed to write their requests for legal calls on a piece of paper and submit them to a correction officer.  (Ex. C).

Showing one form does not state a claim for denial of access to the courts.    The one piece of paper that Plaintiff has supplied, contradicts his allegation that he has been denied legal calls.[2]   No matter what form or paper they are written on, the requests are handled in a uniform manner.  Defendants contend that Plaintiff offers no evidence not because he cannot get copies of his written requests, but rather because he never made the number of requests he claims.    In addition, Plaintiff's latest allegation that Defendants throw out the requests written on plain paper is baseless.  Assuming *arguendo*, that Defendants wanted to deny Plaintiff access to legal calls, he makes no attempt to explain or prove how writing the request on the legal call form would prevent that violation.    The correction officers re not responsible for Plaintiff not having an attorney.[3]  They placed the calls he requested, only to find that Ms. Savitz withdrew as his

---

[2] In addition, it is puzzling that Plaintiff actually has a copy of this form, but not any of the other requests he allegedly made. Plaintiff certainly has the ability to make copies of forms and other documents for his court filings, as evidenced by the large volume of documents he sends to the Court.
[3] Plaintiff even provides direct evidence that Defendants are not responsible for the fact that he has no attorney.  In

attorney, and the Public Defender's Office did not have a record of him as their client and refused to take his call.

2.      Plaintiff continues to make the same allegations regarding the law library in his Answer as he made in his Complaint.  Although he discusses his criminal case at length, he does not provide any proof that his access to the law library caused him any actual injury.  The United States Supreme Court has defined actual injury in the access to courts context as the loss or rejection of a *nonfrivolous* legal claim regarding sentencing or the conditions of confinement. *See Lewis v. Casey,* 518 U.S. 343, 351 (1996).  (Emphasis added).   Plaintiff continually refers, in detail, to his criminal case as an illustration of alleged injury due to lack of library access.  In his criminal case Plaintiff signed a Plea Agreement and a Truth in Sentencing form ("TIS"). (*See* Plea Agreement and Truth in Sentencing form attached as Exhibit "D").  Plaintiff claims that lack of access to the law library was the cause of his failure to withdraw his plea, obtain a reduction in sentence, and get property returned.  Plaintiff filed a very large number of documents with Docket Item 48, some of which provide insight into why he has failed with some of his cases.  Some of the property he wanted returned is the evidence in his criminal case.  Next, the fact that he signed the Plea Agreement and the TIS create a very high hurdle for Plaintiff to overcome when attempting to withdraw his plea.   The Delaware courts have held that defendants are bound by the answers that they give on the Truth-in-Sentencing Guilty Plea Form, and in the absence of clear and convincing evidence, the Court will not allow withdrawal of a guilty plea.  *State v. Melendez*, 2003 WL 23095688 *4 (Del. Super. Dec. 19, 2003) (attached hereto as Exhibit "E").  Plaintiff signed both the Guilty Plea and the Truth-in-Sentencing Form. Therefore, when Plaintiff later failed in his attempt to withdraw his plea, he cannot allege a lack

---

his Answering Brief has attached part of an affidavit from Ms. Savitz asking the Court for permission to withdraw as his attorney.  (*See* Plaintiff's Answer to Defendants' Motion to Dismiss, Exhibit 5).  D.I. 41.

of access to the law library for the legal hurdle he created for himself at the time of his plea.

The law library is not the cause of Plaintiff's problems with the courts. In both their Motion to Dismiss, and their Answer to Plaintiff's Petition for a Writ of Mandamus, Defendants have provided clear, cogent descriptions of Plaintiff's access to the law library, backed up by ample evidence of his abundant access to the library. In fact, a review of the Plaintiff's voluminous documents filed with D.I. 48 contradict his allegations of lack of access to the law library. (*See* law library correspondence and general request forms, attached as Exhibit "F"). These documents, provided by Plaintiff, demonstrate that even while in the SHU he not only received legal materials, but also guidance.

