IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONTY C. PEPPER,                                      ) | |
|                 ) | |
|    Plaintiff,                                      ) | |
|                 ) | |
|    v.                                                       )  C.A. No. 05-084-JJF | |
|                 ) | |
| Warden THOMAS CARROLL, C/O      ) | |
| BAMBI THOMAS, C/O JAMES            ) | |
| GARDELS, C/O THOMAS SEACORD  ) | |
|                 ) | |
|    Defendants.                                    ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMDEND
HIS COMPLAINT FOR THE THIRD TIME**

   COME NOW, Defendants Thomas Carroll, Bambi Thomas, James Gardels and Thomas Seacord, through the undersigned counsel, and oppose Plaintiff's Motion to Amend his Complaint.  In support, Defendants state the following:

**STATEMENT OF FACTS**

1.  Monty Pepper, an inmate at the Delaware Correctional Center ("DCC") in Smyrna, Delaware, filed the above captioned Complaint in this case on February 15, 2005. (.D.I. 2).

2.  Plaintiff amended the complaint on June 1, 2005 to add a claim of retaliation.  (D.I. 7).

3.  On September 13, 2005, Plaintiff filed a motion to amend his Complaint for a second time.  (D.I. 16).  The motion was granted on October 3, 2005.  (D.I. 17).

4.  Plaintiff filed his third Motion to Amend his Complaint on February 17, 2006.  (D.I. 39). It is not clear what he is alleging, but the essence of the request appears to be that he wishes to now claim a variety of  medical problems.  He claims these problems are the result of some one's "negligent and deliberate indifference…and if this is part of the on going retaliation or just plain

neglect or abuse." [sic]. (Motion to Amend, p. 2). Plaintiff includes a number of blank grievance and sick call forms.

5.     Defendants filed their Motion to Dismiss/Summary Judgment, and Memorandum of Law in support of their motion on January 26, 2006. (D.I. 33 and 34).

## MEMORANDUM OF LAW

Plaintiff's third request to amend his Complaint should be denied because it is untimely, made in bad faith, and futile. Federal Rule of Civil Procedure 15 allows amendment of a Complaint in order to "ensure that an inadvertent error in pleading will not preclude a party from securing relief on the merits of the claim." *Arthur v. Maersk*, 434 F.3d 196, 202 (3rd Cir. 2006). The Court of Appeals for the Third Circuit went on to explain that "the factors that may justify denial of leave to amend are undue delay, bad faith, and futility." *Id.* at 204. The Court also stated that " 'prejudice to the non-moving party is the touchstone for the denial of amendment.'" *Id*.

In Plaintiff's third motion to amend his Complaint, all the factors cited above, are present. First, Plaintiff is acting in bad faith when seeking to amend at this time. Although Plaintiff has amended his Complaint twice, he did not allude to anything more than vague, general allegations about his mental health in previous filings. The timing of the motion to amend is also suspect, occurring as it does, about two and a half weeks *after* Defendants filed a potentially case dispositive motion and Memorandum of Law in support of their motion. This maneuver by Plaintiff can only be described as disingenuous. If Plaintiff found his health to be such a compelling issue, then it must be asked why he has never done more than make general allegations about the conditions of his confinement causing him mental and emotional distress. Defendants contend that Plaintiff grew concerned when he was faced with their Motion to

Dismiss, and this is his attempt to keep his case open in front of this Court.

In his Motion to Amend, Plaintiff states that if he is not allowed to amend "I not the Plaintiff will file a sepreat suit to the issue." [sic]. (Motion to Amend, p. 2). His threat to file another lawsuit is evidence that Plaintiff is searching for something to keep his case before the Court, and his statement, by itself is evidence of a bad faith attempt to manipulate the Court.

In addition to Plaintiff's demonstration of his bad faith when filing the motion, his undue delay in bringing the allegations are another reason to deny his motion. "When a party fails to take advantage of previous opportunities to amend, without adequate explanation, leave to amend is properly denied." *Arthur*, 434 F.3d at 204. In Plaintiff's case, he has amended his Complaint twice previously, yet does not bring the claims he now deems to be so important that he threatens to file another lawsuit if he is not allowed to amend his Complaint. He had almost a year to bring the claims. Yet he waited until after Defendants filed their response to his Complaint to bring these latest allegations. Plaintiff claims that he has had a cough and the back pain for a year, yet as late as September, 2005, when he filed his Second Amended Complaint, Plaintiff chose not to make allegations about these particular health issues.

