IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MONTY C. PEPPER, Plaintiff, | : | |
| v. | : | Civil Action No. 05-84-JJF |
| WARDEN THOMAS CARROLL, C/O BAMBI THOMAS, C/O JAMES GARDELS, and C/O THOMAS SEACORD, Defendants. | : | |

Monty C. Pepper, Pro Se Plaintiff.

Lisa Ann Barchi, Esquire of
DEPARTMENT OF JUSTICE, Wilmington, Delaware.
Attorney for Defendants.

**MEMORANDUM OPINION**

March 22, 2006
Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court are State Defendants' Motion To Dismiss/Summary Judgment Pursuant to Rule 12(b)(6) Of The Federal Rules Of Civil Procedure (D.I. 33) and Plaintiff's Motion For Extension Of Time To File Answering Brief To Defendants' Motion And Opening Brief (D.I. 36). For the reasons discussed, Plaintiff's and Defendants' Motions will be granted.[1]

## I. BACKGROUND

Plaintiff is an inmate at the Delaware Correctional Center ("DCC") in Smyrna, Delaware. On February 15, 2005, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his First Amendment right to access the courts by refusing legal calls and additional time in the law library. Plaintiff also alleges that his First Amendment rights have been infringed through Defendants' censorship of his mail and the denial of religious services. Plaintiff further alleges that he has been verbally abused and that he fears being attacked by the correctional officers at the DCC. Finally, Plaintiff alleges that he has been denied several privileges while voluntarily housed in the Security Housing Unit (the "SHU"), such as reading material, television, cleaning products, shaving razors, boiling water, and ice, and that such denials constitute

[1]Defendants did not oppose Plaintiff's Motion, and therefore, the Court will grant it and consider Plaintiff's response to Defendants' Motion.

cruel and unusual punishment.

Defendants filed their Motion To Dismiss/Summary Judgment Pursuant to Rule 12(b)(6) Of The Federal Rules Of Civil Procedure (D.I. 33) on January 26, 2006. Plaintiff filed a Motion For Extension Of Time To File Answering Brief To Defendants' Motion And Opening Brief (D.I. 36) and subsequently submitted his answer brief. Several motions for injunctive relief filed by Plaintiff are also pending before the Court. (D.I. 8, 12, 25).

**II. PARTIES' CONTENTIONS**

By their Motion, Defendants first contend that Plaintiff has not been subjected to cruel and unusual punishment in violation of the Eighth Amendment because verbal abuse does not give rise to a constitutional violation and because Plaintiff has not been deprived of the basic necessities of life. Second, Defendants contend that Plaintiff's First Amendment right to access the courts has not been infringed because Plaintiff has had ample access to the law library, he has not been refused legal calls, and he has failed to show a resulting injury due to any alleged deprivation. Third, Defendants contend that Plaintiff's claim for retaliation must fail because Plaintiff cannot demonstrate a causal link between the exercise of a protected activity and an adverse action. Fourth, Defendants contend that Plaintiff has failed to allege a physical injury as required to recover for mental or emotional injury under the Prison Litigation Reform Act

("PLRA"). Finally, Defendants contend that Plaintiff's claims are barred by sovereign immunity under the Eleventh Amendment, or alternatively, that Defendants are entitled to qualified immunity.

**III. LEGAL STANDARD**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, a party is entitled to summary judgment if a court determines from its examination of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law.[2] Fed. R. Civ. P. 56(c). In determining whether there is a triable dispute of material fact, a court must review all of the evidence and construe all inferences in the light most favorable to the non-moving party. Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir. 1976). However, a court should not make credibility determinations or weigh the evidence. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some

---

[2]Defendants' Motion was styled as a motion to dismiss or one for summary judgment. Because both parties submitted documents outside the pleadings, and because the Court considered those documents, the Court will consider the motion as one for summary judgment. Fed. R. Civ. P. 12(b)(6).

metaphysical doubt as to the material facts. In the language of the Rule, the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). However, the mere existence of some evidence in support of the nonmovant will not be sufficient to support a denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the nonmovant on that issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

## IV. DISCUSSION

### A. Whether Defendants Violated Plaintiff's First Amendment Right To Access The Courts

Prisoners have a First Amendment right to "adequate, effective, and meaningful" access the courts. Bounds v. Smith, 430 U.S. 817, 822 (1977). Plaintiff contends that Defendants have violated his right to access the courts by denying him legal telephone calls, slips on which to request legal calls, and additional hours in the law library and by retaliating against him for filing his Complaint.