Finally, in an attempt to lend credence to his allegations, Plaintiff complains that he is denied access to the courts because he must hand copy and make "impression copies" of some documents, and cannot provide copies of other documents to the Court. However, his court filings belie this claim. For example, Docket Item 48 consists of 211 pages, and include copies of grievances, policies, and other documents already supplied to this Court. Therefore, Plaintiff himself provides ample evidence that he has a generous amount of time in the law library, and access to legal materials and copy services to aid him in litigating his cases.

3.     In his Answer Plaintiff alleges that he has been denied sick call forms. However, this claim is without merit. Plaintiff has had filled out numerous sick call forms, especially for mental health issues, and has been seen by the health care providers. (*See* sick call forms, attached as Exhibit "G"). As can be seen by the number of sick call forms Plaintiff has access to health care and has taken regular advantage of that service.

4.     The remaining claims in Plaintiff's Answer, which revolve around his time in protective custody, are the same allegations made in his Complaint. He still does not state a claim which

rises to the level of a constitutional violation.  Plaintiff still provides no support for his claims.

Defendants have previously addressed these allegations, which range from claims of verbal

abuse to unpalatable meals, among other complaints, in their Motion to Dismiss. As Plaintiff has

provided nothing additional in his Answer, Defendants need not reply to the allegations again.

5.      Defendants are entitled to dismissal because Plaintiff, in his Complaint and Answer

has failed to state a claim for which relief can be granted.  Pursuant to Federal Rule of Civil

Procedure 12(b)(6), the court may, upon a party's motion, dismiss an action for failure to state a

claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  When reviewing a Rule

12(b)(6) motion, the court must accept as true all factual allegations contained in the complaint

as well as all reasonable inferences that may be drawn from those allegations, and view them in

the light most favorable to the nonmoving party. *See Trump Hotels & Casino Resorts, Inc. v.

Mirage Resorts, Inc.*, 140 F.3d 478, 483 (3d Cir. 1998). "A complaint should be dismissed only

if, after accepting as true all of the facts alleged in the complaint, and drawing all reasonable

inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent

with the allegations of the complaint." *Id.*

        Though *pro se* pleadings are entitled to leniency, such pleadings must still place a

defendant on notice as to what wrong he has supposedly committed.  *Riley v. Jeffes*, 777 F.2d

143, 148 (3d Cir. 1985) ("[I]f a plaintiff presents only vague and conclusory allegations, the

complaint should be dismissed.").  *See also Solis v. Breslin*, 107 Fed.Appx. 262, 264 (2d Cir.

2004)(quoting *Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506, 514 (2002)(affirming the District

Court's dismissal of a *pro se* inmate's complaint because he had "not alleged the occurrence of

any specific acts" which gave the defendants "fair notice" of what his claim was and "the

grounds upon which they rest.").  "Plaintiffs suing governmental officials in their individual

capacities, . . . must allege specific conduct giving rise to a constitutional violation." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002). "This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to a constitutional violation." *Id.* In his Complaint, his Answer to the Motion to Dismiss, and in all of his other motions, Plaintiff continually makes the same unsupported, conclusory allegations regarding issues that do not state a claim for a constitutional violation.

## CONCLUSION

WHEREFORE, as this is the final pleading permitted for the Motion to Dismiss, Defendants request that for all the reasons state in their Motion to Dismiss and in this Reply, this Honorable Court enter an order dismissing Plaintiff's Complaint with prejudice.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

/s/ Lisa Barchi
Lisa Barchi
Deputy Attorney General
820 N. French Street, 6th floor
Wilmington, DE 19801
(302) 577-8400
lisa.barchi@state.de.us

Date: March 6, 2006                    Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2006, I electronically filed *Reply memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss* with the Clerk of Court using CM/ECF. I hereby certify that on March 6, 2006, I have mailed by United States Postal Service, the document to the following non-registered participant:

Monty C. Pepper
SBI # 00156920
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**STATE OF DELAWARE
DEPARTMENT OF JUSTICE**

/s/ Lisa Barchi
Deputy Attorney General
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
lisa.barchi@state.de.us