Although the Courts are to be liberal in granting leave to amend, and are to be lenient with *pro se* litigants, this litigant has twice demonstrated that he knows how to amend his Complaint, and "liberal" does not mean that the Court must automatically acquiesce to his request. Plaintiff has not provided adequate reasons the amendment of his Complaint for a third time.

In addition to the reasons stated above, Plaintiff's addition of what appear to be medical claims is futile. None of the Defendants in this lawsuit are personally involved in the provision of health care for Plaintiff. When an inmate is under the care of medical professionals, the non-

medical prison official can be justified in thinking that that the inmate is receiving care from capable providers. *Spruill v. Gillis*, 372 F.3d 218, 236(3rd Cir, 2004). In Spruill, an inmate sued non-medical prison officials. In its holding the Court made clear that unless the non-medical prison officials believe or know that prison health care providers are neglecting the health care of an inmate, the non-medical prison officials cannot be held accountable decisions made by the medical professionals. *Spruill*, 372 F.3d at 236. As in *Spruill*, Plaintiff is under the care of medical professionals. He has filed numerous sick call requests, and has been seen by medical providers. (*See* Sick Call Requests, attached as Exhibit "A"). Further, Plaintiff has not established how any of the defendants demonstrated deliberate indifference to his medical needs. Because Plaintiff fails to establish personal involvement by the defendants or deliberate indifference by them, his claims against them will fail. Finally, Plaintiff has received medical care. When an inmate receives medical care, claims about the adequacy of the care will not support an Eighth Amendment claim. *McCray v. Williams*, 357 F. Supp. 2d 774, 781, (D. Del. 2005) (citing *Norris v. Frame*, 585 F.2d 1183, 1186 (3rd Cir. 1978). Although his motion is not clear, it appears that Plaintiff is trying to allege that Defendants have denied him medical care. The record states otherwise, and will result in Plaintiff's failure to carry his burden to prove that Defendants acted with deliberate indifference.

      WHEREFORE, for all the reasons stated above, Defendants request that this honorable Court enter an order denying Plaintiff's motion.

                                      STATE OF DELAWARE
                                      DEPARTMENT OF JUSTICE

                                      /s/ Lisa Barchi
                                      Lisa Barchi
                                      Deputy Attorney General
                                      820 N. French Street, 6th floor
                                      Wilmington, DE 19801

                                                (302) 577-8400
                                                lisa.barchi@state.de.us

Date: March 6, 2006                                Attorney for Defendants

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONTY C. PEPPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C.A. No. 05-084-JJF |
| | ) |
| Warden THOMAS CARROLL, C/O | ) |
| BAMBI THOMAS, C/O JAMES | ) |
| GARDELS, C/O THOMAS SEACORD | ) |
| | ) |
| Defendants. | ) |

### **ORDER**

AND NOW, this _____ day of _____, 2006, the Motion to Amend the Complaint, and Defendants' Answer in Opposition to the Motion in the above-captioned matter, having been duly considered,

IT IS ORDERED that the Motion to Amend the Complaint is DENIED and that judgment is hereby entered in favor of Defendants and against the Plaintiff.

_____
The Honorable Joseph J. Farnan, Judge
United States District Court

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2006, I electronically filed *Defendants' Opposition Plaintiff's Motion to Amend* with the Clerk of Court using CM/ECF. I hereby certify that on March 6, 2006, I have mailed by United States Postal Service, the document to the following non-registered participant:

Monty C. Pepper
SBI # 00156920
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**STATE OF DELAWARE
DEPARTMENT OF JUSTICE**

/s/ Lisa Barchi
Deputy Attorney General
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400
lisa.barchi@state.de.us

Case 1:05-cv-00084-JJF    Document 58    Filed 03/06/2006    Page 8 of 8