#### 1. *Legal Telephone Calls*

Plaintiff contends that he was denied the legal call forms used by inmates to request a call to an attorney. Instead, Plaintiff contends that he was asked to write his request on a piece of paper. Plaintiff contends that he made several requests

on paper between October 12, 2004 and February 1, 2005, but that his requests were "trashed." Plaintiff also contends that his attorney was incompetent because she did not respond to his calls and because she failed to investigate an alleged Fourth Amendment violation related to his state criminal case.

Defendants have put forth evidence that they attempted to contact Plaintiff's attorney but that the attorney said she was too busy or did not want to speak to Plaintiff. Defendants have also put forth evidence that Plaintiff gave them the number of the Public Defender's Office, but that when they contacted the office, they were informed that Plaintiff was not a client.

The Court concludes that Plaintiff has failed to demonstrate a triable issue of material fact. The fact that Plaintiff's attorney was ineffective or too busy to speak to Plaintiff, does not mean that Defendants violated Plaintiff's rights. Furthermore, Defendants Thomas and Seacord have submitted affidavits stating that several attempts were made to reach Plaintiff's attorney; Plaintiff has submitted no evidence that Defendants were trashing his requests. Rather, Plaintiff's evidence supports Defendants' argument that the requests weren't trashed. During the time in which Plaintiff was attempting to contact his attorney, the attorney was in the process of withdrawing as Plaintiff's counsel. (D.I. 41 at 24) (showing that Plaintiff's attorney filed a motion to withdraw as counsel

on October 12, 2004). Plaintiff wrote to his attorney to confirm that Defendants Seacord and Thomas had trashed his requests, but Plaintiff received no response. Because Plaintiff has failed to demonstrate a triable issue of fact, the Court will grant Defendants' motion for summary judgment as it relates to the legal telephone calls.

2. *Law Library Usage And Legal Assistance*

Plaintiff also contends that he has been given inadequate law library time and legal assistance. The Court, however, concludes that Plaintiff has been provided adequate, meaningful access to the courts, and therefore, has failed to demonstrate a triable issue of fact. Defendants have put forth evidence, which has not been rebutted by Plaintiff, that Plaintiff had several opportunities to use the law library and its services. While in the SHU between November 29, 2004 and February 5, 2005, Plaintiff requested and received law library services 23 times. (D.I. 34 at Ex. M, N). During that time, Plaintiff also had access to the law library 77 times. (D.I. 34 at Ex. N). After leaving the SHU, Plaintiff had 19 appointments at the law library within two and a half months; he failed to appear for four of those appointments. (D.I. 34 at Ex. O). Plaintiff essentially requests that the prison's legal resources be made available to him 24 hours a day, but the prison is not required to make available "permanent provision of counsel" or its equivalents.

Lewis v. Casey, 518 U.S. 343, 354 (1996). Accordingly, the Court will grant Defendants' motion for summary judgment as it relates to Plaintiff's claim that he has been given inadequate law library time and legal assistance.

3. *Plaintiff's Retaliation Claim*

A prisoner's First Amendment right to access the courts is infringed when prison officials retaliate against the prisoner for taking legal action. Milhouse v. Carlson, 652 F.2d 371, 373-74 (3d Cir. 1981). A prisoner claiming retaliation must show three things: (1) that the conduct leading to the retaliation was constitutionally protected; (2) that prison officials have taken some adverse action against the prisoner; and (3) the existence of a causal link between the protected activity and the adverse action. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). In order to establish a causal link between the protected activity and the adverse action, a plaintiff must first show that the exercise of the protected activity was a substantial or motivating factor in the adverse action. Id. (citing Mount Healthy Bd. of Ed. v. Doyle, 429 U.S. 274, 287 (1977)). Once a prisoner has met this burden, "the prison officials may still prevail by proving [by a preponderance of the evidence] that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Rauser, 241 F.3d at 334.

Reviewing the evidence and construing the facts in the light most favorable to Plaintiff, the Court concludes that Plaintiff has failed to make out a claim for retaliation and demonstrate a triable issue of fact. Plaintiff contends that, in retaliation for filing his Complaint, correctional officers "shook down" his cell.[3] It is true that Plaintiff has a constitutionally protected right to access the courts by filing an action. Allah v. Sieverling, 229 F.3d 220, 225 (3d Cir. 2000). However, Plaintiff contends that the shakedown was conducted because Defendants were looking for hot dog rolls. The Court concludes that the hot dog rolls do not pertain to Plaintiff's Complaint, and therefore, Plaintiff fails to show that the filing of the Complaint was a motivating factor in Defendants' decision to conduct a shakedown. Furthermore, Defendants have put forth evidence that shakedowns are routine and that Plaintiff was thought to have prohibited materials in his cell.[4] Plaintiff did not respond to this evidence and only makes bald assertions that it was done in retaliation. Accordingly, the Court will grant Defendants' motion for summary judgment as it pertains to

---

[3]Plaintiff also fears an "imminent attack" in retaliation for filing his Complaint. However, in order for the Court to find retaliation, there must have been an adverse action. Plaintiff's fear of adverse action does not qualify.

[4]Defendants put forth evidence that they conducted shakedowns of Plaintiff's cell only twice between February 2005 and August 2005. (D.I. 34, Ex. Q).

Plaintiff's retaliation claim.

B. Whether Defendants Violated Plaintiff's First Amendment Right To Free Exercise Of Religion

The First Amendment guarantees that prisoners shall have "reasonable opportunities" to exercise their religion without fear of penalty. Cruz v. Beto, 405 U.S. 319, 322, n.2 (1972); Jerry v. Francisco, 632 F.2d 252, 257 (3d Cir. 1980). However, reasonable opportunities do not extend to every religion-related demand that could be made by a prisoner. Cruz, 405 U.S. at 322, n.2.

Plaintiff contends that Defendants have denied him religious services. Plaintiff does not give any supporting facts, such as what services were denied and when they were denied. (D.I. 2 at 16; D.I. 41 at 10-11). The Court finds only a vague reference in a grievance form that Plaintiff requested a television so that he could view church services.[5] (D.I. 41 at 52). The prison is not, however, required to respond to every request a prisoner may have related to religious practice; it is only required to allow reasonable opportunity for Plaintiff to exercise his religion. Accordingly, the Court will grant Defendants' motion for summary judgment as it relates to Plaintiff's claim that Defendants violated his right to free exercise.

---

[5]The Court notes that televisions are not permitted in the SHU, where Plaintiff placed himself voluntarily.

C. Whether Defendants Violated Plaintiff's First Amendment Rights By Censoring His Mail

Plaintiff contends that Defendants violated his First Amendment rights by refusing word puzzles sent by Plaintiff's family through regular mail and by disallowing "catalogs for magazines or books." (D.I. 41 at 13). "Censorship of mail in a prison is permissible if it furthers security, order, or rehabilitation, and is conducted with minimal procedural safeguards." Acosta v. McGrady, 1999 U.S. Dist. LEXIS 3191, at *22-23 (E.D. Pa. Mar. 22, 1999) (citing Procunier v. Martinez, 416 U.S. 369, 413-14 (1974)). Regulations relating to mail must be reasonably related to legitimate penological interests. Thornburgh v. Abbott, 490 U.S. 401, 413 (1989).

The Court, keeping in mind the "'inordinately difficult undertaking' that is modern prison administration," concludes that summary judgment in favor of Defendants is appropriate on this issue. Thornburgh, 490 U.S. at 408 (citing Turner v. Safley, 482 U.S. 78, 85 (1987)). Plaintiff only alleges that he has been denied "catalogs" for magazines and books, not that he has been denied actual magazines or books. Further, Plaintiff does not allege what type of material has been denied, and therefore, the Court cannot determine whether this material has been denied in a discriminatory manner. As for the word puzzles, prisons have regulations providing what items can be received through regular mail. Such regulations are reasonably related to

security. Accordingly, the Court will grant Defendants' motion for summary judgment as it pertains to Plaintiff's claim that his mail was censored in violation of the First Amendment.

D. Whether Defendants Violated Plaintiff's Eighth Amendment Right To Be Free From Cruel And Unusual Punishment

1. *Verbal Abuse*

Plaintiff alleges that several correctional officers verbally abused and taunted him. However, verbal abuse does rise to the level of a constitutional violation under the Eighth Amendment. Williams v. Meyers, 2006 U.S. App. LEXIS 2765 (3d Cir. Feb. 3, 2006). Accordingly, the Court will grant Defendants' motion for summary judgment as it pertains to Plaintiff's claim of verbal abuse.

The Court also concludes that Plaintiff does not have an action for damages for mental harm he has suffered as a result of the alleged verbal abuse. Under the PLRA, a prisoner claiming compensatory damages for mental or emotional injury must show that he suffered a physical injury. 42 U.S.C. 1997e(e); Allah v. Al-Hafeez, 226 F.3d 247, 251 (3d Cir. 2000). Plaintiff has not proffered any evidence that he was physically injured. Accordingly, the Court will grant Defendants' motion for summary judgment as it pertains to Plaintiff's claim for compensatory damages for mental harm.

2. *Denial Of "Privileges" In The SHU*

"Lawful incarceration brings about the necessary withdrawal or limitation of many rights." Price v. Johnston, 334 U.S. 266 (1948). In order to succeed on Eighth Amendment claim for denial of "privileges," a plaintiff would have to show that "the deprivation at issue is sufficiently serious and that the prison official was deliberately indifferent to his plight." Todd v. Walters, 2006 U.S. App. LEXIS 974, at *5 (3d Cir. Jan. 5, 2006). To demonstrate a sufficiently serious deprivation while in protective custody, a plaintiff must show that "he has been deprived of 'the minimal civilized measures of life's necessities.'" Griffin v. Vaughn, 112 F.3d 703, 709 (3d Cir. 1997).

Plaintiff contends that he has been denied several "privileges" while in the SHU,[6] including extra visits, reading material, exercise, television, cleaning tools, boiling water, ice, razors,[7] and additional writing utensils, and that this denial constitutes punishment. However, the Court concludes that these "privileges" do not constitute necessities, and therefore, Plaintiff has failed to demonstrate a sufficiently serious deprivation. Accordingly, the Court will grant Defendants'

---

[6]The Court notes that Plaintiff is voluntarily in SHU because he is afraid that other inmates will harm him.

[7]Plaintiff was denied a razor on a Friday. Inmates in SHU are only provided razors on Mondays and Thursdays.

motion for summary judgment as it pertains to Plaintiff's claim that he has been denied certain privileges in violation of the Eighth Amendment.

3. *Overcharging At The Commissary*

The Court construes Plaintiff's claim that the prison is overcharging for commissary products as a claim made under the Eighth Amendment. However, "an inmate has no constitutionally protected right to purchase food or other items as cheaply as possible through the prison commissary." Bagwell v. Brewington-Carr, 2000 U.S. Dist. LEXIS 21413, at *9 (D. Del. Aug. 25, 2000) (citing French v. Butterworth, 614 F.2d 23, 25 (1st Cir. 1980)). Accordingly, the Court will grant Defendants' motion for summary judgment as it pertains to Plaintiff's claim that the commissary overcharges.

## V. CONCLUSION

For the reasons discussed, Plaintiff's Motion For Extension Of Time To File Answering Brief To Defendant's Motion And Opening Brief (D.I. 36) and State Defendants' Motion To Dismiss/Summary Judgment Pursuant to Rule 12(b)(6) Of The Federal Rules Of Civil Procedure (D.I. 33) will be granted.[8]

An appropriate Order will be entered.

---

[8]Because the Court is granting Defendants' motion for summary judgment, the Court will deny as moot Plaintiff's motions for injunctive relief. Plaintiff's Motion To Amend (D.I. 49) will be addressed in a separate order.